**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

SPIRE STL PIPELINE, LLC,

      Plaintiff,

      Cause No.

v.

ENBRIDGE ENERGY PARTNERS, L.P.,
ENBRIDGE PIPELINES, INC., and NORTH
DAKOTA PIPELINE COMPANY d/b/a
NDPL LLC

      Defendants.

**EXHIBIT A-1**
**STATE COURT DOCKET – PART 1**

1.      Bookmark:  State Court Docket Sheet

2.      Bookmark:  Annotated State Court Docket Sheet (with document numbers)

3.      Bookmarks 001-031: Filings from November 30, 2017 – September 25, 2018

10/16/2019                          Case.net: 1722-CC11867 - Docket Entries



Search for Cases by: Select Search Method... ▼

**Judicial Links** | **eFiling** | **Help** | **Contact Us** | **Print**          GrantedPublicAccess **Logoff ALLISONLEE7**

1722-CC11867 - SPIRE STL PIPELINE LLC V ENBRIDGE ENERGY PARTNER (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending     Display Options: All Entries ▼

---

**10/16/2019**  ☐ **Ord Allowing Amended Petition**

PLAINTIFF'S MOTION FOR LEAVE TO AMEND PETITION CALLED AND HEARD THIS 16TH DAY OF OCTOBER 2019. PLAINTIFF'S MOTION IS GRANTED OVER DEFENDANTS' OBJECTION, AND PLAINTIFF'S AMENDED PETITION ATTACHED AS EXHIBIT 1 TO ITS MOTION, IS DEEMED FILED THIS 16TH DAY OF OCTOBER 2019. SO ORDERED JUDGE JOAN MORIARTY #33057

**09/24/2019**  ☐ **Certificate of Service**

Plaintiffs Certificate of Service of Objections and Responses to Discovery; Electronic Filing Certificate of Service.
   **Filed By:** MICHELLE NASSER
   **On Behalf Of:** SPIRE STL PIPELINE, LLC

**09/20/2019**  ☐ **Notice of Hearing Filed**

Spire STL Piepline, LLCs Notice of Hearing for Its Motion for Leave to Amend; Electronic Filing Certificate of Service.
   **Filed By:** GABRIEL E. GORE
   **On Behalf Of:** SPIRE STL PIPELINE, LLC

**09/18/2019**  ☐ **Proposed Order Filed**

Proposed Order Granting Motion for Leave to File Amended Petition; Electronic Filing Certificate of Service.
   **Filed By:** GABRIEL E. GORE
   **On Behalf Of:** SPIRE STL PIPELINE, LLC

☐ **Motion for Leave**

Spires Motion for Leave to File an Amended Petition; Ex 1 - Spires Amended Petition; Ex 2 - Comparison of Original and Amended Petition; Electronic Filing Certificate of Service.
   **Filed By:** GABRIEL E. GORE

**09/17/2019**  ☐ **Certificate of Service**

Certificate of Service - Defendants Privilege Log; Electronic Filing Certificate of Service.
   **Filed By:** WILLIAM ALLEN BRASHER
   **On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**09/16/2019**  ☐ **Notice to Take Deposition**

Notice of Deposition - S Samson; Electronic Filing Certificate of Service.
   **Filed By:** WILLIAM ALLEN BRASHER
   **On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

☐ **Notice to Take Deposition**

Notice of Deposition - S Jaskowiak; Electronic Filing Certificate of Service.
   **Filed By:** WILLIAM ALLEN BRASHER

☐ **Notice to Take Deposition**

Notice of Deposition - R English; Electronic Filing Certificate of Service.
   **Filed By:** WILLIAM ALLEN BRASHER

**Notice to Take Deposition**

Notice of Deposition - M Geiselhart; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER

**Notice to Take Deposition**

Notice of Deposition - J Stupp; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER

**Notice to Take Deposition**

Notice of Deposition - C Armesto; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER

09/13/2019    **Certificate of Service**

Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER
**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

09/09/2019    **Order**
G. LOMBARDO ADMITTED PRO HAC VICE SO ORDERED JUDGE JOAN MORIARTY #33057

09/06/2019    **Certificate of Service**

Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER
**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

09/04/2019    **Proposed Order Filed**

Order Granting Unopposed Motion for Pro Hac Vice Admission of Gary T Lombardo; Electronic Filing
Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER
**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**Motion Filed**

Motion for Pro Hac Vice Admission of Gary T Lombardo; Affidavit-Exhibit A; Supreme Court Receipt-
Exhibit B; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** MICHELLE NASSER

08/26/2019    **Subpoena Requested**

Subpoena for Deposition of Mark Stavinoha; Electronic Filing Certificate of Service.
**Filed By:** GABRIEL E. GORE
**On Behalf Of:** SPIRE STL PIPELINE, LLC

08/15/2019    **Cert Serv of Interrog Filed**

Certificate of Service - EEPs First Set of Interrogatories Directed to Plaintiff; Electronic Filing Certificate
of Service.
**Filed By:** ALLISON ELIZABETH LEE
**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**Notice to Take Deposition**

Amended Notice of Deposition - David Yonce; Electronic Filing Certificate of Service.
**Filed By:** ALLISON ELIZABETH LEE

**Notice to Take Deposition**

Amended Notice of Deposition of Plaintiffs Corporate Designee; Electronic Filing Certificate of Service.

Filed By: ALLISON ELIZABETH LEE

**08/13/2019** ☐ **Notice to Take Deposition**

Notice of Videotaped Deposition - Corporate Designee of Spire STL Pipeline LLC; Electronic Filing Certificate of Service.

Filed By: ALLISON ELIZABETH LEE

On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

☐ **Notice to Take Deposition**

Notice of Videotaped Deposition - David Yance; Electronic Filing Certificate of Service.

Filed By: ALLISON ELIZABETH LEE

☐ **Certificate of Service**

Certificate of Service - Defendants Second RFP to Plaintiff; Electronic Filing Certificate of Service.

Filed By: ALLISON ELIZABETH LEE

**08/07/2019** ☐ **Certificate of Service**

Plaintiff Spires Certificate of Service of Discovery to All Defendants; Electronic Filing Certificate of Service.

Filed By: GABRIEL E. GORE

On Behalf Of: SPIRE STL PIPELINE, LLC

**08/05/2019** ☐ **Order**

THEREFORE, IT IS ORDERED AND DECREED THAT DEFENDANTS ENBRIDGE ENERGY PARTNERS, L.P., AND ENBRIDGE PIPELINES, INC.'S MOTION FOR JUDGMENT ON THE PLAEADINGS IS GRANED IN PART. JUDGMENT IS ENTERED IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF ON COUNTS II AND III OF PLAINTIFF'S PETITION. DEFENDANTS' MOTION IS DENIED WITH RESPECT TO COUNTS I AND IV. SO ORDERED JUDGE JOAN MORIARTY #33057

**07/31/2019** ☐ **Certificate of Service**

Certificate of Service - Defendants Designation of Expert Witnesses; Electronic Filing Certificate of Service.

Filed By: WILLIAM ALLEN BRASHER

On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**07/10/2019** ☐ **Certificate of Service**

Certificate of Service - Defendants Fourth Document Production; Electronic Filing Certificate of Service.

Filed By: ALLISON ELIZABETH LEE

On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**06/25/2019** ☐ **Certificate of Service**

Certificate of Service - Defendants Third Document Production; Electronic Filing Certificate of Service.

Filed By: ALLISON ELIZABETH LEE

On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**06/21/2019** ☐ **Subpoena Issued**

Subpoena issued.

**06/12/2019** ☐ **Withdrawal of Attorney Filed**

Withdrawal of Appearance; Electronic Filing Certificate of Service.

Filed By: LISA SUZANNE HOPPENJANS

On Behalf Of: SPIRE STL PIPELINE, LLC

**06/04/2019** ☐ **Subpoena Requested**

Subpoena; Exhibit A; Exhibit A-1; Electronic Filing Certificate of Service.

**Filed By:** GABRIEL E. GORE
**On Behalf Of:** SPIRE STL PIPELINE, LLC

06/03/2019 ☐ **Order**
STEVEN J. BARBER ADMITTETD PRO HAC VICE IN THE ABOVE CAPTIOINED MATTER SO ORDERED JUDGE JOAN MORIARTY #33057

05/30/2019 ☐ **Proposed Order Filed**
Proposed Order re Pro Hac Vice Admission of Seven J Barber; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER
**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

☐ **Motion Filed**
Motion for Pro Hac Vice Admission of Steven J Barber; Exhibit A - Affidavit; Exhibit B - Receipt; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER

05/22/2019 ☐ **Certificate of Service**
Defendants Certificate of Service of Second Document Production; Electronic Filing Certificate of Service.
**Filed By:** ALLISON ELIZABETH LEE
**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

05/14/2019 ☐ **Certificate of Service**
Spires Certificate of Service Regarding Responses and Objections to Defendants First Request for Production; Electronic Filing Certificate of Service.
**Filed By:** GABRIEL E. GORE
**On Behalf Of:** SPIRE STL PIPELINE, LLC

04/30/2019 ☐ **Certificate of Service**
Certificate of Service - Defendants First Document Production; Electronic Filing Certificate of Service.
**Filed By:** ALLISON ELIZABETH LEE
**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

04/25/2019 ☐ **Cause Taken Under Advisement**
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS CALLED AND ARGUED THIS DAY. FOLLOWING ARGUMENT THE MOTION IS SUBMITTED TO THE COURT FOR RULING. SO ORDERED JUDGE JOAN MORIARTY #33057

☐ **Order**
JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER SO ORDERED JUDGE JOAN MORIARTY #33057

☐ **Hearing Held**
**Scheduled For:** 04/25/2019;  11:00 AM ;  JOAN L MORIARTY;  Carnahan Courthouse

☐ **Filing:**
CASE INFORMATION SHEET

04/24/2019 ☐ **Reply**
Defendants Reply in Support of Their Motion for Judgment on the Pleadings; Exhibit 1; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER
**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

04/18/2019 ☐ **Stipulation Filed**

Case: 4:19-cv-02793-SPM  Doc. #: 1-1  Filed: 10/17/19  Page: 6 of 155 PageID #: 14

Joint Motion and Stipulation for Protective Order; Ex A - Proposed Protective Order; Electronic Filing Certificate of Service.

**Filed By:** GABRIEL E. GORE

**On Behalf Of:** SPIRE STL PIPELINE, LLC, ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**04/09/2019** ☐ **Notice of Hearing Filed**

Amended Notice of Hearing of Defendants Motion for Judgment on the Pleadings; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**04/08/2019** ☐ **Civil Motion Hearing Scheduled**

**Associated Entries:** 04/25/2019 - Hearing Held

**Scheduled For:** 04/25/2019;  11:00 AM ;  JOAN L MORIARTY;  Carnahan Courthouse

**04/02/2019** ☐ **Hearing Continued/Rescheduled**

**Hearing Continued From:** 04/04/2019;  1:30 PM Civil Motion Hearing

**03/27/2019** ☐ **Order**

ALICE E. LOUGHRAN ADMITTED PRO HAC VICE SO ORDERED JUDGE JOAN MORIARTY #33057

**03/14/2019** ☐ **Cert Serv Resp Req Prod Doc Th**

Certificate of Service - EEPs and EPIs Responses to Discovery; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**03/13/2019** ☐ **Motion Filed**

Motion for Pro Hac Vice Admission of Alice E Loughran; Exhibit 1 - Affidavit of Alice Loughran; Exhibit 2 - Receipt; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**03/11/2019** ☐ **Cert Serv Req Prod Docs Things**

CERTIFICATE OF SERVICE ; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**03/05/2019** ☐ **Amended Notice of Hrng Filed**

Amended Notice of Hearing of Defedants Motion for Judgment on the Pleadings; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

☐ **Civil Motion Hearing Scheduled**

**Associated Entries:** 04/02/2019 - Hearing Continued/Rescheduled

**Scheduled For:** 04/04/2019;  1:30 PM ;  JOAN L MORIARTY;  Carnahan Courthouse

**03/01/2019** ☐ **Notice**

Defendants Notice of Cancellation of Hearing; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

☐ **Hearing/Trial Cancelled**

Case.net: 1722-CC11867 - Docket Entries

                      Scheduled For: 03/04/2019;  10:30 AM ;  JOAN L MORIARTY;  Carnahan Courthouse

**02/20/2019** ☐ **Response Filed**
          Plaintiffs Opposition to Defendants Motion for Judgment on the Pleadings; Exhibit 1; Electronic Filing
          Certificate of Service.
          **Filed By:** GABRIEL E. GORE
          **On Behalf Of:** SPIRE STL PIPELINE, LLC

**02/11/2019** ☐ **Civil Motion Hearing Scheduled**
          **Associated Entries:** 03/01/2019 - Hearing/Trial Cancelled
          **Scheduled For:** 03/04/2019;  10:30 AM ;  JOAN L MORIARTY;  Carnahan Courthouse

**02/06/2019** ☐ **Jury Trial Scheduled**
          **Scheduled For:** 02/24/2020;  8:00 AM ;  REX M BURLISON;  City of St. Louis

        ☐ **Case Management Ordered**
          Scheduling Order Granted. So Ordered: Rex Burlison, Judge

        ☐ **Order for Continuance**
          Joint motion for continuance was called, heard and granted. So Ordered: Rex Burlison, Judge

        ☐ **Hearing/Trial Cancelled**
          **Scheduled For:** 02/25/2019;  9:00 AM ;  ROBIN RANSOM;  City of St. Louis

**01/18/2019** ☐ **Memo of Law in Suppt of Filed**
          Memorandum of Law in Support of Motion for Judgment on the Pleadings; Electronic Filing Certificate of
          Service.
          **Filed By:** WILLIAM ALLEN BRASHER
          **On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

        ☐ **Motion Filed**
          Motion for Judgment on the Pleadings; Electronic Filing Certificate of Service.
          **Filed By:** WILLIAM ALLEN BRASHER

**01/14/2019** ☐ **Jury Trial Scheduled**
          **Associated Entries:** 02/06/2019 - Hearing/Trial Cancelled
          **Scheduled For:** 02/25/2019;  9:00 AM ;  ROBIN RANSOM;  City of St. Louis

        ☐ **Hearing Continued/Rescheduled**
          Hearing Continued From: 01/14/2019;  9:00 AM Jury Trial

**01/08/2019** ☐ **Certificate of Service**
          Certificate of Service for Plaintiffs First Set of Interrogatories and First Set of Requests for Production to
          Defendants; Electronic Filing Certificate of Service.
          **Filed By:** CARLOS H MARIN

**01/07/2019** ☐ **Answer Filed**
          Enbridge Energy Partners LPs Answer and Affirmative Defenses; Electronic Filing Certificate of Service.
          **Filed By:** WILLIAM ALLEN BRASHER
          **On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP

        ☐ **Answer Filed**
          Enbridge Pipelines Incs Answer and Affirmative Defenses; Electronic Filing Certificate of Service.
          **Filed By:** WILLIAM ALLEN BRASHER
          **On Behalf Of:** ENBRIDGE PIPELINES INC

        ☐ **Entry of Appearance Filed**

Case.net: 1722-CC11867 - Docket Entries

ENTRY OF APPEARANCE ON BEHALF OF THE DEFENDANTS ENBRIDGE ENERY PARTNERS L P AND ENBRIDGE PIPELINES INC;; Electronic Filing Certificate of Service.

**Filed By:** ALLISON ELIZABETH LEE

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

11/08/2018 ☐ **Motion for Extension of Time**

Defendants Motion for Extension of Time to File a Responsive Pleading; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

11/05/2018 ☐ **Jury Trial Scheduled**

**Associated Entries: 01/14/2019 - Hearing Continued/Rescheduled**

**Scheduled For:** 01/14/2019; 9:00 AM ; ROBIN RANSOM; City of St. Louis

☐ **Hearing Continued/Rescheduled**

**Hearing Continued From:** 12/03/2018; 9:00 AM Jury Trial

09/26/2018 ☐ **Jury Trial Scheduled**

**Associated Entries: 11/05/2018 - Hearing Continued/Rescheduled**

**Scheduled For:** 12/03/2018; 9:00 AM ; MICHAEL KELLAN MULLEN; City of St. Louis

☐ **Hearing Continued/Rescheduled**

**Hearing Continued From:** 10/09/2018; 9:00 AM Jury Trial

09/25/2018 ☐ **Motion Denied**

THEREFORE, IT IS ORDERED AND DECREED THAT DEFENDANTS ENBRIDGE ENERGY PARTNERS, L.P., AND ENBRIDGE PIPELINES INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, STAY OF PROCEEDINGS PURSUANT TO RULE OF COMITY IS DENIED. SO ORDERED JUDGE JOAN MORIARTY #33057

☐ **Motion Denied**

THEREFORE, IT IS ORDERED AND DECREED THAT DEFENDANTS ENBRIDGE ENERGY PARTNERS, L.P. AND ENBRIDGE PIPELINES, INC.S MOTION TO TRANSFER VENUE IS DENIED. SO ORDERED JUDGE JOAN MORIARTY #33057

07/25/2018 ☐ **Jury Trial Scheduled**

**Associated Entries: 09/26/2018 - Hearing Continued/Rescheduled**

**Scheduled For:** 10/09/2018; 9:00 AM ; MICHAEL KELLAN MULLEN; City of St. Louis

☐ **Hearing Continued/Rescheduled**

**Hearing Continued From:** 08/20/2018; 9:00 AM Jury Trial

05/15/2018 ☐ **Jury Trial Scheduled**

**Associated Entries: 07/25/2018 - Hearing Continued/Rescheduled**

**Scheduled For:** 08/20/2018; 9:00 AM ; MICHAEL KELLAN MULLEN; City of St. Louis

☐ **Hearing Continued/Rescheduled**

" CIVIL NON - JURY WEEK 07/02/18 " Court re set all trials to August the 20., 2018 @ 09:00 a.m.. So Ordered: Michael Mullen, Presiding Judge

**Hearing Continued From:** 07/02/2018; 9:00 AM Jury Trial

05/14/2018 ☐ **Jury Trial Scheduled**

**Associated Entries: 05/15/2018 - Hearing Continued/Rescheduled**    ☐

**Scheduled For:** 07/02/2018; 9:00 AM ; MICHAEL KELLAN MULLEN; City of St. Louis

☐ **Hearing Continued/Rescheduled**

**Hearing Continued From:** 05/14/2018; 9:00 AM Jury Trial

Case.net: 1722-CC11867 - Docket Entries

**05/09/2018** ☐ **Cause Taken Under Advisement**

DEFENDANTS' MOTION TO TRANSFER VENUE, MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MOTION TO STAY CALLED ARGUED AND SUBMITTED FOR RULING SO ORDERED JUDGE JOAN MORIARTY #33057

☐ **Judge Assigned**

☐ **Judge Assigned**

**05/07/2018** ☐ **Exhibit Filed**

Exhibit 4 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Electronic Filing Certificate of Service.

**Filed By:** GABRIEL E. GORE

**On Behalf Of:** SPIRE STL PIPELINE, LLC

☐ **Exhibit Filed**

Exhibit 3 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Electronic Filing Certificate of Service.

**Filed By:** GABRIEL E. GORE

☐ **Exhibit Filed**

Exhibit 2 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Electronic Filing Certificate of Service.

**Filed By:** GABRIEL E. GORE

☐ **Exhibit Filed**

Exhibit 1 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Exh A to Exh 1 to Exhibit 1 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Exh B to Exh 1 to Exhibit 1 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Exh C to Exh 1 to Exhibit 1 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Exh D to Exh 1 to Exhibit 1 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Electronic Filing Certificate of Service.

**Filed By:** GABRIEL E. GORE

☐ **Reply**

Plaintiffs Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, for Stay Pursuant to the Rule of C; Electronic Filing Certificate of Service.

**Filed By:** GABRIEL E. GORE

**On Behalf Of:** SPIRE STL PIPELINE, LLC

**05/04/2018** ☐ **Reply**

DEFENDANTS REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO TRANSFER VENUE; Exhibit A; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

☐ **Reply**

REPLY IN SUPPORT OF DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, STAY OF PROCEEDINGS; Exhibit 1; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**04/23/2018** ☐ **Amended Notice of Hrng Filed**

FIRST AMENDED NOTICE OF HEARING; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**04/13/2018** ☐ **Notice of Hearing Filed**

Ntc of Cancellation of Hearing; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER
**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**Response Filed**

Supplemental Opposition to Defendants Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternativefor Stay of Proceedings; Exhibit A; Electronic Filing Certificate of Service.
**Filed By:** GABRIEL E. GORE
**On Behalf Of:** SPIRE STL PIPELINE, LLC

04/09/2018  **Response Filed**

Plaintiffs Opposition to Defendants Motion to Transfer Venue; Electronic Filing Certificate of Service.
**Filed By:** GABRIEL E. GORE
**On Behalf Of:** SPIRE STL PIPELINE, LLC

03/20/2018  **Notice of Hearing Filed**

Notice of Hearing of Defendants Mtn to Dismiss and Mtn to Transfer Venue; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER
**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

03/17/2018  **Response Filed**

Plaintiffs Opposition to Defendants Motion to Dismiss for Lack of Personal Jurisdiction; Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5; Exhibit 6; Exhibit 7; Exhibit 8; Exhibit 9; Exhibit 10; Exhibit 11; Electronic Filing Certificate of Service.
**Filed By:** GABRIEL E. GORE
**On Behalf Of:** SPIRE STL PIPELINE, LLC

03/09/2018  **Motion to Transfer**

DEFENDANTS' MOTION TO TRANSFER VENUE; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER
**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

02/07/2018  **Note to Clerk eFiling**
**Filed By:** WILLIAM ALLEN BRASHER

**Affidavit Filed**

Affidavit of Mark Stavinoha; Ex 3-A; Ex 3-B; Ex 3-C; Ex 3-D; Ex 3-E; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER
**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**Affidavit Filed**

Affidavit of Jerry Walker; Ex 2-A; Ex 2-B; Ex 2-C; Ex 2-D; Ex 2-E; Ex 2-F; Ex 2-G; Ex 2-H; Ex 2-I; Ex 2-J; Ex 2-K; Ex 2-L; Ex 2-M; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER

**Affidavit Filed**

Affidavit of Christopher McGlincey; Ex 1-A; Ex 1-B; Ex 1-C; Ex 1-D; Ex 1-E; Ex 1-F; Ex 1-H; Ex 1-I; Ex 1-J; Ex 1-K; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER

**Memorandum Filed**

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, STAY OF PROCEEDINGS PURSUANT TO RULE OF COMITY; Electronic Filing Certificate of Service.
**Filed By:** WILLIAM ALLEN BRASHER

☐ **Motion to Dismiss**

DEFENDANTS¿ MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, STAY OF PROCEEDINGS PURSUANT TO RULE OF COMITY; ELECTRONIC FILING CERTIFICATE OF SERVICE

**Filed By:** WILLIAM ALLEN BRASHER

☐ **Entry of Appearance Filed**

Entry of Appearance on behalf of the Defendants, Enbridge Energy Partners, L.P. and Enbridge Pipelines, Inc., ; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

01/19/2018   ☐ **Notice of Service**

Affidavit of Service to Enbridge Pipelines; Electronic Filing Certificate of Service.

**Filed By:** CARLOS H MARIN
**On Behalf Of:** SPIRE STL PIPELINE, LLC

☐ **Notice of Service**

Summons Served to Enbridge Energy Partners; Electronic Filing Certificate of Service.

**Filed By:** CARLOS H MARIN
**On Behalf Of:** SPIRE STL PIPELINE, LLC

☐ **Corporation Served**

Document ID - 18-SMOS-15; Served To - ENBRIDGE ENERGY PARTNERS LP; Server - ; Served Date - 08-JAN-18; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Corporation Served**

Document ID - 17-SMOS-6889; Served To - ENBRIDGE ENERGY PARTNERS LP; Server - ; Served Date - 08-JAN-18; Served Time - 14:00:00; Service Type - Special Process Server; Reason Description - Served

01/05/2018   ☐ **Alias Summons Issued**

Document ID: 18-SMOS-16, for ENBRIDGE PIPELINES INC.

☐ **Alias Summons Issued**

Document ID: 18-SMOS-15, for ENBRIDGE ENERGY PARTNERS LP.

12/06/2017   ☐ **Jury Trial Scheduled**

**Associated Entries: 05/14/2018 - Hearing Continued/Rescheduled**
**Scheduled For:** 05/14/2018;  9:00 AM ;  MICHAEL KELLAN MULLEN;  City of St. Louis

12/01/2017   ☐ **Summ Issd- Circ Pers Serv O/S**

Document ID: 17-SMOS-6890, for ENBRIDGE PIPLINES INC.

☐ **Summ Issd- Circ Pers Serv O/S**

Document ID: 17-SMOS-6889, for ENBRIDGE ENERGY PARTNERS LP.

11/30/2017   ☐ **Correspondence Filed**

Confidential Case Filing Information Sheet.

**Filed By:** GABRIEL E. GORE
**On Behalf Of:** SPIRE STL PIPELINE, LLC

☐ **Filing Info Sheet eFiling**

**Filed By:** GABRIEL E. GORE

☐ **Pet Filed in Circuit Ct**

Petition; Exh A; Exh B; Exh C; Exh D; Exh E; Exh F; Exh G; Exh H; Exh I; Exh J; Exh K; Exh L; Exh M; Exh N.

**Filed By:** GABRIEL E. GORE

Case.net: 1722-CC11867 - Docket Entries

**On Behalf Of:** SPIRE STL PIPELINE, LLC

☐ **Judge Assigned**

Return to Top of Page



Search for Cases by: Select Search Method... ▼

**Judicial Links** | **eFiling** | **Help** | **Contact Us** | **Print**                    GrantedPublicAccess Logoff ALLISONLEE7

1722-CC11867 - SPIRE STL PIPELINE LLC V ENBRIDGE ENERGY PARTNER (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending       Display Options: All Entries ▼

---

**10/16/2019** ☐ **Ord Allowing Amended Petition** (092)

PLAINTIFF'S MOTION FOR LEAVE TO AMEND PETITION CALLED AND HEARD THIS 16TH DAY OF OCTOBER 2019. PLAINTIFF'S MOTION IS GRANTED OVER DEFENDANTS' OBJECTION, AND PLAINTIFF'S AMENDED PETITION ATTACHED AS EXHIBIT 1 TO ITS MOTION, IS DEEMED FILED THIS 16TH DAY OF OCTOBER 2019. SO ORDERED JUDGE JOAN MORIARTY #33057

**09/24/2019** ☐ **Certificate of Service** (091)

Plaintiffs Certificate of Service of Objections and Responses to Discovery; Electronic Filing Certificate of Service.
> **Filed By:** MICHELLE NASSER
> **On Behalf Of:** SPIRE STL PIPELINE, LLC

**09/20/2019** ☐ **Notice of Hearing Filed** (090)

Spire STL Piepline, LLCs Notice of Hearing for Its Motion for Leave to Amend; Electronic Filing Certificate of Service.
> **Filed By:** GABRIEL E. GORE
> **On Behalf Of:** SPIRE STL PIPELINE, LLC

**09/18/2019** ☐ **Proposed Order Filed** (089)

Proposed Order Granting Motion for Leave to File Amended Petition; Electronic Filing Certificate of Service.
> **Filed By:** GABRIEL E. GORE
> **On Behalf Of:** SPIRE STL PIPELINE, LLC

☐ **Motion for Leave** (088)

Spires Motion for Leave to File an Amended Petition; Ex 1 - Spires Amended Petition; Ex 2 - Comparison of Original and Amended Petition; Electronic Filing Certificate of Service.
> **Filed By:** GABRIEL E. GORE

**09/17/2019** ☐ **Certificate of Service** (087)

Certificate of Service - Defendants Privilege Log; Electronic Filing Certificate of Service.
> **Filed By:** WILLIAM ALLEN BRASHER
> **On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**09/16/2019** ☐ **Notice to Take Deposition** (086)

Notice of Deposition - S Samson; Electronic Filing Certificate of Service.
> **Filed By:** WILLIAM ALLEN BRASHER
> **On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

☐ **Notice to Take Deposition** (085)

Notice of Deposition - S Jaskowiak; Electronic Filing Certificate of Service.
> **Filed By:** WILLIAM ALLEN BRASHER

☐ **Notice to Take Deposition** (084)

Notice of Deposition - R English; Electronic Filing Certificate of Service.
> **Filed By:** WILLIAM ALLEN BRASHER

**Notice to Take Deposition**  (083)
Notice of Deposition - M Geiselhart; Electronic Filing Certificate of Service.
    **Filed By:** WILLIAM ALLEN BRASHER

**Notice to Take Deposition**  (082)
Notice of Deposition - J Stupp; Electronic Filing Certificate of Service.
    **Filed By:** WILLIAM ALLEN BRASHER

**Notice to Take Deposition**  (081)
Notice of Deposition - C Armesto; Electronic Filing Certificate of Service.
    **Filed By:** WILLIAM ALLEN BRASHER

**09/13/2019**  **Certificate of Service**  (080)
Certificate of Service; Electronic Filing Certificate of Service.
    **Filed By:** WILLIAM ALLEN BRASHER
    **On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**09/09/2019**  **Order**  (079)
G. LOMBARDO ADMITTED PRO HAC VICE SO ORDERED JUDGE JOAN MORIARTY #33057

**09/06/2019**  **Certificate of Service**  (078)
Certificate of Service; Electronic Filing Certificate of Service.
    **Filed By:** WILLIAM ALLEN BRASHER
    **On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**09/04/2019**  **Proposed Order Filed**  (077)
Order Granting Unopposed Motion for Pro Hac Vice Admission of Gary T Lombardo; Electronic Filing
Certificate of Service.
    **Filed By:** WILLIAM ALLEN BRASHER
    **On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**Motion Filed**  (076)
Motion for Pro Hac Vice Admission of Gary T Lombardo; Affidavit-Exhibit A; Supreme Court Receipt-
Exhibit B; Electronic Filing Certificate of Service.
    **Filed By:** WILLIAM ALLEN BRASHER

**Entry of Appearance Filed**  (075)
Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** MICHELLE NASSER

**08/26/2019**  **Subpoena Requested**  (074)
Subpoena for Deposition of Mark Stavinoha; Electronic Filing Certificate of Service.
    **Filed By:** GABRIEL E. GORE
    **On Behalf Of:** SPIRE STL PIPELINE, LLC

**08/15/2019**  **Cert Serv of Interrog Filed**  (073)
Certificate of Service - EEPs First Set of Interrogatories Directed to Plaintiff; Electronic Filing Certificate
of Service.
    **Filed By:** ALLISON ELIZABETH LEE
    **On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**Notice to Take Deposition**  (072)
Amended Notice of Deposition - David Yonce; Electronic Filing Certificate of Service.
    **Filed By:** ALLISON ELIZABETH LEE

**Notice to Take Deposition**  (071)
Amended Notice of Deposition of Plaintiffs Corporate Designee; Electronic Filing Certificate of Service.

Filed By: ALLISON ELIZABETH LEE

**08/13/2019** ☐ **Notice to Take Deposition** (070)

Notice of Videotaped Deposition - Corporate Designee of Spire STL Pipeline LLC; Electronic Filing Certificate of Service.

Filed By: ALLISON ELIZABETH LEE

On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

☐ **Notice to Take Deposition** (069)

Notice of Videotaped Deposition - David Yance; Electronic Filing Certificate of Service.

Filed By: ALLISON ELIZABETH LEE

☐ **Certificate of Service** (068)

Certificate of Service - Defendants Second RFP to Plaintiff; Electronic Filing Certificate of Service.

Filed By: ALLISON ELIZABETH LEE

**08/07/2019** ☐ **Certificate of Service** (067)

Plaintiff Spires Certificate of Service of Discovery to All Defendants; Electronic Filing Certificate of Service.

Filed By: GABRIEL E. GORE

On Behalf Of: SPIRE STL PIPELINE, LLC

**08/05/2019** ☐ **Order** (066)

THEREFORE, IT IS ORDERED AND DECREED THAT DEFENDANTS ENBRIDGE ENERGY PARTNERS, L.P., AND ENBRIDGE PIPELINES, INC.'S MOTION FOR JUDGMENT ON THE PLAEADINGS IS GRANED IN PART. JUDGMENT IS ENTERED IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF ON COUNTS II AND III OF PLAINTIFF'S PETITION. DEFENDANTS' MOTION IS DENIED WITH RESPECT TO COUNTS I AND IV. SO ORDERED JUDGE JOAN MORIARTY #33057

**07/31/2019** ☐ **Certificate of Service** (065)

Certificate of Service - Defendants Designation of Expert Witnesses; Electronic Filing Certificate of Service.

Filed By: WILLIAM ALLEN BRASHER

On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**07/10/2019** ☐ **Certificate of Service** (064)

Certificate of Service - Defendants Fourth Document Production; Electronic Filing Certificate of Service.

Filed By: ALLISON ELIZABETH LEE

On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**06/25/2019** ☐ **Certificate of Service** (063)

Certificate of Service - Defendants Third Document Production; Electronic Filing Certificate of Service.

Filed By: ALLISON ELIZABETH LEE

On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**06/21/2019** ☐ **Subpoena Issued** (062)

Subpoena issued.

**06/12/2019** ☐ **Withdrawal of Attorney Filed** (061)

Withdrawal of Appearance; Electronic Filing Certificate of Service.

Filed By: LISA SUZANNE HOPPENJANS

On Behalf Of: SPIRE STL PIPELINE, LLC

**06/04/2019** ☐ **Subpoena Requested** (060)

Subpoena; Exhibit A; Exhibit A-1; Electronic Filing Certificate of Service.

Filed By: GABRIEL E. GORE
On Behalf Of: SPIRE STL PIPELINE, LLC

06/03/2019   ☐  Order  (059)
             STEVEN J. BARBER ADMITTETD PRO HAC VICE IN THE ABOVE CAPTIOINED MATTER SO
             ORDERED JUDGE JOAN MORIARTY #33057

05/30/2019   ☐  Proposed Order Filed  (058)
             Proposed Order re Pro Hac Vice Admission of Seven J Barber; Electronic Filing Certificate of Service.
             Filed By: WILLIAM ALLEN BRASHER
             On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

             ☐  Motion Filed  (057)
             Motion for Pro Hac Vice Admission of Steven J Barber; Exhibit A – Affidavit; Exhibit B - Receipt;
             Electronic Filing Certificate of Service.
             Filed By: WILLIAM ALLEN BRASHER

05/22/2019   ☐  Certificate of Service  (056)
             Defendants Certificate of Service of Second Document Production; Electronic Filing Certificate of
             Service.
             Filed By: ALLISON ELIZABETH LEE
             On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

05/14/2019   ☐  Certificate of Service  (055)
             Spires Certificate of Service Regarding Responses and Objections to Defendants First Request for
             Production; Electronic Filing Certificate of Service.
             Filed By: GABRIEL E. GORE
             On Behalf Of: SPIRE STL PIPELINE, LLC

04/30/2019   ☐  Certificate of Service  (054)
             Certificate of Service - Defendants First Document Production; Electronic Filing Certificate of Service.
             Filed By: ALLISON ELIZABETH LEE
             On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

04/25/2019   ☐  Cause Taken Under Advisement  (053)
             DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS CALLED AND ARGUED THIS DAY.
             FOLLOWING ARGUMENT THE MOTION IS SUBMITTED TO THE COURT FOR RULING. SO
             ORDERED JUDGE JOAN MORIARTY #33057

             ☐  Order  (052)
             JOINT MOTION AND STIPULATION FOR PROTECTIVE ORDER SO ORDERED JUDGE JOAN
             MORIARTY #33057

             ☐  Hearing Held
             Scheduled For: 04/25/2019; 11:00 AM ; JOAN L MORIARTY; Carnahan Courthouse

             ☐  Filing:  (051)
             CASE INFORMATION SHEET

04/24/2019   ☐  Reply  (050)
             Defendants Reply in Support of Their Motion for Judgment on the Pleadings; Exhibit 1; Electronic Filing
             Certificate of Service.
             Filed By: WILLIAM ALLEN BRASHER
             On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

04/18/2019   ☐  Stipulation Filed  (049)

Joint Motion and Stipulation for Protective Order; Ex A - Proposed Protective Order; Electronic Filing Certificate of Service.

**Filed By:** GABRIEL E. GORE

**On Behalf Of:** SPIRE STL PIPELINE, LLC, ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**04/09/2019**    **Notice of Hearing Filed** (048)

Amended Notice of Hearing of Defendants Motion for Judgment on the Pleadings; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**04/08/2019**    **Civil Motion Hearing Scheduled**

**Associated Entries: 04/25/2019 - Hearing Held**

**Scheduled For:** 04/25/2019;  11:00 AM ;  JOAN L MORIARTY;  Carnahan Courthouse

**04/02/2019**    **Hearing Continued/Rescheduled**

**Hearing Continued From:** 04/04/2019;  1:30 PM Civil Motion Hearing

**03/27/2019**    **Order** (047)

ALICE E. LOUGHRAN ADMITTED PRO HAC VICE SO ORDERED JUDGE JOAN MORIARTY #33057

**03/14/2019**    **Cert Serv Resp Req Prod Doc Th** (046)

Certificate of Service - EEPs and EPIs Responses to Discovery; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**03/13/2019**    **Motion Filed** (045)

Motion for Pro Hac Vice Admission of Alice E Loughran; Exhibit 1 - Affidavit of Alice Loughran; Exhibit 2 - Receipt; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**03/11/2019**    **Cert Serv Req Prod Docs Things** (044)

CERTIFICATE OF SERVICE ; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

**03/05/2019**    **Amended Notice of Hrng Filed** (043)

Amended Notice of Hearing of Defedants Motion for Judgment on the Pleadings; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

            **Civil Motion Hearing Scheduled**

**Associated Entries: 04/02/2019 - Hearing Continued/Rescheduled**

**Scheduled For:** 04/04/2019;  1:30 PM ;  JOAN L MORIARTY;  Carnahan Courthouse

**03/01/2019**    **Notice** (042)

Defendants Notice of Cancellation of Hearing; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

            **Hearing/Trial Cancelled**

Case.net: 1722-CC11867 - Docket Entries

Scheduled For: 03/04/2019; 10:30 AM ; JOAN L MORIARTY; Carnahan Courthouse

**02/20/2019**   **Response Filed** (041)

Plaintiffs Opposition to Defendants Motion for Judgment on the Pleadings; Exhibit 1; Electronic Filing Certificate of Service.

**Filed By:** GABRIEL E. GORE
**On Behalf Of:** SPIRE STL PIPELINE, LLC

**02/11/2019**   **Civil Motion Hearing Scheduled**

**Associated Entries:** 03/01/2019 - Hearing/Trial Cancelled
Scheduled For: 03/04/2019; 10:30 AM ; JOAN L MORIARTY; Carnahan Courthouse

**02/06/2019**   **Jury Trial Scheduled**

Scheduled For: 02/24/2020; 8:00 AM ; REX M BURLISON; City of St. Louis

  **Case Management Ordered** (040)

Scheduling Order Granted. So Ordered: Rex Burlison, Judge

  **Order for Continuance** (039)

Joint motion for continuance was called, heard and granted. So Ordered: Rex Burlison, Judge

  **Hearing/Trial Cancelled**

Scheduled For: 02/25/2019; 9:00 AM ; ROBIN RANSOM; City of St. Louis

**01/18/2019**   **Memo of Law in Suppt of Filed** (038)

Memorandum of Law in Support of Motion for Judgment on the Pleadings; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER
**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

  **Motion Filed** (037)

Motion for Judgment on the Pleadings; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**01/14/2019**   **Jury Trial Scheduled**

**Associated Entries:** 02/06/2019 - Hearing/Trial Cancelled
Scheduled For: 02/25/2019; 9:00 AM ; ROBIN RANSOM; City of St. Louis

  **Hearing Continued/Rescheduled**

Hearing Continued From: 01/14/2019; 9:00 AM Jury Trial

**01/08/2019**   **Certificate of Service** (036)

Certificate of Service for Plaintiffs First Set of Interrogatories and First Set of Requests for Production to Defendants; Electronic Filing Certificate of Service.

**Filed By:** CARLOS H MARIN

**01/07/2019**   **Answer Filed** (035)

Enbridge Energy Partners LPs Answer and Affirmative Defenses; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER
**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP

  **Answer Filed** (034)

Enbridge Pipelines Incs Answer and Affirmative Defenses; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER
**On Behalf Of:** ENBRIDGE PIPELINES INC

  **Entry of Appearance Filed** (033)

ENTRY OF APPEARANCE ON BEHALF OF THE DEFENDANTS ENBRIDGE ENERY PARTNERS L P AND ENBRIDGE PIPELINES INC;; Electronic Filing Certificate of Service.

**Filed By:** ALLISON ELIZABETH LEE

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

---

**11/08/2018**    **Motion for Extension of Time**    (032)

Defendants Motion for Extension of Time to File a Responsive Pleading; Electronic Filing Certificate of Service.

**Filed By:** WILLIAM ALLEN BRASHER

**On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC

---

**11/05/2018**    **Jury Trial Scheduled**

**Associated Entries:** 01/14/2019 - Hearing Continued/Rescheduled

**Scheduled For:** 01/14/2019;  9:00 AM ;  ROBIN RANSOM;  City of St. Louis

   **Hearing Continued/Rescheduled**

**Hearing Continued From:** 12/03/2018; 9:00 AM Jury Trial

---

**09/26/2018**    **Jury Trial Scheduled**

**Associated Entries:** 11/05/2018 - Hearing Continued/Rescheduled

**Scheduled For:** 12/03/2018;  9:00 AM ;  MICHAEL KELLAN MULLEN;  City of St. Louis

   **Hearing Continued/Rescheduled**

**Hearing Continued From:** 10/09/2018; 9:00 AM Jury Trial

---

**09/25/2018**    **Motion Denied** (031)

THEREFORE, IT IS ORDERED AND DECREED THAT DEFENDANTS ENBRIDGE ENERGY PARTNERS, L.P., AND ENBRIDGE PIPELINES INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, STAY OF PROCEEDINGS PURSUANT TO RULE OF COMITY IS DENIED. SO ORDERED JUDGE JOAN MORIARTY #33057

   **Motion Denied** (030)

THEREFORE, IT IS ORDERED AND DECREED THAT DEFENDANTS ENBRIDGE ENERGY PARTNERS, L.P. AND ENBRIDGE PIPELINES, INC.S MOTION TO TRANSFER VENUE IS DENIED. SO ORDERED JUDGE JOAN MORIARTY #33057

---

**07/25/2018**    **Jury Trial Scheduled**

**Associated Entries:** 09/26/2018 - Hearing Continued/Rescheduled

**Scheduled For:** 10/09/2018;  9:00 AM ;  MICHAEL KELLAN MULLEN;  City of St. Louis

   **Hearing Continued/Rescheduled**

**Hearing Continued From:** 08/20/2018; 9:00 AM Jury Trial

---

**05/15/2018**    **Jury Trial Scheduled**

**Associated Entries:** 07/25/2018 - Hearing Continued/Rescheduled

**Scheduled For:** 08/20/2018;  9:00 AM ;  MICHAEL KELLAN MULLEN;  City of St. Louis

   **Hearing Continued/Rescheduled**

" CIVIL NON - JURY WEEK 07/02/18 " Court re set all trials to August the 20., 2018 @ 09:00 a.m.. So Ordered: Michael Mullen, Presiding Judge

**Hearing Continued From:** 07/02/2018; 9:00 AM Jury Trial

---

**05/14/2018**    **Jury Trial Scheduled**

**Associated Entries:** 05/15/2018 - Hearing Continued/Rescheduled   

**Scheduled For:** 07/02/2018;  9:00 AM ;  MICHAEL KELLAN MULLEN;  City of St. Louis

   **Hearing Continued/Rescheduled**

**Hearing Continued From:** 05/14/2018; 9:00 AM Jury Trial

Case.net: 1722-CC11867 - Docket Entries

| | | |
|---|---|---|
| 05/09/2018 | ☐ | **Cause Taken Under Advisement** (029) |
| | | DEFENDANTS' MOTION TO TRANSFER VENUE, MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MOTION TO STAY CALLED ARGUED AND SUBMITTED FOR RULING SO ORDERED JUDGE JOAN MORIARTY #33057 |
| | ☐ | **Judge Assigned** |
| | ☐ | **Judge Assigned** |
| | | |
| 05/07/2018 | ☐ | **Exhibit Filed** (028) |
| | | Exhibit 4 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Electronic Filing Certificate of Service. |
| | | **Filed By:** GABRIEL E. GORE |
| | | **On Behalf Of:** SPIRE STL PIPELINE, LLC |
| | ☐ | **Exhibit Filed** (027) |
| | | Exhibit 3 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Electronic Filing Certificate of Service. |
| | | **Filed By:** GABRIEL E. GORE |
| | ☐ | **Exhibit Filed** (026) |
| | | Exhibit 2 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Electronic Filing Certificate of Service. |
| | | **Filed By:** GABRIEL E. GORE |
| | ☐ | **Exhibit Filed** (025) |
| | | Exhibit 1 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Exh A to Exh 1 to Exhibit 1 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Exh B to Exh 1 to Exhibit 1 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Exh C to Exh 1 to Exhibit 1 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Exh D to Exh 1 to Exhibit 1 to Pltf Spires Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction; Electronic Filing Certificate of Service. |
| | | **Filed By:** GABRIEL E. GORE |
| | ☐ | **Reply** (024) |
| | | Plaintiffs Sur-Reply in Opposition to Enbridges Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, for Stay Pursuant to the Rule of C; Electronic Filing Certificate of Service. |
| | | **Filed By:** GABRIEL E. GORE |
| | | **On Behalf Of:** SPIRE STL PIPELINE, LLC |
| | | |
| 05/04/2018 | ☐ | **Reply** (023) |
| | | DEFENDANTS REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO TRANSFER VENUE; Exhibit A; Electronic Filing Certificate of Service. |
| | | **Filed By:** WILLIAM ALLEN BRASHER |
| | | **On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC |
| | ☐ | **Reply** (022) |
| | | REPLY IN SUPPORT OF DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, STAY OF PROCEEDINGS; Exhibit 1; Electronic Filing Certificate of Service. |
| | | **Filed By:** WILLIAM ALLEN BRASHER |
| | | |
| 04/23/2018 | ☐ | **Amended Notice of Hrng Filed** (021) |
| | | FIRST AMENDED NOTICE OF HEARING; Electronic Filing Certificate of Service. |
| | | **Filed By:** WILLIAM ALLEN BRASHER |
| | | **On Behalf Of:** ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC |
| | | |
| 04/13/2018 | ☐ | **Notice of Hearing Filed** (020) |

Ntc of Cancellation of Hearing; Electronic Filing Certificate of Service.
**Filed By: WILLIAM ALLEN BRASHER**
**On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC**

**Response Filed** (019)

Supplemental Opposition to Defendants Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternativefor Stay of Proceedings; Exhibit A; Electronic Filing Certificate of Service.
**Filed By: GABRIEL E. GORE**
**On Behalf Of: SPIRE STL PIPELINE, LLC**

04/09/2018   **Response Filed** (018)

Plaintiffs Opposition to Defendants Motion to Transfer Venue; Electronic Filing Certificate of Service.
**Filed By: GABRIEL E. GORE**
**On Behalf Of: SPIRE STL PIPELINE, LLC**

03/20/2018   **Notice of Hearing Filed** (017)

Notice of Hearing of Defendants Mtn to Dismiss and Mtn to Transfer Venue; Electronic Filing Certificate of Service.
**Filed By: WILLIAM ALLEN BRASHER**
**On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC**

03/17/2018   **Response Filed** (016)

Plaintiffs Opposition to Defendants Motion to Dismiss for Lack of Personal Jurisdiction; Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5; Exhibit 6; Exhibit 7; Exhibit 8; Exhibit 9; Exhibit 10; Exhibit 11; Electronic Filing Certificate of Service.
**Filed By: GABRIEL E. GORE**
**On Behalf Of: SPIRE STL PIPELINE, LLC**

03/09/2018   **Motion to Transfer** (015)

DEFENDANTS' MOTION TO TRANSFER VENUE; Electronic Filing Certificate of Service.
**Filed By: WILLIAM ALLEN BRASHER**
**On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC**

02/07/2018   **Note to Clerk eFiling**
**Filed By: WILLIAM ALLEN BRASHER**

**Affidavit Filed** (014)

Affidavit of Mark Stavinoha; Ex 3-A; Ex 3-B; Ex 3-C; Ex 3-D; Ex 3-E; Electronic Filing Certificate of Service.
**Filed By: WILLIAM ALLEN BRASHER**
**On Behalf Of: ENBRIDGE ENERGY PARTNERS LP, ENBRIDGE PIPELINES INC**

**Affidavit Filed** (013)

Affidavit of Jerry Walker; Ex 2-A; Ex 2-B; Ex 2-C; Ex 2-D; Ex 2-E; Ex 2-F; Ex 2-G; Ex 2-H; Ex 2-I; Ex 2-J; Ex 2-K; Ex 2-L; Ex 2-M; Electronic Filing Certificate of Service.
**Filed By: WILLIAM ALLEN BRASHER**

**Affidavit Filed** (012)

Affidavit of Christopher McGlincey; Ex 1-A; Ex 1-B; Ex 1-C; Ex 1-D; Ex 1-E; Ex 1-F; Ex 1-H; Ex 1-I; Ex 1-J; Ex 1-K; Electronic Filing Certificate of Service.
**Filed By: WILLIAM ALLEN BRASHER**

**Memorandum Filed** (011)

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, STAY OF PROCEEDINGS PURSUANT TO RULE OF COMITY; Electronic Filing Certificate of Service.
**Filed By: WILLIAM ALLEN BRASHER**

Case.net: 1722-CC11867 - Docket Entries

**Motion to Dismiss** (010)

DEFENDANTS¿ MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE
ALTERNATIVE, STAY OF PROCEEDINGS PURSUANT TO RULE OF COMITY; ELECTRONIC FILING
CERTIFICATE OF SERVICE
  **Filed By:** WILLIAM ALLEN BRASHER

**Entry of Appearance Filed** (009)

Entry of Appearance on behalf of the Defendants, Enbridge Energy Partners, L.P. and Enbridge
Pipelines, Inc., ; Electronic Filing Certificate of Service.
  **Filed By:** WILLIAM ALLEN BRASHER

01/19/2018    **Notice of Service** (008)

Affidavit of Service to Enbridge Pipelines; Electronic Filing Certificate of Service.
  **Filed By:** CARLOS H MARIN
  **On Behalf Of:** SPIRE STL PIPELINE, LLC

**Notice of Service** (007)

Summons Served to Enbridge Energy Partners; Electronic Filing Certificate of Service.
  **Filed By:** CARLOS H MARIN
  **On Behalf Of:** SPIRE STL PIPELINE, LLC

**Corporation Served**

Document ID - 18-SMOS-15; Served To - ENBRIDGE ENERGY PARTNERS LP; Server - ; Served Date
- 08-JAN-18; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description -
Served

**Corporation Served**

Document ID - 17-SMOS-6889; Served To - ENBRIDGE ENERGY PARTNERS LP; Server - ; Served
Date - 08-JAN-18; Served Time - 14:00:00; Service Type - Special Process Server; Reason Description -
Served

01/05/2018    **Alias Summons Issued** (006)
Document ID: 18-SMOS-16, for ENBRIDGE PIPELINES INC.

**Alias Summons Issued** (005)
Document ID: 18-SMOS-15, for ENBRIDGE ENERGY PARTNERS LP.

12/06/2017    **Jury Trial Scheduled**
  **Associated Entries: 05/14/2018 - Hearing Continued/Rescheduled**
  **Scheduled For:** 05/14/2018;  9:00 AM ;  MICHAEL KELLAN MULLEN;  City of St. Louis

12/01/2017    **Summ Issd- Circ Pers Serv O/S** (004)
Document ID: 17-SMOS-6890, for ENBRIDGE PIPLINES INC.

**Summ Issd- Circ Pers Serv O/S** (003)
Document ID: 17-SMOS-6889, for ENBRIDGE ENERGY PARTNERS LP.

11/30/2017    **Correspondence Filed** (002)
Confidential Case Filing Information Sheet.
  **Filed By:** GABRIEL E. GORE
  **On Behalf Of:** SPIRE STL PIPELINE, LLC

**Filing Info Sheet eFiling**
  **Filed By:** GABRIEL E. GORE

**Pet Filed in Circuit Ct** (001)
Petition; Exh A; Exh B; Exh C; Exh D; Exh E; Exh F; Exh G; Exh H; Exh I; Exh J; Exh K; Exh L; Exh M;
Exh N.
  **Filed By:** GABRIEL E. GORE

**On Behalf Of:** SPIRE STL PIPELINE, LLC

☐ **Judge Assigned**

---

Case.net Version 5.14.0.13                     Return to Top of Page                     Released 09/10/2019

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**1722-CC11867**

## IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI

| | |
|---|---|
| SPIRE STL PIPELINE, LLC.          .          ) | |
| ) | |
| Plaintiff,          ) | |
| ) | |
| vs.          ) | Case No. _____ |
| ) | |
| ENBRIDGE ENERGY PARTNERS, L.P.   ) | |
| ) | |
| and          ) | |
| ) | |
| ENBRIDGE PIPELINES, INC.          ) | |
| ) | |
| Defendants.          ) | |

### PETITION

COMES NOW, Plaintiff Spire STL Pipeline, LLC ("Spire"), and for its Petition against Defendants Enbridge Energy Partners, L.P. ("EEP") and Enbridge Pipelines, Inc., ("EPI") states and alleges as follows:

### INTRODUCTION

Spire brings this Petition to recover the monetary losses it suffered due to EEP's and EPI's breach of an enforceable agreement.  Specifically, Spire and EEP and EPI entered into a binding contract in which EEP and EPI agreed to sell, and Spire agreed to buy pipe.  However, EEP and EPI failed to honor that binding agreement, which forced Spire to purchase pipe at a higher cost.  Spire seeks to recover as damages the difference between the cost of cover and the contract price, together with any incidental, consequential damages, and punitive damages as well as attorneys' fees.

1

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

## PARTIES

### Spire

1.      Spire is a Missouri Limited Liability Company with its principal place of business in St. Louis, Missouri.  Among other things, Spire is a company engaged in the business of supplying gas and energy to individuals and businesses.  Spire builds, operates, and maintains gas pipelines to transport and supply gas and other liquids.

2.      Spire is a merchant of pipes under Article 2 of the Uniform Commercial Code ("UCC"). Spire: (1) deals with pipe materials regularly to build and maintain its pipelines; (2) it has specialized and superior knowledge as to pipes and pipelines due to its building and operation of pipelines, and; (3) a specialized knowledge can be reasonably attributed to Spire due to the fact that it builds, operates, and maintains pipelines.

### Enbridge

3.      Enbridge Energy Partners, L.P. is a Delaware Master Limited Partnership with its principal place of business in Houston, Texas.  Enbridge Energy Partners, L.P. is publicly traded in the New York Stock Exchange.  Enbridge Energy Partners may be served through its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900 Dallas, TX, 75201.

4.      Enbridge Pipelines, Inc. is a Delaware corporation with its principal place of business in Houston, Texas.  Enbridge Pipelines, Inc. may be served through its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900 Dallas, TX, 75201.

5.      EEP and EPI are in the business of generating, transporting, and distributing energy, and it operates a nation-wide crude oil and liquids pipeline system.

6.      EEP and EPI are also a merchants of pipes under Article 2 of the UCC.  EEP and EPI: (1) deal with pipe and pipe materials regularly in order to build and maintain its pipelines; (2) has

2

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

specialized and superior knowledge as to pipes and pipelines; and (3) a specialized knowledge can be reasonably attributed to EEP and EPI due to the fact that they build, operate, and maintain a nationwide crude oil and liquids pipeline transportation system.

7.      EEP is also a merchant because in connection with its entry into a purchase agreement with Spire, it retained the services of SAG Enterprises, which is a broker of pipes.  As a broker, SAG Enterprises deals with pipes regularly, has specialized and superior knowledge as to pipes and pipelines, and a specialized level of knowledge can be reasonably attributed to SAG Enterprises due to the fact that it regularly assists in the purchase or sale of pipes.

8.      At all relevant times all of EEP's and EPI's employees referenced in this Petition were acting within their scope of employment and as representatives or agents of EEP and/or EPI. Thus, all of the actions of these employees or individuals can be attributed as being actions taken by EEP and/or EPI.

**SAG Enterprises**

9.      SAG Enterprises is a broker of pipes based in Texas.  SAG Enterprises facilitates the purchase of pipes, and upon information and belief, obtains a commission from the seller when a pipe purchase is agreed and consummated.  SAG Enterprises is not a party to this suit.

**JURISDICTION AND VENUE**

10.     This Court has personal jurisdiction over EEP and EPI because EEP and EPI entered into the contract at issue in Missouri.

11.     Upon information and belief, the Court has personal jurisdiction over EEP because EEP has limited partnership unit holders that reside in Missouri and is therefore a citizen of Missouri.

12.     Personal also jurisdiction exists over EEP and EPI because the Purchase Agreement described below states as follows:

3

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

> Any dispute or proceeding arising out of this Agreement must be commenced and maintained in the state or federal courts having jurisdiction over St. Louis County, Missouri. Each party unconditionally and irrevocably submits itself to the jurisdiction of these courts, and to the fullest extent permitted by applicable Law, waives any objection to the laying of venue of any dispute arising out of this Agreement in such courts.

Ex. J-1 § 15(a).

13.     Personal jurisdiction also exists over EEP and EPI because, upon information and belief, EEP and EPI conduct a significant, systematic, and continuous portion of its overall business in Missouri, such that EEP and EPI are "at home" in Missouri and purposely availed themselves from the protections of Missouri law.

14.     Personal jurisdiction also exists upon EEP and EPI because EEP and EPI transacted business in Missouri with Spire and transacts business more generally in Missouri, and further, because the damages and injuries of EEP's and EPI's contract breaches and negligent acts were felt by Spire in Missouri.

15.     Venue is proper in this Court also pursuant to Section 15(a) of the Purchase Agreement, which is described below. See Ex. J-1, § 15(a). Venue is also proper because Spire is based in St. Louis City and pursuant to Mo. Rev. Stat. § 508.010.

**FACTS COMMON TO ALL COUNTS**

16.     Spire learned that EEP and EPI had a surplus of sandpipe, and that EEP and EPI were willing to sell such excess sandpipe to Spire. Spire began negotiating the purchase of pipe from EEP and EPI, first through EEP's broker or agent, SAG Enterprise, and later directly with EEP.

17.     On or about Friday, February 3, 2017, Mark Stavinoha from SAG Enterprises had a telephone conversation with Russ English, who is a Spire Director. During this telephone conversation Stavinoha and English negotiated an agreement whereby EEP would sell pipe to Spire, with SAG Enterprises acting as EEP's broker or agent.

4

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

18.     On February 6, 2017, Stavinoha from SAG Enterprises sent an e-mail to English copying

Sam Gilmore, a SAG Enterprises employee.  This e-mail stated as follows:

> Russ – good morning.
> Please see below responses to a few of the issues we discussed this past Friday. I
> have shared
> your pricing request with Enbridge and should get some response later today or
> tomorrow.

The e-mail also included other terms.  See (February 6, 2017, 9:40 A.M. e-mail from M.

Stavinoha to R. English, attached as **Ex. A**).

19.     English and Stavinoha had a telephone conversation on February 6, 2017, sometime

before 5:05 P.M., to further negotiate Spire's purchase of pipe from EEP.  See (February 6, 2017,

5:05 P.M. e-mail from M. Stavinoha to R. English attached as **Ex. B**).

20.     On February 6, 2017, Stavinoha sent an e-mail to English.  This e-mail stated as follows:

> Russ – I enjoyed catching up with you today.
>
> Per our discussion, Enbridge has agreed to adjust pricing as follows:
>
> 24 x .375 material - $29.45/ft
>
> 24 x .500 material - $ 40.63/ft
>
> I will contact Enbridge in regards to a conference call Wednesday morning for
> further discussions concerning your upcoming project.  See Ex. B.

21.     On February 6, 2017, English sent an e-mail to Stavinoha, and Jerry Walker a Director of

GPP Procurement Operations at EEP, copying Scott Jaskowiak, and David Yonce, who were

also Spire employees.  This e-mail provided, in part, as follows:

> Spire STL Pipeline (Spire Energy) is interested in engaging in final negotiations
> for the following estimated quantities of Enbridge's Sandpiper 24" pipe.
>
> 24" x 0.375wt, X70, FBE, QRL  -  280,000 feet
>            Pricing as listed below - $29.45/ft loaded on rail, open to further
> negotiations.

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

24" x 0.500wt, X70, ARO, QRL - 85,000 feet
        Pricing as listed below - $40.63/ft loaded on rail, open to further negotiations.

General terms as listed below are acceptable.

See (February 6, 2017 6:57 P.M. e-mail from R. English to M. Stavinoha, attached as **Ex. C**).

22.     On or about February 8, 2017, EEP again offered to sell pipe to Spire during a telephone conversation between Steve Samson, a Spire Category Manager, and Jerry Walker, from EEP, in which an agreement was reached as to price and quantity terms.

23.     On February 9, 2017, Samson e-mailed Walker copying Stavinoha. This e-mail stated as follows:

> Thanks for taking the time to discuss your pipe with us yesterday. Per our discussion, we are working up a draft sales agreement for your review and I should have that to once Legal has completed it. In the meantime, can you please provide your initial specifications from the original purchase, as well as inspection reports from the original purchase of pipe for our records. Once I have the sales agreement, we can work out the details of the deposit invoice and paperwork we will require to make sure you can get paid. If you have any questions, please feel free to let me know.

See (February 9, 2017, 3:57 P.M. e-mail from S. Samson to J. Walker, attached as **Ex. D**).

24.     On February 13, 2017, EEP's Jerry Walker sent an e-mail to Spire's Steven Samson. This e-mail stated as follows:

> Here is a sample of pipe and coating. There is an awful lot of data, maybe too much to e-mail, but here goes.

See (February 13, 2017, 2:44 P.M. e-mail from J. Walker to S. Samson attached as **Ex. E**).

25.     On February 13, 2017, Samson sent an e-mail at 2:56 P.M. to Walker. This e-mail stated as follows:

> Thanks for the info. This should be a good start for us. Just to let you know, our legal department is still writing up the agreement per our discussion last week. I will forward to you once we have it completed for your review. WE will need to have an invoice, as well as the attached Supplier Request form in order to make a

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

> payment from our system.  IF you have any questions, or need any information
> from us, please let me know.

See (February 13, 2017, 2:56 P.M. e-mail from S. Samson to J. Walker attached as **Ex. F**).

26.     On February 13, 2017, English sent an e-mail to Stavinoha with SAG Enterprises.  This

e-mail stated as follows:

> Please note the revised pipe quantities:
>
> 0.375 wt  -  275,000 feet, All FBE
> 0.500 wt  -  43,000 feet (or everything Enbridge has), All ARO
> 0.438 wt  -  1,000 feet (used for transition joints), All ARO

See (February 13, 2017, 4:21 P.M. e-mail from R. English to M. Stavinoha is attached as **Ex. G**).

27.     EEP responded to Samson's February 13, 2017 e-mail on February 16, 2017, through

Walker, who sent an email to Samson of Spire, copying Stavinoha of SAG Enterprises.  This e-

mail stated as follows:

> It seems possible that we are not quite aligned in our companies expectations
> regarding the sale of our pipe, based on conference call last week.  We had the
> distinct impression that a Spire was making a firm commitment for the pipe and
> was willing to put 20% down to keep the 24" .500wt off the market.  I understand
> that PCS is being scheduled to go inspect additional material next week, leading
> me to believe a decision to proceed with purchase is not finalized internally at
> Spire.
>
> **<u>Can you provide clarity to what Spire actual status is related to the pipe
> purchase?</u>**

See (February 16, 2017, 2:04 P.M. e-mail from R. Walker to S. Samson attached as **Ex. H**)

(emphasis added).

28.     On February 17, 2017, Samson sent an e-mail to Walker from EEP copying Stavinoha.

This e-mail stated as follows:

> **<u>We are committed to purchasing the pipe</u>**, as well as  the 20%
> downpayment.  We are at a point where we are verifying that your specifications
> will match ours (which to this point does not seem to be an issue), as well as
> drawing up the purchase agreement for your review.  Our legal department is not

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

> going to allow us to release a down payment without a purchase agreement in place.
>
> I am not familiar with PCS being scheduled to inspect additional material, but I will confirm that on my end.

See (February 17, 2017, 8:39 A.M. e-mail from S. Samson to J. Walker attached as **Ex. I**) (emphasis added).

29.     EEP provided no response to Spire's e-mail of February 17, 2017.

30.     On February 24, 2017, Samson of Spire sent an e-mail to EEP's Walker. This e-mail stated as follows:

> Attached is our draft agreement for the purchase of the 24" pipe. Please review and provide any comments or suggested revisions.

See (February 24, 2017, 8:27 A.M. e-mail from S. Samson to J. Walker attached as **Ex. J** and attached Purchase Agreement ("the Purchase Agreement"), attached as **Ex. J-1).**

31.     On February 28, 2017—in response to Spire's Steven Samson's February 24, 2017 e-mail—Walker sent an e-mail at 2:56 P.M. to Samson. This e-mail stated as follows:

> I have your Purchase agreement in hand and I am reviewing it. However, I must inform Spire that in the period between discussions with Russ initially and your written communication that we have received a firm offer for a large quantity of the same material. Since that offer preceded yours we will work through those logistics first, which will determine pipe availability going forward.

See (February 28, 2017, 2:56 P.M. e-mail from Walker to S. Samson attached as **Ex. K).**

32.     On February 28, 2017, Samson sent an e-mail to Walker of EEP. This e-mail stated as follows:

> Is this concerning the .500 wall or .375 wall pipe? Can you give us a ball park regarding what [the] impacts to material available may be?

See (February 28, 2017, 3:06 P.M. e-mail from S. Samson to J. Walker attached as **Ex. L).**

33.     On February 28, 2017, Walker replied to Samson. This e-mail stated as follows:

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

It impacts all quantities and all wall thicknesses.  Hopefully it will resolve itself soon, so I can advise.

See (February 28, 2017, 3:11 P.M. e-mail from J. Walker to S. Samson attached as **Ex. M).**

34.     After, February 28, 2017, EEP did not engage in any communications with Spire regarding the pipe purchase until March 9, 2017.

35.     On March 9, 2017, Walker sent an e-mail to Samson, copying Stavinoha, stating that "[a]ll the 24" will be consumed in the offer that was accepted." See (March 9, 2017 e-mail from J. Walker to M. Stavinoha attached as **Ex. N).**

36.     At all relevant times, the Spire employees acting on Spire's behalf were located in St. Louis Missouri.

## COUNT I – BREACH OF CONTRACT

37.     Spire adopts and incorporates by reference the preceding paragraphs of this Petition as if fully set forth herein.

38.     EEP/EPI and Spire, through their employees and agents, entered into a contract pertaining to the sale of pipe.

39.     On February 6, 2017, Stavinoha, a SAG Enterprise broker working on behalf of EEP, contacted Spire and offered to sell Spire pipe that was in EEP's and EPI's possession.

40.     On February 6, 2017 at 6:57 P.M., Spire sent EEP an e-mail stating the terms of the purchase.  Spire's February 6, 2017 at 6:57 P.M. e-mail contained the terms of the purchase contract including pricing.

41.     EEP again offered to sell pipe to Spire during a telephone conversation on or about February 8, 2017, in which an agreement was reached as to price and quantity terms.  The agreement on price was reflected in Spire's February 6, 2017 email to EEP.

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

42.     Spire's e-mail of February 13, 2017 at 4:21 P.M, contained quantity terms and reflects Spire's acceptance of EEP's offer that was made on or about February 8, 2017.

43.     Spire's e-mail of February 17, 2017 at 8:39 A.M. also confirmed Spire's acceptance of EEP's offer for the sale of pipe at the specified price and quantity terms, by stating that Spire was "committed to purchasing the pipe" from EEP, and that it was willing to pay the down payment EEP requested.

44.     Spire's February 24, 2017 e-mail at 8:27 A.M and the attached Purchase Agreement constitute a contract with the reasonably specific terms described therein. See Ex. J-1.

45.     Spire agreed to purchase a reasonably specific quantity of pipe, as set forth in the Purchase Agreement, for in excess of $1,000,000 and thus Spire's contract with EEP and EPI was supported by valuable consideration.

46.     Spire performed all its duties, obligations, and conditions precedent under its agreement with EEP and EPI by, among other things, being ready and willing to pay the agreed amount and down payment to EEP, drafting and sending the Purchase Agreement, and asking EEP to perform the sale of the pipe.

47.     EEP and EPI failed and refused to perform their duties and obligations under their contract with Spire, and thus is in default and breach of this contract per Section 8.(a) of the Purchase Agreement. See Ex. J-1 § 8.(a).

48.     EEP and EPI failed to perform its obligations under the contract and is in breach due to its failure to sell the pipe it had agreed to sell to Spire.

49.     Spire has suffered damages in excess of $1,000,000 due to being forced to purchase pipe at a price at least $1,000,000 more than what it agreed to pay to EEP and EPI.

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

50.     Spire has also suffered consequential and incidental damages and—as the non-defaulting party—is entitled to being reimbursed for any and all attorney's fees, expenses, and costs it incurs in this lawsuit, per Section 8(b) of the Purchase Agreement.  See Ex. J-1 § 8.(b).

        WHEREFORE, Spire prays for judgment against EEP and EPI in Count I herein in a sum in excess of Twenty-Five Thousand Dollars ($25,000), for consequential and incidental damages, for attorneys' fees and costs incurred herein, for pre-judgment and post-judgment interest, and for such other and further relief as the Court deems just and proper.

### COUNT II – PROMISSORY ESTOPPEL

51.     Spire adopts and incorporates by reference the preceding paragraphs of this Petition as if fully set forth herein.

52.     EEP and EPI made a promise to Spire under which it agreed to sell pipe to Spire for in excess of $1,000,000.  EEP and EPI offered to sell pipe to Spire, first through its broker SAG Enterprises and then directly through its employees.  EEP subsequently sought and obtained confirmation of Spire's commitment to purchase the pipe.

53.     Further, EEP and EPI never denied or negated the existence of a promise or enforceable agreement with reasonable certainty.

54.     EEP and EPI  knew or should have reasonably known and foreseen that its promise to sell pipe to Spire would lead Spire to take actions in detrimental reliance on EEP's and EPI's promise.

55.     EEP and EPI knew or should have known that Spire would spend time drafting a Purchase Agreement, halt or reduce its efforts to obtain pipe from other parties, devote time and resources to finalize the deal, devote time and resources to arrange for receiving the pipe, and,

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

among other things, devote and time and resources to plan for the use of the pipe once it was received from EEP and EPI.

56.     Spire did in fact take reasonable actions in detrimental reliance on EEP's and EPI's promise. Spire did in fact spend time drafting a Purchase Agreement, halt or reduce its efforts to obtain pipe from other parties, devote time and resources to finalize the deal, devote time and resources to arrange for receiving the pipe, and, among other things, did in fact devote time and resources to plan for the use of the pipe once it was received from EEP.

57.     Injustice can only be avoided by the enforcement of the terms of the Purchase Agreement, and by ordering EEP and EPI to reimburse Spire the price premium it had to pay to a third party in order to purchase similar pipe. The price premium that EEP and EPI should reimburse Spire is in excess of $1,000,000.

58.     Further, injustice can only be avoided and by ordering EEP and EPI to reimburse Spire for its consequential damages, incidental damages, costs, and attorneys' fees, as provided for in Section 8 of the Purchase Agreement. See Ex. J-1, § 8.

WHEREFORE, Spire prays for judgment against EEP and EPI in Count II herein in a sum in excess of Twenty-Five Thousand Dollars ($25,000), for consequential and incidental damages, for punitive damages, for attorneys' fees and costs incurred herein, for pre-judgment and post-judgment interest, and for such other relief the Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT

59.     Spire adopts and incorporates by reference the preceding paragraphs of this Petition as if fully set forth herein.

60.     EEP and EPI were unjustly enriched as a result of its breach of its promise to Spire.

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

61.     EEP and EPI were conferred a benefit equal to the price premium it was paid by another party that purchased the pipe EEP and EPI promised to sell to Spire.  Upon information and belief, EEP and EPI were paid a price higher than that EEP and EPI had agreed to accept from Spire.

62.     EEP and EPI are aware of the fact that it was conferred a benefit, as demonstrated by its March 9, 2017 e-mail, where it stated that it would sell the pipe to a third party.

63.     The acceptance and retention by EEP and EPI of the price premium would be unjust and inequitable because EEP and EPI agreed to sell the pipe to Spire and broke that promise to Spire.

64.     Injustice can only be avoided by the enforcement of the terms of the Purchase Agreement, by ordering EEP and EPI to reimburse Spire the cover damages that it incurred in order to purchase the pipe that EEP and EPI failed and refused to sell.  The price premium that EEP and EPI should reimburse Spire at least $1,000,000.

65.     Further, injustice can only be avoided and by ordering EEP and EPI to reimburse Spire for its consequential damages, incidental damages, costs, and attorneys' fees.

        WHEREFORE, Spire prays for judgment against EEP and EPI in Count III herein in a sum in excess of Twenty-Five Thousand Dollars ($25,000), for consequential and incidental damages, for attorneys' fees and costs incurred herein, for pre-judgment and post-judgment interest, and for such other and further relief as the Court deems just and proper.

## COUNT IV – NEGLIGENT MISREPRESENTATION

66.     Spire adopts and incorporates by reference the preceding paragraphs of this Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

67.     EEP and EPI had a duty to exercise reasonable care when conveying information to Spire, which EEP and EPI knew or should have known, would lead Spire to undertake actions in detrimental reliance.

68.     EEP and EPI conveyed that it was willing and able to sell pipe to Spire.  EEP and EPI sought and obtained confirmation of Spire's willingness to purchase such pipe and finalized a purchase with Spire.

69.     EEP and EPI provided this information to guide and induce Spire's actions pertaining to the purchase of pipe from EEP and EPI.

70.     Spire did in fact take reasonable actions in detrimental reliance on EEP's and EPI's promise to sell pipe.  Spire did in fact spend time drafting a Purchase Agreement, halted or reduced its efforts to obtain pipe from other parties, devoted time and resources to finalize the deal, devoted time and resources to arrange for receiving the pipe, and, among other things, did in fact devote and time and resources to plan for the use of the pipe once it was received from EEP and EPI.

71.     However, because of EEP's and EPI's failure to exercise reasonable care, EEP and EPI provided false information to Spire.  EEP and EPI misrepresented and failed to disclose the fact that it had agreed to sell the same pipe to another buyer, despite its promise to sell the pipe to Spire.

72.     Spire could not have discovered that EEP's and EPI's information was false through the exercise of reasonable diligence.

73.     Spire was injured due to its reasonable and detrimental reliance upon EEP's and EPI's false information.  Spire was injured because it had to incur cover damages in order to purchase pipe from another seller.  Those damages are in excess of $1,000,000.

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

74.     Spire was also injured due to its reasonable reliance upon EEP's and EPI's false information because it suffered consequential damages, incidental damages, and had to incur costs and attorneys' fees.

75.     EEP and EPI made the misrepresentation and omissions described herein recklessly and in conscious disregard of Spire's rights, entitling Spire to punitive damages to punish EEP's and EPI's conduct and deter similar conduct in the future.

76.     EEP and EPI should be ordered to reimburse Spire for the damages herein described.

        WHEREFORE, Spire prays for judgment against EEP and EPI in Count IV herein in a sum in excess of Twenty-Five Thousand Dollars ($25,000), for consequential and incidental damages, for attorneys' fees and costs incurred herein, for punitive damages, for pre-judgment and post-judgment interest, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of November, 2017

*/s/ Gabriel Gore*
**DOWD BENNETT LLP**
Edward L. Dowd Jr. (MO Bar No. 28785).
Gabriel E. Gore (MO Bar No. 45416)
Lisa S. Hoppenjans (MO Bar No. 63890)
Carlos Marin (MO Bar No. 66060)
7733 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
Telephone: (314) 889-7300
Facsimile: (314)863-2111
edowd@dowdbennett.com
ggore@dowdbennett.com
lhoppenjans@dowdbennett.com
cmarin@dowdbennett.com

Attorneys for Plaintiff
Spire STL Pipeline, LLC.

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**1722-CC11867**

**From:** Mark [mailto:mstavinoha@sagpipe.com]
**Sent:** Monday, February 06, 2017 9:40 AM
**To:** English, Russ A.
**Cc:** Sam Gilmore (sgilmore@sagpipe.com)
**Subject:** Sandpiper 24"

Russ – good morning.

Please see below responses to a few of the issues we discussed this past Friday. I have shared your pricing request with Enbridge and should get some response later today or tomorrow.

**Invoicing/Payment**

Invoicing will be issued weekly, based on outbound tallies, and Net 30 terms will apply.

**Pipe Rejection**

Enbridge agrees to rejection of pipe due to the following criteria:
Damaged bevels
Dents/Dings/Ovality
Coating damage/mileage issues
Absence of heat number/ no traceability to MTR

This rejection process will be done concurrently with the load-out procedures.

"Cherry picking" or pre selection will not be permitted under the scope of the current contract.

**Warranty**

Mill warranties for this material will not apply. The Mill will warrant that the material meets or exceeds all requirements of API X70 standards, thus any proven defect or failure which is a direct result of non –compliance with the specifications would be covered under the "workmanship" clause of API and other governing bodies.

**Load-out**

Enbridge will be responsible for load-out charges from the staging facility to the rail siding which includes loading material onto rail cars

Please call should you need any further clarification – thanks again for your time and interest.

Regards

MAS

## SAG ENTERPRISES
**MARK STAVINOHA**



Exhibit

A

P.O. BOX 1657
CYPRESS, TX  77410
TEL:  (281) 257-5506
FAX:  (281) 257-5593
CEL:  (281) 620-0934

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**1722-CC11867**

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**From:** Mark [mailto:mstavinoha@sagpipe.com]
**Sent:** Monday, February 06, 2017 5:05 PM
**To:** English, Russ A. <Russ.English@spireenergy.com>
**Subject:** FW: Sandpiper 24"

Russ – I enjoyed catching up with you today.

Per our discussion, Enbridge has agreed to adjust pricing as follows:

24 x .375 material - $29.45/ft

24 x .500 material - $ 40.63/ft

I will contact Enbridge in regards to a conference call Wednesday morning for further discussions concerning your upcoming  project.

Thanks and take care.

MAS

**SAG ENTERPRISES**
**MARK STAVINOHA**
**P.O. BOX 1657**
**CYPRESS, TX  77410**
**TEL:  (281) 257-5506**
**FAX:  (281) 257-5593**
**CEL:  (281) 620-0934**

Exhibit

B

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**1722-CC11867**

From: English, Russ A.
Sent: Monday, February 06, 2017 6:57 PM
To: 'Mark' <mstavinoha@sagpipe.com>; 'jerry.walker@enbridge.com' <jerry.walker@enbridge.com>
Cc: Jaskowiak, Scott E. <Scott.Jaskowiak@spireenergy.com>; Yonce, David A.
<David.Yonce@spireenergy.com>
Subject: RE: Sandpiper 24"

Jerry, Mark

Spire STL Pipeline (Spire Energy) is interested in engaging in final negotiations for the following
estimated quantities of Enbridge's Sandpiper 24" pipe.

24" x 0.375wt, X70, FBE, QRL  -  280,000 feet
    Pricing as listed below - $29.45/ft loaded on rail, open to further negotiations.

24" x 0.500wt, X70, ARO, QRL  -  85,000 feet
    Pricing as listed below - $40.63/ft loaded on rail, open to further negotiations.

General terms as listed below are acceptable:

**Invoicing/Payment**
    Invoicing will be issued weekly, based on outbound tallies, and Net 30 terms will apply.
**Pipe Rejection**
    Field rejection of pipe is limited to the following criteria:
        Damaged bevels
        Dents/Dings/Ovality
        Coating damage/mileage issues
        Absence of heat number/ no traceability to MTR
        Rejection process will be done concurrently with the load-out procedures.
**Warranty**
    Mill warranties for this material will not apply. The Mill will warrant that the material
    meets or exceeds all requirements of API X70 standards, thus any proven defect or
    failure which is a direct result of non –compliance with the specifications would be
    covered under the "workmanship" clause of API and other governing bodies.

**Load-Out**  -  Seller (Enbridge) will be responsible for load-out charges from the staging facility
to the rail siding which includes loading material onto rail cars.

Spire is open to alternative payment terms.

Spire requests a meeting to discuss final negotiated price, terms and schedule this week
(February 6, 2017), as other opportunities for Spire are present for a limited time.

Please respond with your availability for a meeting as soon as possible, preferably Tuesday (7th)
or Wednesday (8th).

Thank you,



Exhibit

C

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

Russell English
Director, Strategy & Corporate Development

700 Market Street
St. Louis, Missouri 63101
314.342-3303  Office
314.956-5221  Mobile

Russell.English@SpireEnergy.com



Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**1722-CC11867**

**From:** Samson, Steven R. [mailto:Steven.Samson@spireenergy.com]
**Sent:** Thursday, February 09, 2017 3:57 PM
**To:** Jerry Walker
**Cc:** mstavinoha@sagpipe.com
**Subject:** 24" Pipe for Spire

Jerry,

Thanks for taking the time to discuss your pipe with us yesterday.  Per our discussion, we are working up a draft sales agreement for your review and I should have that to once Legal has completed it.  In the meantime, can you please provide your initial specifications from the original purchase, as well as inspection reports from the original purchase of pipe for our records.  Once I have the sales agreement, we can work out the details of the deposit invoice and paperwork we will require to make sure you can get paid.  If you have any questions, please feel free to let me know.  Thanks.

Steve Samson
Category Manager
Spire Inc.
700 Market Street
St. Louis, MO 63101
314.342.3383  Office
314.737.7183  Mobile

SpireEnergy.com



formerly The Laclede Group

**Exhibit**

**D**

**1722-CC11867**

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**From:** Jerry Walker [mailto:Jerry.Walker@enbridge.com]
**Sent:** Monday, February 13, 2017 2:44 PM
**To:** Samson, Steven R.
**Subject:** RE: 24" Pipe for Spire

Here is a sample of pipe and coating.  There is an awful lot of data, maybe too much to email, but here goes.

**Exhibit**

**E**

**1722-CC11867**

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**From:** Samson, Steven R. [mailto:Steven.Samson@spireenergy.com]
**Sent:** Monday, February 13, 2017 2:56 PM
**To:** Jerry Walker
**Subject:** RE: 24" Pipe for Spire

Jerry,

Thanks for the info.  This should be a good start for us.  Just to let you know, our legal department is still writing up the agreement per our discussion last week.  I will forward to you once we have it completed for your review.  WE will need to have an invoice, as well as the attached Supplier Request form in order to make a payment from our system.  IF you have any questions, or need any information from us, please let me know.  Thanks.

Steve Samson
Category Manager
314.342.3383  Office
314.737.7183  Mobile

**Exhibit**

**F**

**1722-CC11867**

**From:** English, Russ A.
**Sent:** Monday, February 13, 2017 4:21 PM
**To:** 'Mark' <mstavinoha@sagpipe.com>; 'mleaseburge@projectconsulting.com'
<mleaseburge@projectconsulting.com>
**Cc:** 'btinnin@projectconsulting.com' <btinnin@projectconsulting.com>
**Subject:** RE: Enbridge Sandpiper Pipe Inspection

Please note the revised pipe quantities:

0.375 wt  -  275,000 feet, All FBE
0.500 wt  -  43,000 feet (or everything Enbridge has), All ARO
0.438 wt  -  1,000 feet (used for transition joints), All ARO

Thank you,

Russell English
Director, Strategy & Corporate Development

700 Market Street
St. Louis, Missouri 63101
314.342-3303  Office
314.956-5221  Mobile

Russell.English@SpireEnergy.com



Exhibit

G

**1722-CC11867**

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**From:** Jerry Walker [mailto:Jerry.Walker@enbridge.com]
**Sent:** Thursday, February 16, 2017 2:04 PM
**To:** Samson, Steven R.
**Cc:** <mstavinoha@saqpipe.com> (mstavinoha@saqpipe.com)
**Subject:** RE: 24" Pipe for Spire

It seems possible that we are not quite aligned in our companies expectations regarding the sale of our pipe, based on conference call last week.  We had the distinct impression that a Spire was making a firm commitment for the pipe and was willing to put 20% down to keep the 24" .500wt off the market.  I understand that PCS is being scheduled to go inspect additional material next week, leading me to believe a decision to proceed with purchase is not finalized internally at Spire.

Can you provide clarity to what Spire actual status is related to the pipe purchase?


Jerry Walker
Director GPP Procurement Operations

*ENBRIDGE ENERGY PARTNERS*
TEL: 713-821-2258
1100 Louisiana, Suite 3300, Houston, TX  77002

enbridge.com
**Integrity. Safety. Respect.**

Exhibit

H

**1722-CC11867**

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**From:** Samson, Steven R. < Steven.Samson@spireenergy.com >
**Sent:** Friday, February 17, 2017 8:39 AM
**To:** Jerry Walker <Jerry.Walker@enbridge.com>
**Cc:** mstavinoha@sagpipe.com
**Subject:** RE: 24" Pipe for Spire

We are committed to purchasing the pipe, as well as the 20% downpayment.  We are at a point where we are verifying that your specifications will match ours (which to this point does not seem to be an issue), as well as drawing up the purchase agreement for your review.  Our legal department is not going to allow us to release a down payment without a purchase agreement in place.

I am not familiar with PCS being scheduled to inspect additional material, but I will confirm that on my end.

Steve Samson
Category Manager
314.342.3383 Office
314.737.7183 Mobile

Exhibit

I

**1722-CC11867**

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**From:** Samson, Steven R. [mailto:Steven.Samson@spireenergy.com]
**Sent:** Friday, February 24, 2017 8:27 AM
**To:** Jerry Walker
**Subject:** RE: 24" Pipe for Spire

Jerry,
Attached is our draft agreement for the purchase of the 24" pipe.  Please review and provide any comments or suggested revisions.  Thanks

Steve Samson
Category Manager
314.342.3383  Office
314.737.7183  Mobile

**Exhibit**

**J**

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

# PURCHASE AGREEMENT

This **PURCHASE AGREEMENT** (this "*Agreement*") is made as of February ___, 2017 (the "*Effective Date*") between Spire STL Pipeline LLC ("*Buyer*") and [Enbridge Pipelines, Inc.] ("*Seller*"). Buyer and Seller are referred to individually each as a "*Party*" and collectively as, the "*Parties*".

**1.     Supply of Goods.** Seller will supply and deliver the pipe more particularly described on **Appendix I** attached hereto (collectively, the "*Goods*") according to the specifications and delivery and loading requirements set forth on **Appendix II** attached hereto (collectively, the "*Specifications*"). Upon execution of this Agreement, Buyer will issue a Purchase Order to Seller confirming the purchase contemplated by this Agreement, with deliveries currently anticipated to begin during July 2017.

**2.     Price; Payment Terms.**

(a)     The price for the Goods is set forth on **Appendix I** (the "*Price*"). On or before 30 days after execution of this Agreement by Buyer and Seller, Buyer will pay to Seller a downpayment for the Goods equal to **$1,969,168**, that is, 20% of the Estimated Total Price set forth on **Appendix I** (the "*Downpayment*"). When deliveries of the Goods begin, Seller will bill against the Downpayment until it is exhausted, and Seller's invoices will reflect such invoicing.

(b)     For all deliveries, Seller will invoice Buyer on a weekly basis, based on deliveries in the prior week. All invoices must contain the quantities reflected on the bills of lading received by Seller, include copies of such bills of lading, reference Buyer's Purchase Order number, and, if electronically delivered, conform to Buyer's invoice formatting requirements. Buyer will pay all undisputed amounts set forth on Seller's proper and complete invoice on or before 30 days after Buyer's receipt of the invoice. All invoices will be issued, and Buyer will make all payments, in U.S. dollars. Seller will designate a U.S. bank account for all payments, which will be made by electronic funds transfer.

**3.     Term.** This Agreement commences on the Effective Date and continues until deliveries of all the Goods are completed (the "*Term*").

**4.     Delivery.**

(a)     <u>Delivery Point</u>. The Goods will be delivered by Seller F.O.B. shipment place, with delivery occurring after the Goods are fully loaded and secured on the railcar at the applicable railyard (the "*Delivery Point*"). The term "*F.O.B.*" has the meaning ascribed to it under the Uniform Commercial Code, as adopted in Missouri.

(b)     <u>Schedule</u>. Buyer will notify Seller at least 30 days in advance of when deliveries are to begin, currently anticipated to be in July 2017. Seller will complete delivery of all the Goods on or before 60 days after deliveries begin. If Seller has reason to believe deliveries will not be made as scheduled, Seller will immediately notify Buyer, describing the cause and expected length of the anticipated delay.

(c)     <u>Delivery Manner; Changes</u>. Seller will load and secure the Goods onto the railcars made available by Buyer. Seller will deliver the Goods only: in the quantities, at the times, from the locations, and to the specified Delivery Point, in each case as specified in this Agreement or by instruction from Buyer upon at least 10 business days prior notice. Buyer will have the right to direct changes, in writing, to the schedule or quantities, at least 10 business days prior to such requested change. Seller will comply with such directions cost-effectively and without delay.

Exhibit

J

exhibitsticker.com

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

(d)    Delay. Except to the extent caused by *force majeure* or caused by Buyer's failure to make railcars available to Seller for delivery, if Seller delivers late or gives notice that delivery is expected to be late, then Buyer will have the right (i) to cancel or reduce the quantity of such shipment for Goods without any penalty, cost, or liability to Buyer and (ii) to purchase the Goods (or their equivalent) from a third party and charge Seller any additional expense or loss incurred as a result thereof.  Absent such cancellation or reduction, Seller will take reasonable steps, at its own cost, to expedite delivery.  Any provisions herein for delivery of the Goods by installments will not be construed as making the obligations of Seller severable.

**5.      Acceptance; Rejection.** All Goods are subject to inspection and approval by Buyer's Representative before delivery.  In particular, Buyer will have the right to inspect each item of Goods before loading onto the railcar.  At or before delivery, but not after delivery, Buyer will have the right to reject any individual item as non-conforming for failing to meet any of the Specifications, but for no other reason.  If Buyer rejects any item as non-confirming, Seller will promptly replace such non-conforming item with a conforming one.  Receipt of or payment for the Goods will not constitute acceptance of the Goods or waiver of any rights or claims Buyer may have arising out of the Goods.

**6.      Title; Risk of Loss.** Title to the Goods and risk of loss, damage, and contamination of the Goods will pass to Buyer upon delivery to Buyer.  Prior to delivery, Seller assumes all risk and liability, and Buyer will not be liable to Seller for any loss or damage to Persons, property or the environment, arising out or related to the Goods.  Seller will bear all transportation costs to the Delivery Point.

**7.      Warranty. EXCEPT FOR THE WARRANTIES EXPRESSLY SET FORTH IN THIS AGREEMENT, THE GOODS WILL BE DELIVERED "AS-IS, WHERE-IS", AND SELLER HEREBY EXPRESSLY DISCLAIMS ALL EXPRESS OR IMPLIED WARRANTIES, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**  Seller represents, warrants, and covenants to Buyer that the Goods: (a) upon delivery and for a period of 12 months after placing the Goods into service, will conform in all respects with the specifications furnished, specified, or approved by Buyer (the "*Specifications*") and (b) will be delivered with good title, free and clear of all liens.  Seller also represents, warrants, and covenants to Buyer that Seller has all rights necessary to sell the Goods to Buyer.  The benefits of all manufacturer or other warranties will accrue to Buyer's customers, successors, and assigns to the same extent they accrue to Buyer.  All warranties survive inspection, payment, and acceptance of the Goods.

**8.      Default, Liability & Termination**.

(a)      Any of the following events constitutes an "*Event of Default*": (i) Seller fails to deliver the Goods according to Buyer's delivery schedule, (ii) Seller fails to deliver the Goods conforming to the Specifications or other Seller's warranties, (iii) Seller delivers fewer Goods than invoiced, (iv) either party fails to perform any of its obligations under this Agreement and such failure is not excused or cured on or before ten days after receipt of written notice from the other party, or (v) a party's Bankruptcy.

(b)      Upon an Event of Default, the non-defaulting party, in its discretion and upon written notice to the other party, in addition to its other rights or remedies in this Agreement or under Law, may do any one or more of the following: (i) suspend performance under this Agreement; or (ii) terminate this Agreement, whereby any and all obligations of the defaulting Party, including payments or deliveries due, will, at the option of the terminating Party, become immediately due and payable or deliverable, as applicable.  If Seller is the defaulting party, it will promptly refund any pre-payments or down-payments received from Buyer.  In addition to other rights and remedies in this Agreement or under Law, the non-defaulting Party will be entitled to recover from the defaulting Party all court costs, attorneys' fees and expenses incurred by it in connection with such default.

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

(c)     "*Bankruptcy*" means any of the following: (i) filing of a petition or otherwise commencing, authorizing or acquiescing in the commencement of a proceeding or cause of action under any bankruptcy, insolvency, reorganization or similar Law; (ii) making of an assignment or any general arrangement for the benefit of creditors; (iii) having a bankruptcy petition filed against it and such petition is not withdrawn or dismissed on or before 30 days after such filing; (iv) otherwise becoming bankrupt or insolvent (however evidenced); (v) having a liquidator, administrator, custodian, receiver, trustee, conservator or similar official appointed with respect to it or any substantial portion of its property or assets; or (vi) being generally unable to pay its debts as they fall due.

9.     **Compliance with Laws.** Prior to the first delivery and at all times during the performance of this Agreement, Seller will comply with all laws, ordinances, rules, regulations, statutes, and codes of any governmental authority having jurisdiction ("*Laws*") relating to the performance of Seller's obligations, including Laws relating to the environment, health, and safety.  No Goods or any components of any Goods will be sourced from any location that, at the time, is subject to a trade restriction or embargo by the US or the United Nations. Upon Buyer's request, Seller will furnish Buyer with documents verifying the source of the Goods and their components.  Seller will obtain and maintain any permit, license, or other consent or approval of any governmental authority required for the sale and delivery of the Goods to Buyer.

10.     **Indemnification.** To the extent permitted by Law, Seller shall defend, indemnify and hold harmless Buyer and its Affiliates, and their respective Representatives (collectively, the "*Indemnitees*") from and against all liabilities, claims, expenses, losses, royalties, profits and damages, including court costs and attorney's fees (collectively, "*Liability*"), including Liability on account of personal injury, death, damage to property, damage to the environment, or infringement of any intellectual property right in any way, occurring, incident to, arising out of, or in connection with (i) any act or omission of Seller or its Affiliates or their respective Representatives, unless such Liability was solely caused by Buyer or (ii) Seller's breach of any of its obligations under this Agreement.  Seller will not settle any such claims or suits without first obtaining the permission of Buyer. The term "*Representatives*" means, with respect to a Person, such Person's employees, contractors, subcontractors, and agents.

11.     **Force Majeure.** Each Party will be excused from its performance of this Agreement to the extent such performance is prevented or delayed due to causes reasonably beyond a party's control, including acts of God, fire, explosion, flood, unusually severe or abnormal weather, epidemics, riots or other civil disturbances, acts of terrorism, acts of military authorities, or war, but expressly not strikes, walkouts, or other labor strife ("*force majeure*").  Neither Party shall have the right to declare a force majeure or be entitled to an excuse from performance for any event or circumstance caused by its negligence. The affected party must promptly use commercially reasonable efforts to remedy the situation.  Promptly after the affected Party determines that a force majeure exists, it will notify the unaffected party.  If the affected Party fails to give such notice on or before 72 hours after becoming aware of the existence of such *force majeure*, then the excuse from performance will be effective only from the notice date, and not the date the *force majeure* occurred. If Seller is affected by a *force majeure*, Seller will allocate its available production amongst its customers in a fair and equitable manner, but Buyer will be allocated no less than the percentage of available production equal to proportion of Goods purchased by Buyer overall to the total Goods sold by Seller in the 12 months immediately prior to the *force majeure*.  Buyer will not be required to accept any Goods which are delayed by *force majeure* and may, at its option, cancel such orders for such quantities. If a *force majeure* is continuing for a period of 30 consecutive days, then the unaffected party will have the right to terminate this Agreement without further liability.

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

12.     **Confidentiality; Advertising.** Seller will maintain as confidential all information, including any specifications, documents, data, or commercial, financial, and technical information, including intellectual property, regardless of form and whether or not marked "confidential", relating to Buyer that Seller obtains in connection with this Agreement (the "***Confidential Information***"), and, without Buyer's prior written consent in each instance, will not disclose any Confidential Information to any third party or any Seller employee, except for those employees who have a need to know such information.  Confidential Information remains the property of Buyer.  At Buyer's request and discretion, Seller will promptly destroy (and certify to such destruction) or return all Confidential Information (including any reproductions thereof).   Seller will inform its employees receiving Confidential Information of this provision, and will be liable for any authorized disclosures by its employees. Seller shall not advertise or publish that Buyer is a customer or that Buyer has contracted to purchase the Goods from Seller, except with Buyer's prior written consent in each instance.

13.     **Notice.** All notices required or permitted under this Agreement will be written and deemed given and made (a) if by personal delivery, on the date of such delivery, (b) if by electronic mail, on the transmission date if sent before 4:00 pm central time on a business day or, in any other case, on the next business day, (c) if by nationally recognized overnight courier, on the next business day following deposit, or (d) if by certified mail, return receipt requested, postage prepaid, on the third business day following such mailing, in each case addressed to the address or email address set forth below, or such other address as may be designated by notice by, such Party.

*If to Buyer:*
Russ English
Director, Spire STL Pipeline LLC
700 Market Street
St. Louis, Missouri 63101
Email: russ.english@spireenergy.com

*with a copy (which will not constitute notice) to:*
Spire STL Pipeline LLC
Attn: General Counsel
700 Market Street
St. Louis, MO 63101
Email: legalnotices@spireenergy.com

*If to Seller:*
Enbridge Pipelines, Inc.
Attn:_____

_____
_____
Fax: _____

In addition, Seller hereby designates the following individual as its shipping contact, who will be available to respond to questions relative to any shipment:

Name:     _____
Phone:    _____
Email:    _____

Upon Buyer's request, Seller's shipping contact will provide Buyer with any shipping paperwork reasonably requested by Buyer.  Seller may change its shipping contact upon at least 60 days' prior written notice.

14.     **Insurance.** Seller will maintain the insurance coverage described on **Appendix III** attached hereto.

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

15.    **Miscellaneous.**

(a)    <u>Governing Law</u>. This Agreement is governed by and construed in accordance with the laws of the State of Missouri, without regard to its conflicts of laws rules. Any dispute or proceeding arising out of this Agreement must be commenced and maintained in the state or federal courts having jurisdiction over St. Louis County, Missouri. Each party unconditionally and irrevocably submits itself to the jurisdiction of these courts, and to the fullest extent permitted by applicable Law, waives any objection to the laying of venue of any dispute arising out of this Agreement in such courts. EACH PARTY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY DISPUTE OR PROCEEDING ARISING OUT OF THIS AGREEMENT.

(b)    <u>Successor and Assigns</u>. Any sale, transfer, or other disposition, individually or in a series of related transactions, in the aggregate of more than ten percent (10%) of the stock or other ownership interest in Seller, whether directly or indirectly through any Person's indirect ownership of Seller, shall be deemed an assignment of this Agreement by Seller. Seller's obligations under this Agreement cannot be delegated, assigned, or transferred to any other Person, by operation of law or otherwise, except upon Buyer's prior written consent, and any assignment without such consent will be void. Buyer may assign this Agreement. This Agreement shall inure to the benefit of and shall be binding upon each of the party's respective successors and permitted assigns.

(c)    <u>Entire Agreement; Amendment</u>. This Agreement includes the Appendices, which are by this reference incorporated into this Agreement. This Agreement sets forth the entire understanding and agreement, and supersedes any and all prior agreements, written or oral, between the Parties with respect to the subject matter hereof. Any additional or conflicting terms contained in or referenced by any sales confirmation, invoice, or other document issued by Seller or contained on the reverse of any Purchase Order issued by Buyer, in each case are hereby expressly rejected by both Buyer and Seller. This Agreement cannot be amended except by a signed, written agreement of both parties.

(d)    <u>Waiver; Severability</u>. No waiver of any provision of this Agreement shall be valid unless in writing and signed by the party against whom such waiver is sought to be enforced. A waiver or consent given by a party on any occasion is effective only in that instance and shall not be construed as a bar to, or waiver of, any right on any other occasion. If any provision in this Agreement is held to be invalid, illegal or unenforceable in any respect by a court of competent jurisdiction, the validity, legality and enforceability of the remaining provisions of this Agreement shall not in any way be affected or impaired.

(e)    <u>Survival</u>. The representations, warranties, and covenants contained in this Agreement will survive the termination or expiration of this Agreement. The representations, warranties and covenants of Seller (including its guarantees) shall be enforceable not only by Buyer, but also by its successors and assigns. In addition, Seller hereby assigns to Buyer the benefit of any warranty that Seller receives from its suppliers with respect to any Goods or component, material, or portion of the Goods.

(f)    <u>Interpretation</u>. The captions and section headings set forth in this Agreement are for convenience only. The rights and remedies described in this Agreement are not exclusive; they are cumulative or (to the extent applicable) alternative and are in addition to other rights or remedies available at Law or in equity or otherwise. Nothing in this Agreement shall be construed against either party as the alleged drafter thereof. The parties recognize and agree that neither shall be obligated by their course of conduct to perform any future transactions hereunder. Time is of the essence. No course of dealing, course of performance, or usage of trade shall be considered in the interpretation or enforcement of this Agreement. The term "*Purchase Order*" means any written purchase orders, electronic orders, or

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

other writings issued by Buyer.  The term "*Affiliate*" means any Person that, directly or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, the specified Person, where "control" (including the terms "controlled by" and under "common control with") means the possession, directly or indirectly, of the power to direct or to cause the direction of the management policies of a Person, whether through the ownership of voting securities, by contract or otherwise.  The term "*Person*" means any natural person, trust, estate, business entity or other entity. The term "*includes*" means "includes, but is not limited to," and corresponding derivative expressions.  Unless paired with the word "either", the term "*or*" is inclusive and not exclusive.  The meanings of the defined terms are applicable to both the singular and plural forms thereof.

**IN WITNESS WHEREOF**, Seller and Buyer have executed this Agreement by their duly authorized representatives as of the Effective Date.

**Seller:**                                            **Buyer:**
[Enbridge Pipelines, Inc.]                Spire STL Pipeline LLC

By: _____       By: _____

Name: _____              Michael C. Geiselhart
                                                          President
Title: _____

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

## APPENDIX I

## GOODS AND PRICE

| Item | Quantity | Price | Estimated Amount |
|---|---|---|---|
| 24" diameter x 0.375 weight pipe | 275,000 feet | $29.45 per foot | $8,098,750 |
| 24" diameter x 0.500 weight pipe | At least 43,000 feet up to all supply | $40.63 per foot | $1,747,090 |
| | | **Estimated Total Price** | **$9,845,840** |

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**APPENDIX II**

**SPECIFICATIONS, LOADING & DELIVERY**

## SPECIFICATIONS

*Item-Specific Specifications*

| Item | Specifications |
|---|---|
| 24" diameter x 0.375 weight pipe | • API 5L X70, as published by the American Petroleum Institute<br>• Electric-Welded Steel Pipe, Supplementary to API 5L, 44th Ed., EES101 – (2012)<br>• Coated with fusion bonded epoxy (FBE), with a thickness of 14 mils, and meeting the Seller's External Fusion Bond Epoxy Coating for Mainline Pipe, C-010 specification<br>• Quadruple Random Length (QRL): at least 72' to 80' max |
| 24" diameter x 0.500 weight pipe | • API 5L X70, as published by the American Petroleum Institute<br>• Electric-Welded Steel Pipe, Supplementary to API 5L, 44th Ed., EES101 – (2012)<br>• Abrasion resistant overcoating (ARO) on top of a fusion bonded epoxy (FBE), with a minimum total thickness of 40 mils, and meeting Seller's Fusion Bond Epoxy Overcoated with Powder Coating, C-020 specification<br>• Quadruple Random Length (QRL): at least 72' to 80' max |

*General Specifications*

All Goods will also meet the following specifications:

- No damaged bevels – no visible damage, gouges or scratches, as determined by visible inspection
- No visible dents, dings or anomalies, as determined by visible inspection
- No ovality in excess of 1/16", as measured by ovality gauge
- No coating holidays, as determined by visible inspection or holiday detector
- No failures to meet minimum coating thickness per the item-specific specification above, as determined by coating thickness gauge
- Presence of readable heat number (for traceability to mill test report or certificate) and other identifying information (including a bar code), as determined by visual inspection
- No excessive magnetism, meaning that the average of four readings are not exceed 30 gauss (3.0 mT), and no one reading shall exceed 35 gauss (3.5 mT).

## LOADING AND DELIVERY REQUIREMENTS

Prior to loading, Seller will make available each piece of pipe to Buyer or its Representative for inspection and, if applicable, rejection for failing to meet the Specifications. Seller will then load each piece of pipe onto the railcars in the applicable railyard.  Upon fully loading each railcar, Seller will then secure the loaded pipe to the railcar.

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

## APPENDIX III

### INSURANCE

The following insurance policies will be underwritten by insurance companies that have a current A.M. Best Co. rating of A-, financial category VII or higher, or are otherwise acceptable to Buyer, which are authorized to do business in the State of Missouri.  Such policies shall include:

**1.**        **Workers' Compensation.** The legal liability under the Workers' Compensation Act of the state in which any part of the work hereunder shall be performed and any other employee benefit statute or law of such states, to pay claims for personal injuries sustained by its employees, including death resulting therefrom.  With respect to employer's liability coverage under any workers' compensation insurance policy, the limit of liability shall be not less than $1,000,000 per accident – injury, $1,000,000 policy limit – disease, and $1,000,000 per employee – disease.

**2.**        **Commercial General Liability**. The legal liability of Seller for injuries to or death of any person or persons and damage to the property of others.  The limits of liability will be not less than the following: $10,000,000 per occurrence, bodily injury and property damage and $15,000,000 annual aggregate, other than products/completed operations.  Commercial general liability coverage must be written on an "occurrence" basis.

**3.**        **Umbrella/Excess Liability Insurance.** This coverage is optional.  Seller may satisfy any part of the required limits for employer's liability, commercial general liability, or automobile liability by an umbrella or excess liability policy.

Except with respect to workers' compensation / employer's liability coverage, all of the foregoing policies must: (a) provide a waiver of subrogation against Company and its Affiliates; (b) include Company and its Affiliates as additional insured parties under broad form coverage for completed and ongoing operations (either CG 20 10 11 85, CG 20 10 10 93, or both of CG 20 10 10 01 and CG 20 37 10 01) or if such broad form coverage is not available under the policy, then under intermediate form coverage (both CG 10 10 07 04 and CG 20 37 07 04); (c) be on a primary basis in relation to any Company policy, which will be non-contributing; and (d) contain either contractual liability coverage specific to this Agreement or blanket contractual liability coverage, neither of which will be subject to a contractual limitation endorsement.  Except with respect to workers' compensation / employer's liability coverage, Service Provider, on behalf of its insurers, waives any right of subrogation that such insurers may have against Company arising out of this Agreement.

All self-insured retentions or deductibles are the sole responsibility of Service Provider.  No insurance will be subject to any self-insured retention in excess of $50,000, but may be subject to a deductible. Acceptance of any insurance certificate will not constitute acceptance of the adequacy of coverage or compliance with the requirements of this Agreement.

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**1722-CC11867**

**From:** Jerry Walker [mailto:Jerry.Walker@enbridge.com]
**Sent:** Tuesday, February 28, 2017 2:56 PM
**To:** Samson, Steven R.
**Subject:** RE: 24" Pipe for Spire

I have your Purchase agreement in hand and I am reviewing it.  However, I must inform Spire that in the period between discussions with Russ initially and your written communication that we have received a firm offer for a large quantity of the same material.  Since that offer preceded yours we will work through those logistics first, which will determine pipe availability going forward.

Jerry Walker
Director GPP Procurement Operations

*ENBRIDGE ENERGY PARTNERS*
TEL: 713-821-2258
1100 Louisiana, Suite 3300, Houston, TX  77002

enbridge.com
**Integrity. Safety. Respect.**

Exhibit

K

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**1722-CC11867**

**From:** Samson, Steven R. [mailto:Steven.Samson@spireenergy.com]
**Sent:** Tuesday, February 28, 2017 3:06 PM
**To:** Jerry Walker
**Subject:** RE: 24" Pipe for Spire

Jerry,

Is this concerning the .500 wall or .375 wall pipe?  Can you give us a ball park regarding what may impacts to material available may be?

Steve Samson
Category Manager
314.342.3383  Office
314.737.7183  Mobile

Exhibit

L

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**1722-CC11867**

**From:** Jerry Walker [mailto:Jerry.Walker@enbridge.com]
**Sent:** Tuesday, February 28, 2017 3:11 PM
**To:** Samson, Steven R.
**Subject:** RE: 24" Pipe for Spire

It impacts all quantities and all wall thicknesses.  Hopefully it will resolve itself soon, so I can advise.

Exhibit

M

**1722-CC11867**

Electronically Filed - City of St. Louis - November 30, 2017 - 08:45 PM

**From:** Jerry Walker <Jerry.Walker@enbridge.com>
**Date:** March 9, 2017 at 3:13:26 PM CST
**To:** "Samson, Steven R." <Steven.Samson@spireenergy.com>
**Cc:** "<mstavinoha@sagpipe.com> (mstavinoha@sagpipe.com)" <mstavinoha@sagpipe.com>
**Subject: RE: 24" Pipe for Spire**

Mr Samson,

All the 24" will be consumed in the offer that was accepted.

Best Regards.

Exhibit

N

Electronically Filed - City of St. Louis - November 30, 2017 - 09:04 PM

Case Number (For Court Use Only) **1722-CC11867**

# CONFIDENTIAL CASE FILING INFORMATION SHEET – DOMESTIC RELATIONS CASES
### Required at Case Initiation and with Responsive Filings

**INSTRUCTIONS:**
✓ Complete this form for all parties known at the time of filing. Provide the most appropriate Case Type and Party Type codes and descriptions. (Found on the Case Types List and Party Types List at www.courts.mo.gov on the Court Forms/Filing Information page.)
✓ If additional space is needed, complete additional Confidential Case Filing Information Sheets.
**NOTE:** The **full** Social Security Number (SSN) is **_required_** pursuant to Section 509.520 RSMo. This is a confidential document due to the SSN and possible confidential addresses. This information is used to open a case in the courts case management system. While cases deemed public under Missouri statutes can be accessed through Case.net, the day and month of birth, SSN, and confidential addresses are NOT provided to the public through Case.net.

Filing Date: 11/30/2017          County/City of St. Louis: City

Style of Case: Spire STL Pipeline, LLC v. Enbridge Energy Partners, L.P., and Enbridge Pipelines, Inc.
(i.e. Petitioner v. Respondent)

Case Type Code: CA          Case Type Description: Breach of Contract

---

**Petitioner/Plaintiff Information:**

Party Type Code: PLT          Party Type Description: Plaintiff

Name: (Last) Spire STL Pipeline, LLC          (First) ____          (Middle) ____

Address: ____

City: St. Louis          State: MO          Zip: ____          Contact Telephone Number: ____

DOB: ____          Gender: ☐ Male  ☐ Female   SSN: ____

Attorney Name (if represented by counsel): Gabriel E. Gore          Bar ID: 45416          Party Type Code: APLT

---

**Respondent/Defendant Information:**

Party Type Code: DFT          Party Type Description: Defendant

Name: (Last) Enbridge Energy Partners, L.P.          (First) ____          (Middle) ____

Address: ____

City: ____          State: TX          Zip: ____          Contact Telephone Number: ____

DOB: ____          Gender: ☐ Male  ☐ Female   SSN: ____

Attorney Name (if represented by counsel): ____          Bar ID: ____          Party Type Code: ____

---

Party Type Code: DFT          Party Type Description: Defendant

Name (if person): (Last) ____          (First) ____          (Middle) ____

Organization (if non-person): Enbridge Pipelines, Inc.

Address: ____

City: ____          State: TX          Zip: ____          Contact Telephone Number: ____

DOB: ____          Gender: ☐ Male  ☐ Female   SSN: ____

Attorney Name (if represented by counsel): ____          Bar ID: ____          Party Type Code: ____

---

Party Type Code: ____          Party Type Description: ____

Name (if person): (Last) ____          (First) ____          (Middle) ____

Organization (if non-person): ____

Address: ____

City: ____          State: ____          Zip: ____          Contact Telephone Number: ____

DOB: ____          Gender: ☐ Male  ☐ Female   SSN: ____

Attorney Name (if represented by counsel): ____          Bar ID: ____          Party Type Code: ____

Electronically Filed - City of St. Louis - November 30, 2017 - 09:04 PM

Case Number (For Court Use Only) _____

## Employer Information

Petitioner/Plaintiff Employer Name: _____

Employer Address: _____

City: _____ State: _____ Zip: _____ Contact Telephone Number: _____

Respondent/Defendant Employer Name: _____

Employer Address: _____

City: _____ State: _____ Zip: _____ Contact Telephone Number: _____

The following information regarding children is required. Complete this section for any child subject to the action of this case.

*MACSS – Missouri Automated Child Support System

**Children:**

Name: _____ SSN: _____ DOB: _____

Gender: ☐ Male ☐ Female   Optional: MACSS Member Number (to be completed by the court): _____

Name: _____ SSN: _____ DOB: _____

Gender: ☐ Male ☐ Female   Optional: MACSS Member Number (to be completed by the court): _____

Name: _____ SSN: _____ DOB: _____

Gender: ☐ Male ☐ Female   Optional: MACSS Member Number (to be completed by the court): _____

Name: _____ SSN: _____ DOB: _____

Gender: ☐ Male ☐ Female   Optional: MACSS Member Number (to be completed by the court): _____

Name: _____ SSN: _____ DOB: _____

Gender: ☐ Male ☐ Female   Optional: MACSS Member Number (to be completed by the court): _____

Name: _____ SSN: _____ DOB: _____

Gender: ☐ Male ☐ Female   Optional: MACSS Member Number (to be completed by the court): _____

Name: _____ SSN: _____ DOB: _____

Gender: ☐ Male ☐ Female   Optional: MACSS Member Number (to be completed by the court): _____

Name: _____ SSN: _____ DOB: _____

Gender: ☐ Male ☐ Female   Optional: MACSS Member Number (to be completed by the court): _____

Name: _____ SSN: _____ DOB: _____

Gender: ☐ Male ☐ Female   Optional: MACSS Member Number (to be completed by the court): _____

Name: _____ SSN: _____ DOB: _____

Gender: ☐ Male ☐ Female   Optional: MACSS Member Number (to be completed by the court): _____

☐ Check if more than ten children and attach additional sheet

Submitted by: Gabriel E. Gore _____ Bar ID (required if attorney): 45416 _____

Address (if not shown on previous page): Dowd Bennett, LLP, 7733 Forsyth Blvd., Suite 1900 _____

City: St. Louis _____ State: MO   Zip: 63105 _____

Phone: 314-889-7300 _____ Email Address: ggore@dowdbennett.com _____

*IMPORTANT: It is the parties' responsibility to keep the court informed of any change of address or employment.*

### Instructions to Clerk

**Maintain the closed portion(s) of the record in a sealed manila envelope within the file. The file can be maintained with other open records. If a request is made to review the open portion of the file, the envelope can be removed from the file. Access to the record must be restricted to avoid access to the closed portion of the record.**

OSCA (05-13) FI-10

 **IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number:  1722-CC11867 | |
|---|---|---|
| Plaintiff/Petitioner:<br>SPIRE STL PIPELINE, LLC | Plaintiff's/Petitioner's Attorney/Address:<br>GABRIEL E. GORE<br>SUITE 1900<br>7733 FORSYTH BLVD | Process Server 1 |
| vs. | CLAYTON, MO  63105 | Process Server 2 |
| Defendant/Respondent:<br>ENBRIDGE ENERGY PARTNERS LP | Court Address:<br>CIVIL COURTS BUILDING | Process Server 3 |
| Nature of Suit:<br>CC Breach of Contract | 10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   ENBRIDGE ENERGY PARTNERS LP
  Alias:

CT CORPORATION SYSTEM
1999 BRYAN ST SUITE 900
DALLAS, TX 75201

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**December 1, 2017**                     *Thomas Kloeppinger*

  Date                                       Thomas Kloeppinger
**CITY OF ST LOUIS**                          Circuit Clerk

  Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by: (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
       _____ (name) _____ (title).
    ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
  Printed Name of Sheriff or Server                Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons.
*(Seal)*                (use for out-of-state officer)
                    ☐ authorized to administer oaths.  (use for court-appointed server)

_____
  Signature and Title

**Service Fees, if applicable**
Summons      $ _____
Non Est      $ _____
Mileage      $ _____  ( _____ miles @ $ _____ per mile)
Total        $ _____

See the following page for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number:  1722-CC11867 | |
|---|---|---|
| Plaintiff/Petitioner:<br>SPIRE STL PIPELINE, LLC<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>GABRIEL E. GORE<br>SUITE 1900<br>7733 FORSYTH BLVD<br>CLAYTON, MO  63105 | Process Server 1<br><br>Process Server 2 |
| Defendant/Respondent:<br>ENBRIDGE ENERGY PARTNERS LP | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | Process Server 3 |
| Nature of Suit:<br>CC Breach of Contract | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   ENBRIDGE PIPLINES INC
               Alias:

CT CORPORATION SYSTEM
1999 BRYAN ST SUITE 900
DALLAS, TX  75201

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**December 1, 2017**

_____
Date

_Thomas Kloeppinger_

Thomas Kloeppinger
Circuit Clerk

**CITY OF ST LOUIS**

Further Information: _____

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by: (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
    ☐ other (describe) _____
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
               ☐ the judge of the court of which affiant is an officer.

**(Seal)**
               ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
               ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____  ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner's has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



## IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL KELLAN MULLEN | **Case Number: 1722-CC11867** |
| Plaintiff/Petitioner:<br>SPIRE STL PIPELINE, LLC | Plaintiff's/Petitioner's Attorney/Address:<br>GABRIEL E. GORE<br>SUITE 1900<br>7733 FORSYTH BLVD<br>vs. CLAYTON, MO 63105 |
| Defendant/Respondent:<br>ENBRIDGE ENERGY PARTNERS LP ET AL | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Breach of Contract | |

Process Server 1

Process Server 2

Process Server 3

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **ENBRIDGE ENERGY PARTNERS LP**
Alias:

CT CORPORATION SYSTEM
1999 BRYAN ST SUITE 900
DALLAS, TX 75201

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**January 5, 2018**

Date

*Thomas Kloeppinger*

Thomas Kloeppinger
Circuit Clerk

*CITY OF ST LOUIS*

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____ _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons.
   (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



## IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number:  1722-CC11867 | |
|---|---|---|
| Plaintiff/Petitioner:<br>SPIRE STL PIPELINE, LLC | Plaintiff's/Petitioner's Attorney/Address:<br>GABRIEL E. GORE<br>SUITE 1900<br>7733 FORSYTH BLVD<br>CLAYTON, MO  63105 | Process Server 1<br><br>Process Server 2 |
| Defendant/Respondent:<br>ENBRIDGE ENERGY PARTNERS LP ET AL | Court Address:<br>CIVIL COURTS BUILDING | Process Server 3 |
| Nature of Suit:<br>CC Breach of Contract | 10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

The State of Missouri to:  **ENBRIDGE PIPELINES INC**
Alias:

**CT CORPORATION SYSTEM**
**1999 BRYAN ST SUITE 900**
**DALLAS, TX  75201**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**January 5, 2018**                    *Thomas Kloeppinger*

_____                    _____
Date                                                 Thomas Kloeppinger
                                                        Circuit Clerk

*CITY OF ST LOUIS*

Further Information:

#### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐  delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
    ☐  other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am:  (check one)  ☐  the clerk of the court of which affiant is an officer.
                              ☐  the judge of the court of which affiant is an officer.
*(Seal)*                     ☐  authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                              ☐  authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

**Service Fees, if applicable**
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | ( _____ miles @ $ _____ per mile) |
| Total | $_____ | |

See the following page for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Electronically Filed - City of St. Louis - January 19, 2018 - 05:18 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**          **County of Saint Louis (City)**          **Circuit Court**

Case Number: 1722-CC11867

Plaintiff/Petitioner:
**SPIRE STL PIPELINE, LLC**
vs.
Defendant/Respondent:
**ENBRIDGE ENERGY PARTNERS, L.P., et al.**

Received by HPS Process Service & Investigations to be served on Enbridge Energy Partners, LP, c/o CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201. I, _LEE H. Russell_, being duly sworn, depose and say that on the _8_ day of _January_, 20_18_ at _2:00_ m., executed service by delivering a true copy of the Summons for Personal Service Outside the State of Missouri (Except Attachment Action); Petition; and Exhibits A-N in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving _Antoinette Williams_
as _Agent for Service_ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _8_ day
of _January_, 20_18_ by the affiant who is
personally known to me.

NOTARY PUBLIC

DONNA JO KING
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 7/22/2018

PROCESS SERVER # _PSC 1081_
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: 2018000333

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2d

Electronically Filed - City of St. Louis - January 19, 2018 - 05:19 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**          **County of Saint Louis (City)**          **Circuit Court**

Case Number: 1722-CC11867

Plaintiff/Petitioner:
**SPIRE STL PIPELINE, LLC**
vs.
Defendant/Respondent:
**ENBRIDGE ENERGY PARTNERS, L.P., et al.**

Received by HPS Process Service & Investigations to be served on Enbridge Pipelines, Inc., c/o CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201. I, _I͟ O͟E͟ H͟.͟ R͟U͟S͟S͟E͟L͟E͟_____, being duly sworn, depose and say that on the __8__ day of _JANUARY_, 201_8_ at _2͟:͟0͟0͟P͟_ m., executed service by delivering a true copy of the Summons for Personal Service Outside the State of Missouri (Except Attachment Action); Petition; and Exhibits A-N in accordance with state statutes in the manner marked below:

(☑)REGISTERED AGENT SERVICE: By serving _A͟N͟T͟O͟I͟N͟E͟T͟T͟E͟ W͟I͟L͟L͟I͟A͟M͟S͟_
as _A͟G͟E͟N͟T͟ F͟O͟R͟ S͟E͟R͟V͟I͟C͟E͟_____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the __8__ day
of _JANUARY_ _2018_ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _PSC-1081_
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: 2018000330

DONNA JO KING
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 7/22/2018

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2d

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS
STATE OF MISSOURI

SPIRE STL PIPELINE, LLC,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　 )
　　　　　　　　　　　　　　　　　　)　　No. 1722-CC11867
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
ENBRIDGE ENERGY PARTNERS, L.P.　)
and ENBRIDGE PIPELINES, INC.,　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　)

## ENTRY OF APPEARANCE

COMES NOW William A. Brasher of Boyle Brasher LLC and hereby enters his appearance on behalf of the Defendants, Enbridge Energy Partners, L.P. and Enbridge Pipelines, Inc., in the above-styled cause and requests the Clerk of the Circuit Court and all counsel to direct all notices, pleadings and documents regarding the above-styled cause be sent to William A. Brasher, Boyle Brasher LLC, 211 North Broadway, Suite 2300, St. Louis, MO 63102.

BOYLE BRASHER LLC

William A. Brasher, 30155
One Metropolitan Square
211 North Broadway, Suite 2300
St. Louis, MO 63102
314-621-7700　　　　Fax - 314-621-1088
wbrasher@boylebrasher.com
Attorneys for Defendants

Page 1 of 2

11-L-292

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

## CERTIFICATE OF SERVICE

I hereby certify that on **February 7, 2018**, I electronically filed the foregoing with the City of St. Louis Clerk of the Court by using the Missouri Electronic Document Management System, which will send a notice of electronic filing to counsel for all parties. This constitutes service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.

_____ /s/ William A. Brasher _____ _____

No. 1722-CC11867

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI

| | |
|---|---|
| SPIRE STL PIPELINE, LLC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 1722-CC11867 |
| ENBRIDGE ENERGY PARTNERS, L.P. | ) |
| | ) |
| and ENBRIDGE PIPELINES, INC. | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' MOTION TO DISMISS
### FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE,
### STAY OF PROCEEDINGS PURSUANT TO RULE OF COMITY

COME NOW, Defendants Enbridge Energy Partners, L.P. ("Energy Partners") and Enbridge Pipelines, Inc. ("Enbridge Pipelines") (collectively "Defendants"), by and through undersigned counsel, pursuant to Missouri Rule of Civil Procedure 55.27(a), and for their Motion to Dismiss for Lack of Personal Jurisdiction or, the alternative, Motion for Stay of Proceedings Pursuant to the Rule of Comity, state as follows:

1.     This action arises out of negotiations between Spire STL Pipeline, LLC ("Spire") and North Dakota Pipeline Company, LLC ("NDPL") for Spire to purchase surplus steel pipe owned by NDPL.

2.     NDPL is a joint venture of Defendant Energy Partners and an unrelated limited liability company that is not a party to these proceedings.

3.     Spire alleges that Enbridge Partners and Enbridge Pipelines entered into a contract for the sale of steel pipe to Spire in February 2017 and that Spire incurred damages when Defendants breached that alleged agreement.   In an attempt to recover such alleged

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

damages, Spire pleads four counts: breach of contract, promissory estoppel, unjust enrichment, and negligent misrepresentation.

4.      Defendants dispute (1) that they participated in any negotiations with Spire in February 2017, (2) whether and when any agreement was formed in February 2017, (3) the terms of any such agreement, and (4) the parties to any such agreement.  In particular, Defendants contend that the only agreement reached regarding the sale of the NDPL pipe involving any party to this action was by and between NDPL and Spire, and was memorialized in an April 28, 2017 Bill of Sale.

5.      Regardless, this Court lacks personal jurisdiction over Defendants and, therefore, must dismiss this matter in its entirety.

6.      Missouri courts do not have authority to hear a case unless it can exercise personal jurisdiction over each of the parties.  *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 46 (Mo. banc 2017).  Such jurisdiction can take the form of general or specific jurisdiction.  *Id*.  Jurisdiction may also be acquired where a party consents to the jurisdiction of the forum.  *Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 232 (Mo. banc 2010).

7.      Absent exceptional circumstances, general jurisdiction exists for any corporate or associational entity only in the states where (a) that entity is organized and (b) that entity maintains its principal place of business.  *Norfolk S. Ry. Co.*, 512 S.W.3d at 48.

8.      Energy Partners is organized under the laws of the State of Delaware and maintains its principal place of business in the State of Texas.  *See* Affidavit of Christopher McGlincey ("McGlincey Aff.") at ¶ 4. Enbridge Pipelines is organized under the laws of Canada

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

and maintains its principal place of business in Calgary, Alberta. *See* McGlincey Aff. at ¶ 6. Accordingly, neither Defendant is subject to general personal jurisdiction in Missouri.

9.      Specific jurisdiction is appropriate when a corporate entity's in-state activities give rise to the liabilities that are the basis of the lawsuit. *Bryant*, 310 S.W.3d at 232.

10.     Spire's allegations describe negotiations between Spire and NDPL. S.A.G. Pipe, LLC, a Texas-based contractor, fielded Spire's initial inquiries from its Tomball, Texas offices regarding the NDPL pipe. Then, after Spire representatives directly contacted NDPL's Texas-based representative, Spire and NDPL engaged in direct negotiations. These negotiations fell through when Spire failed to reserve the pipe, which NDPL sold to another interested buyer. Neither Defendant engaged in negotiations with Spire, and therefore did not commit any "in-state activities" giving rise to Spire's claims.

11.     Energy Partners is a corporate owner of NDPL that had nothing to do with the disputed transaction between NDPL and Spire. Energy Pipelines has no ownership interest in NDPL and had nothing to do with the NDPL-Spire transaction. Spire has failed to—and indeed cannot—allege any basis for piercing the corporate veil among these entities and attributing the conduct NDPL's representative, Jerry Walker, to Defendants. Specific personal jurisdiction is lacking and therefore does not provide a constitutionally permissible basis for this Court to hear this matter.

12.     Finally, Defendants never consented to the jurisdiction of Missouri's courts via the forum selection clause in the draft purchase agreement unilaterally drafted and sent by Spire because (a) such clause cannot constitute an intentional waiver as a matter of law; and (b) the Defendants never agreed to such clause.

No. 1722-CC11867

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

13.     Accordingly, this Court lacks personal jurisdiction over the Defendants and is constitutionally prohibited from hearing this matter. Plaintiff's claims must be dismissed.

14.     Alternatively, this Court should stay these proceedings out of comity, given the pendency of an identical earlier filed action in Texas state court.

15.     Where a case is filed in Missouri but involves an issue raised in a case already filed in a sister state, Missouri courts should abstain from exercising jurisdiction under the principle of comity in favor of allowing the first-filed suit to precede. *Hale v. Hale*, 781 S.W.2d 815, 820 (Mo. Ct. App. 1989).

16.     On October 13, 2017, NDPL filed an action in the 61st Judicial District, Harris County, Texas, seeking a declaration from that court as to (a) whether the contract Spire alleges in this action was actually formed and the terms of any such contract; and if so (b) whether a later negotiated Bill of Sale between Spire and NDPL releases the causes of action that Spire alleges in this matter.[1] Spire did not file this Missouri action until November 30, 2017, and did not serve Defendants until January 8, 2017.

17.     As the Texas action was first-filed and involves the same issues raised by Spire in this action, and there is a sufficient identity of parties, this Court should decline to exercise jurisdiction to prevent reaching conflicting results with the Texas action and in an effort to promote judicial economy.

18.     Defendants incorporate their Memorandum of Law, the Affidavit of Christopher McGlincey with exhibits, the Affidavit of Mark Stavinoha with exhibits, and the Affidavit Jerry

---

[1] On November 10, 2017, Spire removed the Texas state case to federal court. However, as federal subject matter jurisdiction was lacking, Spire agreed to the remand of the action to state court. Remand did not occur until December 1, 2017. Nonetheless, the removal does not affect the first-to-filed status of the Texas state action. *See*

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Walker with exhibits, as if fully stated herein.  *See Andra v. Left Gate Property Holding, Inc.*, 453 S.W.3d 216, 224-25 (Mo. banc 2015) (holding that trial courts may consider matters outside of the pleadings submitted by affidavit in ruling on motions to dismiss for lack of personal jurisdiction, without converting the motion to one for summary judgment).

WHEREFORE, Defendants Enbridge Energy Partners, L.P. and Enbridge Pipelines, Inc. respectfully request that this Honorable Court grant its Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Motion for Stay of Proceedings Pursuant to Rule of Comity; dismiss or stay these proceedings, as appropriate; and award such further relief as this Honorable Court deems appropriate and just.

Dated:  February 7, 2018

Respectfully submitted,

 /s/ William A. Brasher

William A. Brasher, #30155
One Metropolitan Square
211 N. Broadway, Suite 2300
St. Louis, MO 63102-2793
(314)621-7700  Fax:  (314)621-1088
wbrasher@boylebrasher.com

Filiberto Agusti
DC Bar No. 270058
**STEPTOE & JOHNSON LLP**
1330 Connecticut Avenue, NW
Washington, D.C. 20036
(202) 429-3000  Fax:  (202) 429-3902
FAgusti@steptoe.com

**ATTORNEYS FOR DEFENDANTS**
ENBRIDGE ENERGY PARTNERS, L.P.
AND ENBRIDGE PIPELINES, INC.

No. 1722-CC11867

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

## CERTIFICATE OF SERVICE

I hereby certify that on **February 7, 2018**, I electronically filed the foregoing with the City of St. Louis Clerk of the Court by using the Missouri Electronic Document Management System, which will send a notice of electronic filing to counsel for all parties. This constitutes service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.

_/s/ William A. Brasher_

No. 1722-CC11867

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI

|  |  |  |
|---|---|---|
| SPIRE STL PIPELINE, LLC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1722-CC11867 |
| ENBRIDGE ENERGY PARTNERS, L.P. | ) | |
| | ) | |
| and ENBRIDGE PIPELINES, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, STAY OF PROCEEDINGS PURSUANT TO RULE OF COMITY

### INTRODUCTION

The Plaintiff's petition here is a clear attempt to litigate a case that is already pending in another court.  Nearly four months ago, North Dakota Pipeline Company, LLC ("NDPL") filed a suit in the 61st Judicial District Court, Harris County, Texas against Spire STL Pipeline, LLC ("Spire") that is virtually identical to the case that Spire has now filed in this Court.  The only difference is that Spire filed this suit against one of NDPL's equity interest holders, Enbridge Energy Partners, L.P. ("Energy Partners"), and an unrelated Enbridge group company, Enbridge Pipelines, Inc. ("Enbridge Pipelines").  Energy Partners is a corporate owner of NDPL that had nothing to do with the disputed transaction between NDPL and Spire.  Energy Pipelines has no ownership interest in NDPL and had nothing to do with the NDPL-Spire transaction.

This Court should dismiss Spire's petition in its entirety for lack of personal jurisdiction.  Plaintiff fails to allege sufficient minimum contacts between Defendants and Missouri necessary to satisfy the requirements of the Due Process Clause of the United States Constitution.

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Alternatively, the Court should stay the present action as duplicative of the Texas litigation. In this regard, Spire's attempted end-run around the Texas litigation is surprising in light of its formal representation—when it unsuccessfully tried to remove the Texas Case to federal court— that it would "litigate the merits of the case [in Texas] rather than engage in motion practice over where the case should be heard" to avoid costs and fees. A stay would be consistent with the avoidance of unnecessary costs and fees by the parties, save the judicial system from the burden of adjudicating two cases on the same issues, and avoid the potential for inconsistent decisions by different courts.

## BACKGROUND

### A.    The Underlying Transaction

NDPL is a joint venture of co-Defendant Energy Partners and Williston Basin Pipe Line LLC, a subsidiary of an unrelated third party, to develop crude oil pipeline opportunities in North Dakota. NDPL is headquartered in Houston, Texas.[1]

Energy Partners is a publicly traded Delaware master limited partnership."[2] Energy Partners is primarily a liquids pipeline investor, investing in various crude oil and liquids pipeline projects and midstream businesses throughout the United States. Houston, Texas is the principal place of business for Energy Partners.[3]

Enbridge Pipelines is a Canadian company, headquartered in Calgary, Alberta.[4] Enbridge Pipelines operates the Canadian main pipeline that transports crude oil from western Canada to

---

[1] *See* Affidavit of Christopher McGlincey ("McGlincey Aff.") ¶ 3, attached as Exhibit 1.

[2] *See* McGlincey Aff. ¶ 4.

[3] *See id.*

[4] *See* McGlincey Aff. ¶ 6.

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

the Midwest region of the United States and eastern Canada for refining centers; and a Southern Lights Canada pipeline, which transports diluent from the Canada-United States border to western Canada.  It also operates wind energy facilities.

The dispute between Spire and NDPL arises out of NDPL's efforts to liquidate steel pipes that it no longer needed.  NDPL had planned to build a pipeline across North Dakota and Minnesota, but the project was indefinitely postponed.[5]  NDPL was left with a large surplus of pipe at storage locations in Minnesota and North Dakota for which it had no use, but which it was still paying to store.  Thus, in early 2017, NDPL began an effort to liquidate the excess pipe.[6]

When NDPL retains vendors for special projects, it often takes advantage of bulk purchasing arrangements with other companies in which Energy Partners has an interest.[7] Energy Partners enters into agreements with vendors, the vendors provide services to group companies as needed, and the vendors' costs are allocated among the companies.  Here, NDPL called upon S.A.G. Pipe, LLC ("SAG"), under a master services agreement with Energy Partners first entered into in September 2010, to find potential buyers.  Energy Partners was in no other way involved in the NDPL joint venture's selling of excess pipe.[8]

---

[5] *See* Affidavit of Jerry Walker ("Walker Aff.") ¶ 5, attached as Exhibit 2.

[6] *See* Walker Aff. ¶¶ 6-9; Affidavit of Mark Stavinoha ("Stavinoha Aff.") ¶ 4, attached as Exhibit 3.

[7] *See* McGlincey Aff. ¶¶ 8-9;

[8] Spire asserts without factual support that SAG "act[ed] as [Energy Partners'] broker or agent" in the underlying negotiations.  Spire Pet. ¶¶ 16, 17.  SAG was neither.  SAG's role was limited to assisting NDPL in marketing NDPL pipe.  Walker Aff. ¶ 7; Stavinoha Aff. ¶ 7; NDPL Pet. ¶ 12.

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Group companies also share employee expenses.  Enbridge Employee Services, Inc. ("Employee Services") hires employees that it makes available to group companies for defined periods.  A single central employer is commonly used by affiliated company groups because they save expenses for participating companies by eliminating redundant human resources personnel and equipment.  As in the case of vendor contracts, Employee Services allocates the employee costs among the participant companies.[9]  NDPL's representatives, including Jerry Walker, its representative in the dealings with Spire, are employees of Employee Services.[10]

On January 27, 2017, Spire emailed SAG at its Tomball, Texas office – a suburb of Houston – requesting pricing and quantity information for the NDPL pipe.[11]  From late January through February 2017, SAG fielded inquiries from Spire and other interested third parties, and relayed information between these prospective pipe buyers and NDPL.[12]  In this intermediary capacity, SAG passed along to each of NDPL, Spire and other potential buyers the needs and general terms on which NDPL and potential buyers might eventually reach agreement for the purchase of NDPL pipe.

On February 6, 2017, Spire's representative Steven Samson sent an email to NDPL representative Jerry Walker – an Employee Services employee in Houston, Texas, and Mark Stavinoha of SAG.  The email outlined the possible general terms each side had communicated to SAG.[13]  Two days later, on February 8, 2017, Spire initiated a call with NDPL and SAG

---

[9] *See* McGlincey Aff. ¶¶ 10-11; Walker Aff. ¶¶ 2-3.

[10] *Id.*

[11] *See* Spire Pet. ¶ 16; NDPL Pet. ¶ 13; Stavinoha Aff. ¶ 8 and Ex. A thereto.

[12] *See* Spire Pet. ¶¶ 17-18; NDPL Pet. ¶¶ 14-16; Stavinoha Aff. ¶ 10.

[13] *See* Spire Pet. ¶ 20, attached as Ex. A thereto; Stavinoha Aff. ¶ 11.

No. 1722-CC11867

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

during which the two parties directly negotiated these terms for the first time.[14]  During this conversation, Walker stated that, in order for Spire to reserve pipe from other possible buyers, Spire would need to make a 20% down payment to keep the 24-inch .500 weight pipe that Spire sought off the market.[15]  On February 9, 2017, Samson emailed Walker to explain that Spire was "working up a *draft* sales agreement for [NDPL's] review."[16]  In this email, Samson acknowledged NDPL's deposit requirement, writing, "[o]nce I have the sales agreement, *we can work out the details of the deposit invoice* and paperwork we will require to make sure you can get paid."[17]

In his February 9 email, Samson also requested that NDPL provide initial specifications and inspection reports from NDPL's original purchase of the pipe.[18]  On February 13, 2017, Samson emailed Walker to acknowledge receipt of the original purchase information, and informed Walker that Spire's draft sales agreement was not yet available for NDPL's review.[19]  Samson further informed NDPL that Spire required an invoice, as well as a completed supplier request form, in order to make any future payment.[20]  That same day, in a separate message to SAG, Spire requested to inspect specified NDPL pipe reflecting different volume specifications than those discussed in the February 8 phone call.[21]

---

[14] *See* Walker Aff. ¶ 11.

[15] *See* Spire Pet. ¶ 22; NDPL Pet. ¶ 17; Walker Aff. ¶ 12; Stavinoha Aff. ¶ 13.

[16] *See* Spire Pet. ¶ 23, attached as Ex. D thereto; NDPL Pet. ¶ 18 (emphasis added); Walker Aff. ¶ 13.

[17] *See id.* (emphasis added).

[18] *See id.*

[19] *See* Spire Pet. ¶¶ 24-25, attached as Exs. D, E thereto; NDPL Pet. ¶¶ 19-20.

[20] *See* Spire Pet. ¶ 25, attached as Ex. E thereto; NDPL Pet. ¶ 20.

[21] *See* Spire Pet. ¶ 26; NDPL Pet. ¶ 21; Stavinoha Aff. ¶¶ 14-15.

No. 1722-CC11867

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

On February 16, 2017, Walker emailed Samson, reiterating NDPL's requirement of a "20% down [payment] to keep the 24" .500wt off the market."[22]   Walker also observed that Spire's actions to have the pipe inspected the following week was "leading [him] to believe a decision to proceed with purchase is not finalized internally at Spire."[23]   Samson's response again acknowledged the 20% deposit requirement, but noted that Spire could not make the deposit until an agreement on all terms was concluded:  "we are committed to purchasing the pipe, as well as the 20% down payment," but noting that Spire was still in the process of "verifying that [NDPL's] specifications will match [Spire's]" and that "[o]ur legal department is not going to allow us to release a down payment without a purchase agreement in place."[24]

It was not until a week later, on February 24, 2017, that Samson emailed a copy of Spire's draft purchase agreement to Walker ("Draft Purchase Agreement"), seeking "any comments or suggested revisions."[25]   But the draft came without the required deposit, did not specify an effective date, and confirmed that the Parties had yet to enter into an agreement.[26]   Neither the Draft Purchase Agreement nor Samson's cover email transmitting the same suggests that the document was written to memorialize any prior oral agreement.  Additionally, the Draft Purchase Agreement contained numerous material terms that neither Walker nor any other NDPL representative had previously discussed with Spire.[27]

---

[22] *See* Spire Pet. ¶ 27, attached as Ex. H thereto; NDPL Pet. ¶ 21; Walker Aff. ¶ 17.

[23] *See id.*

[24] *See* Spire Pet. ¶ 28, attached as Ex. H thereto; NDPL Pet. ¶ 22.

[25] *See* Spire Pet. ¶ 30, attached as Exs. J, J-1 thereto; NDPL Pet. ¶ 23; Walker Aff. ¶ 19.

[26] *See id.*

[27] *See* Walker Aff. ¶ 20.

No. 1722-CC11867

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Without receipt of the 20% deposit, NDPL representatives had continued to market the unreserved, unsold NDPL pipe and found other willing buyers. On February 28, 2017, Walker informed Samson that, prior to its receipt of the Draft Purchase Agreement, NDPL received a firm offer from another prospective buyer for a large quantity of the same pipe material sought by Spire.[28] Since "that offer preceded [Spire's]," and Spire had failed to reserve, Walker informed Samson that NDPL would first need to work through the logistics of the first order before determining remaining availability of pipe for Spire.[29]

Samson's reply did not suggest that NDPL had acted in any way that was inconsistent with the parties' prior discussions.[30] On March 9, 2017, Walker informed Samson that all of the 24-inch pipe that Spire sought to purchase would be used to satisfy the third-party offer that NDPL had already accepted.[31]

Two weeks later, on March 21, 2017, Spire President Michael C. Geiselhart sent a demand letter suggesting, for the first time, that NDPL had breached a purported agreement to sell the NDPL pipe to Spire.[32] In the demand letter, Spire claimed that the Draft Purchase Agreement – despite the clear statements in the emails surrounding the document to the contrary – "reflected the agreement that Spire reached with Enbridge . . . during the course of negotiations that were concluded on or about February 8, 2017."[33] Spire concluded its letter by threatening litigation.

---

[28] *See* Spire Pet. ¶ 31, attached as Ex. K thereto; NDPL Pet. ¶ 25; Walker Aff. ¶ 22.

[29] *See id.*

[30] *See* Spire Pet. ¶ 32, attached as Ex. L thereto; NDPL Pet. ¶ 26.

[31] *See* Spire Pet. ¶ 35, attached as Ex. N thereto; NDPL Pet. ¶ 28; Walker Aff. ¶ 22.

[32] *See* Walker Aff.. ¶ 26, attached as Ex. M thereto; NDPL Pet. ¶ 29.

[33] *See id.*

No. 1722-CC11867

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

To avoid the expense of Spire's threatened litigation, NDPL engaged in a series of settlement negotiations with Spire to resolve its claim.[34] These negotiations were held for the express purpose of resolving Spire's claim.[35] Indeed, *at Spire's request*, both parties agreed that these communications would be "considered settlement discussions pursuant to the applicable state or federal evidence rules."[36] To accommodate Spire, NDPL modified its arrangements with other customers to make some pipe available and, on April 27 and 28, 2017, NDPL and Spire signed a Bill of Sale ("Bill of Sale") that contained a compromise between the parties that made some NDPL pipe available for sale to Spire. The agreement includes a choice of law provision, providing that its terms "will be construed in accordance with the laws of the State of Texas."[37]

On September 11, 2017, with Spire's final payment under the Bill of Sale more than one month overdue, NDPL's legal counsel wrote Spire's legal counsel to inquire.[38] To NDPL's surprise, Spire's general counsel cynically characterized the parties' settlement memorialized in the Bill of Sale as a "mitigation of Spire's damages" necessitated by NDPL's non-reservation of pipe for Spire in February 2017.[39] Thus, four and one half months after NDPL and Spire agreed to settle Plaintiff's unfounded claims, Plaintiff sought to re-assert the claim that it had an

---

[34] *See* McGlincey Aff. ¶ 12; NDPL Pet. ¶¶ 30-31.

[35] *See id.*

[36] *See* E-mail from Castor Armesto, Associate General Counsel, Spire Energy, to Chris McGlincey, Senior Legal Counsel, Enbridge Energy (Apr. 11, 2017, 12:42 PM CST), attached to McGlincey Aff. as Ex. A; NDPL Pet. ¶ 31.

[37] *See* April 28, 2017 Bill of Sale ("Bill of Sale"), attached to McGlincey Aff. as Ex. B; NDPL Pet. ¶ 32.

[38] *See* McGlincey Aff. ¶ 16, and Ex. C thereto; NDPL Pet. ¶ 39.

[39] *See id.*

No. 1722-CC11867

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

enforceable contract to reserve NDPL's pipe despite having failed to provide the required
deposit.

**B.     The Texas Case**

On October 13, 2017, NDPL filed a declaratory petition against Spire in the 61st Judicial
District Court, Harris County, Texas.[40]  NDPL's petition, as later amended, asserts two claims
for relief:  (1) declaration that the parties did not form a contract in or about February 2017 for
the sale of the NDPL pipe to Spire and (2) declaration that even if such a contract were formed,
the Bill of Sale compromise agreement fully settled any cause of action Spire may have had
under the purported February 2017 agreement.  The Court Clerk issued a case citation on
October 19, 2017, and Spire was served that same day.

**C.     Plaintiff's Attempt to Remove to Federal Court and Remand**

On November 10, 2017, without consulting NDPL, Spire filed a Notice of Removal to
the U.S. District Court for the Southern District of Texas.[41]  Spire's Notice of Removal asserted
removal was warranted under 28 U.S.C. § 1441(b) based on federal diversity subject matter
jurisdiction.  Notice of Removal ¶¶ 5-12.  Yet Spire's notice completely failed to address the
citizenship of NDPL's owners, despite the clear federal requirement "[i]n a case involving
unincorporated associations or entities, including limited liability companies and partnerships,
[that] a party seeking removal 'must specifically allege the citizenship of every member of every
LLC or partnership involved in [the] litigation.' "  *See Settlement Funding, L.L.C. v. Rapid
Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017).  NDPL promptly filed a Motion to Remand

---

[40] *See* McGlincey Aff. ¶¶ 17-19 and Ex. E thereto.

[41] *See* Spire's Notice of Removal (Nov. 10, 2017) ("Notice of Removal"), attached to McGlincey
Aff. as Ex. F.

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

the action back to Texas state court, noting Spire's failure to include in its notice the minimum allegations.[42]  NDPL requested fees and costs incurred as a result of the removal.  Mot. to Remand at 5-6.  After receiving NDPL's motion, Spire contacted NDPL and offered to consent to remand to Texas court in exchange for NDPL's agreement to withdraw its motion for costs and fees.  Spire represented to NDPL that it "would prefer to litigate the merits of the case *rather than engage in motion practice over where the case should be heard*."[43]  On December 1, 2017, Spire approved an agreed order to remand from the U.S. District Court of Texas back to Texas state court in Harris County, Texas.  Spire did not disclose that it had filed the present action, notwithstanding its agreement with NDPL under which Spire's consent to remand and litigate the matter in Texas court was the consideration offered – and accepted – in exchange for NDPL's non-pursuit of costs and fees for the improper removal.[44]

### D.    The Present Action

On November 30, 2017, Spire had filed a Petition ("Spire Petition") against NDPL shareholder Energy Partners and Enbridge Pipelines, but Spire did not serve the summonses on Defendants until January 8, 2017.[45]

Spire's Petition is a transparent attempt to litigate the same controversy as the action filed more than three months ago in the Harris County, Texas district court.  The underlying facts and controversy alleged in the instant lawsuit are identical to those of the Texas case.  Both seek

---

[42] *See* NDPL's Mot. to Remand (Nov. 21, 2017), attached to McGlincey Aff. as Ex. H.

[43] *See* E-mail from Gabriel Gore, Outside Counsel to Spire, to Vic Henry, Outside Counsel to NDPL (Nov. 27, 2017, 4:04 PM CST) (emphasis added), attached to McGlincey Aff. as Ex. I.

[44] *See* E-mail from Vic Henry to Gabriel Gore (Nov. 29, 2017, 1:15 PM CST), attached to McGlincey Aff. as Ex. J.

[45] The electronic docket in this action indicates that Spire waited until January 5, 2018, to obtain the alias summonses that it served on Defendants.

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

findings of fact about the same February 2017 communications between NDPL, SAG, and Spire representatives concerning the purchase of NDPL's pipe. *Compare* Spire Pet. ¶¶ 16-35; *with* NDPL Pet. ¶¶ 12-28. Both petitions ask the Court to determine whether those negotiations culminated in an enforceable contract in February 2017. *Compare* Spire Pet. at 1 (Introduction); *with* NDPL Pet. ¶¶ 2-4. And the contract-based theories of recovery asserted in this lawsuit are the mirror image of the declaratory relief sought by NDPL in the Texas case. *Compare* Spire Pet. Cts. I-IV, ¶¶ 37-76; *with* NDPL Pet. ¶¶ 42-55.

## ARGUMENT

### I.      Legal Standard for a Motion to Dismiss for Lack of Personal Jurisdiction

Before a nonresident defendant may be haled into Missouri courts, a plaintiff must allege sufficient contacts between the defendant and the state to confer personal jurisdiction on the court. *Angoff v. Marion A. Allen, Inc.*, 39 S.W.3d 483, 486 (Mo. banc 2001). When a defendant contests that assertion of jurisdiction on a motion to dismiss, the plaintiff carries the burden of establishing a prima facie case that defendant's contacts with the forum state were sufficient. *Johnson Heater Corp. v. Deppe*, 86 S.W.3d 114, 119 (Mo. Ct. App. 2002). The court may hear defendant's motion on affidavits and has the discretion to believe or disbelieve any factual statements made regarding such a motion. *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W. 2d 1, 3 n.3, 4 (Mo. banc 1997).

### II.     The Court Lacks Personal Jurisdiction Over Defendants

General jurisdiction permits a court to exercise jurisdiction over a corporation for causes of action entirely unrelated to the corporation's in-state activities. *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017); *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014); *Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 232 (Mo. banc 2010). Specific jurisdiction, on the other hand, is authorized when a corporation's in-state activities give rise to the liabilities

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

that are the basis of the lawsuit. *Id.* A court may also acquire jurisdiction over a defendant through waiver or consent in certain limited circumstances. *Bryant*, 310 S.W.3d at 232; *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702-04 (1982). Spire's jurisdictional allegations are insufficient as a matter of law to invoke this Court's exercise of general or specific personal jurisdiction over Energy Partners or Enbridge Pipelines or to establish that either has consented to jurisdiction.

### A.   Defendants Are Not Subject to General Jurisdiction in Missouri

General jurisdiction describes a court's power "to hear any and all claims against" a foreign corporation[46] without regard to where the event giving rise to a cause of action took place. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). In *Daimler*, the United States Supreme Court made clear that, under the "continuous and systematic" business contacts analysis, absent exceptional circumstances, a company is only subject to general jurisdiction in its state of formation or where it has its principal place of business, i.e., where it is "at home." *Daimler*, 134 S. Ct. at 760, 761 n.19; *Goodyear*, 564 U.S. at 919. Thus, under *Daimler*, a foreign defendant's contacts with Missouri qualify as an "exceptional case" only when those contacts "are so extensive and all-encompassing that Missouri, in effect, becomes another home state." *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 44 (Mo. 2017), *reh'g denied* (Apr. 4, 2017); *Daimler*, 134 S. Ct. at 758 n.11 (emphasizing that contacts are "sufficient" only when they make the foreign corporation "comparable to a domestic enterprise in that State"); *accord Tyrrell*, 137 S. Ct. at 1558. When "a corporation is neither incorporated nor maintains its principal place of business in a state,

---

[46] *See Goodyear*, 564 U.S. at 919 (noting that "foreign" refers both to "sister-state or foreign-country").

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case.' " *Norfolk S. Ry. Co.*, 512 S.W.3d at 48.

As noted, neither Energy Partners nor Enbridge Pipelines call Missouri home. And Spire's conclusory allegations do not come remotely close to demonstrating the required exceptional case necessary for general personal jurisdiction in this state. First, Spire alleges, "upon information and belief," that "Energy Partners has limited partnership unit holders that reside in Missouri and is therefore a citizen of Missouri." Spire Pet. ¶ 11.[47] But Spire is looking at the wrong standard for determining citizenship for purposes of general personal jurisdiction. A partnership's citizenship is based on its equity holder's citizenship only for purposes of determining *diversity subject matter* jurisdiction in federal courts, which have limited jurisdiction. The analysis of an unincorporated entity's contacts with a forum for purposes of determining personal jurisdiction "is a separate inquiry" than citizenship under subject matter jurisdiction. *See., e.g.*, *Goforit Entm't LLC, v. Digimedia.com L.P.*, 513 F. Supp. 2d 1325, 1331-32 (M.D. Fla. 2007) ("The fact that the 'citizenship' of a limited partnership is determined based on its partners in order to evaluate subject-matter jurisdiction in a [federal] diversity-of-citizenship case does not mean that a limited partnership is necessarily amenable to jurisdiction in every state of which any of its partners is a citizen.").[48]

---

[47] Spire's decision to reassert this allegation is surprising, given Spire was forced to abandon its removal of the prior filed Texas Case to U.S. District Court and to consent to remand to Texas state court precisely because Spire could not establish the citizenship of Energy Partners' unit holders. As a master limited partnership, Energy Partners' units are traded publically on the New York Stock Exchange, often in "street name." *See* McGlincey Aff. ¶ 4.

[48] *See also Ismail v. Volvo Group North America, Inc.*, 2017 WL 5652562, at *3 n.8 (Pa. Com. Pl. Oct. 10, 2017) ("[D]iversity jurisdiction . . . is an issue of federal law that is completely inapplicable to this dispute."); *Carruth v. Michot*, No. A-15-CA-189-SS, 2015 WL 6506550, at *7 (W.D. Tex. Oct. 26, 2015) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486 (1985)) (finding personal jurisdiction argument based on defendant LLC's members' individual

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Even though Energy Partners is a master limited partnership and not a corporation, "the reasoning of *Daimler* applies with equal force," and that Court's "at home" minimum contacts analysis must be applied. *Finn v. Great Plains Lending, LLC*, No. CV 15-4658, 2016 WL 705242, at *3 (E.D. Pa. Feb. 23, 2016); *see also* BNSF Ry. Co., 137 S. Ct. at 1558-59 ("The Fourteenth Amendment due process constraint described in *Daimler* . . . does not vary with the type of claim asserted or business enterprise sued."). That is so, because, although the language in *Daimler* speaks in terms of "corporations," the entity at issue and the focus of the Court's "essentially at home" analysis was an unincorporated LLC. *Daimler*, 134 S. Ct. at 761-62; *id.* at 751 ("Jurisdiction over the lawsuit was predicated on the California contacts of Mercedes-Benz USA, LLC (MBUSA), a subsidiary of Daimler incorporated in Delaware with its principal place of business in New Jersey."). The law is clear: the mere fact that citizens of a state own interests in a limited partnership does not give courts of that state general jurisdiction over the partnership.

Second, Spire alleges—also "upon information and belief" and without providing any details —that there is general jurisdiction because "Energy Partners and Enbridge Pipelines "conduct a significant, systematic, and continuous portion of its overall business in Missouri," such that Energy Partners and Enbridge Pipelines are 'at home' in Missouri." Spire Pet. ¶ 13.

This conclusory allegation is hardly the showing of an "exceptional" case that *Tyrrell* and *Daimler* require where a corporate entity is not incorporated nor has a principal place of business in a state. In *Tyrrell*, defendant BNSF Railway earned about 10% of its revenue—$1.75 billion

---

citizenship "lacked merit" because it "blurs principles of diversity jurisdiction and [personal jurisdiction] minimum contacts and ignores the Supreme Court's prohibition on 'talismanic jurisdictional formulas' ").

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

in 2013—from Montana,[49] where it employed over 2,100 people—about 5% of its workforce—and owned over 2,000 miles of railroad track—about 6% of its total tracks.[50]  The Montana trial court found general jurisdiction over BNSF, noting that in a recent year it had shipped almost fifty million tons of goods from the state and had recently invested close to $500 million there. *Tyrrell v. BNSF Ry. Co.*, No. DV 14-699, slip op. at 2-3 (13th Jud. Dist., Yellowstone Cty., Mont. Oct. 7, 2014).  The U.S. Supreme Court found that, under these facts, Montana lacked general jurisdiction over BNSF.  The Court re-emphasized its holding in *Daimler* that corporations are at home only in their place of incorporation and principal place of business, save for a truly "exceptional case."  *Tyrrell*, 137 S. Ct. at 1558 (quoting *Daimler*, 134 S. Ct. at 754).  The Court concluded that, despite its extensive contacts with Montana, BNSF was not "at home" there for general jurisdiction purposes. *Id.*; *see also Daimler*, 134 S. Ct. at 752, 760-62, 767 (no "exceptional case" for general jurisdiction in California where defendant was largest supplier of luxury cars in California, maintained multiple facilities and a regional headquarters in California, and had $4.6 billion in sales in California, 2.4% of its total business).

Similarly, in *Norfolk Southern Railway Co.*, the Missouri Supreme Court held that a foreign railroad company's Missouri contacts, although substantial in absolute terms, represented only a small fraction of the company's overall operations and were therefore insufficient to support general jurisdiction.  512 S.W.3d at 47 (noting the company's 400 miles of Missouri track, approximately $232 million in-state revenue, and 590 Missouri employees).

Spire has not and cannot allege that the business contacts of Energy Partners or Enbridge Pipelines exceed those of the foreign corporations in *Tyrrell*, *Daimler*, or *Norfolk*.  Of course,

---

[49] Joint Appendix at 37, *Tyrrell*, 137 S. Ct. 1549 (No. 16-405).

[50] *Id.* at 26-27.

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

neither is incorporated or has its principal place of business in Missouri. Neither Defendant has any operations in the state, nor do they own any property in Missouri. Defendants do not have any employees in Missouri. Indeed, neither Energy Partners nor Enbridge Pipelines even have an equity interest in any company that owns facilities in Missouri. This does not approach the "exceptional case" required by *Tyrrell* and *Daimler*. As a result, Spire cannot sustain its claim that Defendants have the minimum contacts necessary to subject them to jurisdiction for causes of action not arising from those contacts.

**B.    Defendants Are Not Subject to Specific Jurisdiction in Missouri**

Missouri courts apply a two-step inquiry to determine whether they may exercise specific personal jurisdiction. *Angoff*, 39 S.W. 3d at 486. A court must first determine whether the plaintiff's claims against that defendant arise out of an activity enumerated in the Missouri long-arm statute. *See Chromalloy American Corp.*, 955 S.W.2d at 4. Second, the court is to determine whether the exercise of personal jurisdiction comports with due process. *Angoff*, 39 S.W. 3d at 486. These inquiries "must be addressed separately, and failure to satisfy either precludes the exercise of specific personal jurisdiction." *Cromeans v. Morgan Keegan & Co.*, No. 2:12-CV-04269-NKL, 2014 WL 1375038, at *2 (W.D. Mo. Apr. 8, 2014). Ultimately, for specific personal jurisdiction to exist, the contacts between the defendant and the forum state must be sufficient to establish that the defendant purposefully availed itself of the benefits and protections of the forum state. *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006).

Here, Spire's specific jurisdiction allegations must fail because they are predicated on Plaintiff's erroneous and unsupported assertion that Jerry Walker was an employee or "agent" of Energy Partners and Enbridge Pipelines during the relevant time period. *See* Spire Pet. ¶¶ 8, 38. But, as noted above, Mr. Walker was at all relevant times employed by Employee Services, not

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Energy Partners or Enbridge Pipelines.  Walker Aff. ¶ 4.  During the period relevant to Spire's Petition, Mr. Walker exclusively worked for NDPL in asset disposition, and did not report to anyone at Energy Partners or Enbridge Pipelines.  *See id.* ¶¶ 4-5.

Missouri law follows the "general rule" that "two separate corporations are to be regarded as distinct legal entities, even if the stock of one is owned partly or wholly by the other."  *Central Cooling & Supply Co. v. Director of Revenue*, 648 S.W.2d 546, 547-48 (Mo. 1982).  Thus, Spire's jurisdictional allegations against Energy Partners are inadequate.

## C.   Defendants Did Not Consent to Personal Jurisdiction in Missouri

Finally, Spire argues that Energy Partners and Enbridge Pipelines consented to personal jurisdiction because its Draft Purchase Agreement – on which none of NDPL, Energy Partners, or Enbridge Pipelines *even made comments, much less executed* – contains a forum selection clause that designates St. Louis County, Missouri as the agreed venue for litigation arising out of the purported agreement.  *See* Spire Pet. ¶ 12.  There simply is no basis on which one could sustain such an argument.[51]

Spire faces a high standard in proving consent to jurisdiction.  Precisely because consent to jurisdiction operates as a waiver of a defendant's due process rights, any such waiver must be intentional.  *See Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 703-04; *Norfolk S. Ry. Co.*, 512 S.W.3d at 46.  Spire cannot approach such a showing.

First, as noted, Energy Partners and Enbridge Pipelines were not even involved in the NDPL-Spire negotiations.  Without piercing the corporate veil, Spire cannot attribute NDPL's

---

[51] Defendants also note that the forum selection provision on which Spire relies for its consent argument specifies "the state or federal courts having jurisdiction over St. Louis County, Missouri."  Spire Pet. ¶ 12 and Ex. J-1 thereto (emphasis added).  Defendants expressly reserve their right, if the Court should find it has jurisdiction in the action, to seek transfer of venue to the Circuit Court of St. Louis County should this Court deny the present motion.

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

discussions to Energy Partners and Enbridge Pipelines Spire has not established facts that justify such veil-piercing.

Second, even if NDPL's actions were attributed to Energy Partners and Enbridge Pipelines, the evidence shows no NDPL consent to Spire's unilaterally prepared Draft Purchase Agreement. The evidence is clear that Spire did not send the draft Purchase Agreement until February 24, 2017. There is no communication before that date between the parties as to forum selection. NDPL's only reaction to the draft Purchase Agreement was when, on February 28, 2017, Mr. Walker informed Samson that, *prior to its receipt* of the draft Purchase Agreement, NDPL received a firm offer from another prospective buyer. And when NDPL and Spire finally reached a settlement in the Bill of Sale, the chosen law was Texas. This is hardly a showing of NDPL's consent.

Finally, even if one assumes, only for purposes of Spire's jurisdiction-by-consent argument, that a contract was formed in February 2017,[52] and that all parties are "merchants" within the meaning of the Uniform Commercial Code ("UCC"),[53] the forum selection clause still would not be a term of any alleged agreement. Under UCC § 2-207, additional terms included in an acceptance or a written confirmation between merchants do not become a part of a contract if those terms "materially alter it." Mo. Ann. Stat. § 400.2-207(2)(b). As the Missouri Court of Appeals recently observed, "every court presented with the issue has found that a forum selection clause included in a confirmatory writing constitutes a material alteration of the underlying contract." *Office Supply Store.com v. Kansas City Sch. Bd.*, 334 S.W.3d 574, 580

---

[52] Defendants expressly reject any suggestion that any writing to which Spire refers in its Petition is sufficient to satisfy the merchants' exception to the Statute of Frauds. *See* Mo. Ann. Stat. § 400.2-201(2)).

[53] *See* Mo. Ann. Stat. § 400.2-104(1) (defining "merchant").

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

(Mo. Ct. App. 2011) (collecting cases).[54]  Accordingly, "the forum selection clause [] cannot become part of the contract absent some indicia of the parties' agreement to the term."  *Id.* (finding no such indicia); *see also Prod. Components, Inc. v. Regency Door & Hardware, Inc.*, 568 F. Supp. 651, 654 (S.D. Ind. 1983) ("Subtle differences in courts, jurors and law among the states and considerations of litigation expense are factors the Court believes most merchants would consider important.").  Here, there are no "indicia" that Defendants ever discussed – let alone previously agreed – with Spire to submit to the jurisdiction of Missouri courts.

Energy Partners and Enbridge Pipelines cannot be deemed to have intentionally waived their due process rights, and there is no other constitutionally viable ground for this Court to exercise personal jurisdiction over them.  Spire's Petition must be dismissed for lack of personal jurisdiction over Energy Partners and Enbridge Pipelines.

## III.   Alternatively, this Action Should be Stayed Under the Rule of Comity

Even if this Court should determine that it has jurisdiction to entertain this action, it should stay its prosecution under Missouri's rule of comity.  Missouri applies the rule of comity to stay cases filed in Missouri that are duplicative of cases already pending in other jurisdictions.

---

[54] *See also Dale R. Horning Co. v. Falconer Glass Indus.*, 710 F. Supp. 693, 698-99 (S.D. Ind. 1989) (finding as a matter of law that a forum-selection clause materially altered an oral contract); *The Sportsman Channel v. The Small Grp.*, No. 08-CV-65, 2008 WL 2909811, at *3 (E.D. Wisc. July 25, 2008) ("It is well-established that the addition of forum selection clauses to agreements constitutes a 'material alteration.' "); *Cunningham v. Fleetwood Homes of Georgia, Inc.*, 253 F.3d 611, 622 n.13 (11th Cir. 2001) (observing "that arbitration clauses, like other kinds of forum selection clauses, are generally considered material terms under state law variants of the Uniform Commercial Code"); *Coastal Indus., Inc. v. Automatic Steam Prods. Corp.*, 654 F.2d 375 (5th Cir. 1981) (finding unilateral insertion of arbitration clause was a *per se* alteration of the contract under state law); *General Instrument Corp. v. Tie Mfg., Inc.*, 517 F. Supp. 1231, 1234 (S.D.N.Y.1981) (finding forum selection clause materially altered contract); *Lorbrook Corp. v. G & T Industries, Inc.*, 562 N.Y.S. 2d 978, 980 (1990) (discussing addition of forum selection term as material alteration to prior agreement).

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

*See Hale v. Hale*, 781 S.W.2d 815, 820 (Mo. Ct. App. 1989) (affirming dismissal of claim, in

part, based on prior pendency of defendant's petition in Oklahoma).[55]   Under this rule, a district

court has the inherent power to stay its proceedings in favor of litigation pending in another state

to forward "the orderly administration of justice."   *Brooks Erection & Const. Co. v. William R.*

*Montgomery & Assocs., Inc.*, 613 S.W.2d 859, 863 (Mo. Ct. App. 1981); *see also Jewell v.*

*Jewell*, 484 S.W.2d 668, 674 (Mo. App. 1972); *Grey v. Indep. Order of Foresters*, 196 S.W. 779,

783 (Mo. App. 1917) (describing the rule as "[t]he duty to recognize the validity and effect of a

judgment or proceedings of a court in a foreign jurisdiction").   Indeed, the Missouri Supreme

Court has held that failure to grant relief where appropriate on the basis of comity is error.

*See Ramsden v. Illinois*, 695 S.W.2d 457, 459 (Mo. banc 1985) (reversing trial court and holding

that "on principles of comity the trial court should have declined jurisdiction and sustained the

motion to dismiss").

### A.   This Action is Duplicative of the Texas Case

Missouri courts, like courts throughout the country, will find a case duplicative if:  (1) the

two petitions seek similar findings of fact and rulings of law, and (2) there is a sufficient identity

of parties to both actions.  To satisfy the first factor, the claims set forth in the first-filed action

---

[55] The rule of comity is widely applied by sister courts to provide relief from duplicative litigation.  *See, e.g., Bass ex rel. Will of Bass v.. DeVink*, 336 N.J. Super. 450, 455-56, 765 A.2d 247, 250 (App. Div. 2001) ("Applying principles of comity, we have long adhered to the general rule that the court first acquiring jurisdiction has precedence absent special equities. . . . Respect for our sister states and the strong public policy in favor of marshaling judicial resources require abstention in these circumstances."); *Nationwide Mut. Ins. Co. v. Mayer*, 833 P.2d 60, 61 (Colo. App. 1992) ("If suits are filed in two different states . . . the court in which the second action is brought may in its discretion stay or suspend that suit, awaiting decision in the first one."); *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970) ("[D]iscretion should be exercised freely in favor of the stay when there is a prior action pending elsewhere."); *Leadford v. Leadford*, 6 Cal. App. 4th 571, 575, 8 Cal. Rptr. 2d 9, 12 (1992) ("In many cases, considerations of comity and the prevention of multiple and vexatious litigation will most often militate in favor of stay [of a later-filed action].").

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

need not be identical to those asserted in the second-filed action. *See, e.g.*, *Davis Ins. Group, Inc. v. Ins. Associates, Inc.*, 1998 WL 892623, at *3 (Del. Ch. Del. 3, 1998) (concluding Pennsylvania action was a prior pending action even though it did not involve "the precise causes of action being asserted in this Court"). Similarly, a case is considered to be duplicative where one lawsuit asserts legal claims for relief while the other seeks equitable relief from those same claims, so long as the same issues of law and fact are raised in both actions. *Grey*, 196 S.W. at 783 ("[A] judgment in the Missouri court where the policy was on file would as effectually dispose of the policy as would the decree of the Canadian court ordering it delivered up for cancellation.").

This action unquestionably and quite intentionally seeks similar findings of fact and conclusions of law as the Texas Case. Even a cursory comparison between NDPL's Texas Petition and Spire's Petition in this action reveals the identity of facts, issues, and parties in the two actions are substantively the same. In both petitions, the parties' factual allegations refer to and quote from the same set of core email and phone communications that representatives of NDPL, SAG, and Spire exchanged in a period between January and March 2017. *Compare* Spire Pet. ¶¶ 16-35; *with* NDPL Pet. ¶¶ 12-28. The dueling claims for relief asserted in the petitions likewise present two sides of the same core factual and legal issue: whether these communications support a finding that a contract for the sale of NDPL pipe was reached, and if so, what the terms of any such agreement are. *Compare* Spire Pet. Cts. I-IV, ¶¶ 37-76; *with* NDPL Pet. ¶¶ 42-55. The two actions mirror one another: NDPL's Petition seeks relief in the form of a declaration that NDPL and Spire did not form a binding contract for the sale of NDPL pipe to Spire in February 2017, and Spire seeks judgment that this purported contract was indeed formed and breached. *Compare* Spire Pet. at 1 (Introduction); *with* NDPL Pet. ¶¶ 2-4.

No. 1722-CC11867

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

As to the second factor in comity analysis, Spire cannot make the action non-duplicative by suing some of its adversary's shareholders.  Courts have repeatedly found a sufficient identity of parties even though the second suit is against a shareholder, parent or subsidiary of the litigant in the first filed case.  *See, e.g.*, *AT&T Corp. v. Prime Sec. Distributors, Inc.*, No. CIV.A. 15177, 1996 WL 633300, at *2-3 (Del. Ch. Oct. 24, 1996) (finding sufficient identity of parties between AT&T and its subsidiary, where the latter was not a party to prior filed action); *McQuaide v. McQuaide*, No. CIV.A. 612-N, 2005 WL 1288523, at *4 (Del. Ch. May 24, 2005) (finding party in a second-filed action to be "functionally the same" because its officers, directors, and stockholders were party to the prior action); *FWM Corp. v. VKK Corp.*, No. CIV. A. 12485, 1992 WL 87327, at *1 (Del. Ch. Apr. 27, 1992) (finding sufficient identity of parties to satisfy "same party" analysis where first-filed action included stockholder of and entity related to corporate party in second-filed action); *Adirondack GP, Inc. v. Am. Power Corp.*, No. 15060, 1996 WL 684376, at *6 (Del. Ch. Nov. 13, 1996) (finding parties were "substantially the same" where defendant in first-filed action was parent company of plaintiff in second-filed action); *Brookstone Partners Acquisition XVI, LLC v. Tanus*, No. CIV.A. 7533-VCN, 2012 WL 5868902, at *3 (Del. Ch. Nov. 20, 2012) (finding sufficient identity between parties where party named in second-filed action was a majority interest owner of subsidiary company named in first-filed Texas action).  Spire's suit against one of NDPL's equity holders – Energy Partners – and an equity holder of Energy Partners – Enbridge Pipelines – is a tactic for filing a duplicative suit that has been soundly rejected.

### B.     The Texas Action was Filed First

When a case is found to be duplicative of another first filed in another state, Missouri courts, like courts throughout the nation, hold that comity requires deference to the first filed

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

forum: "[W]hen two courts have co-ordinate jurisdiction, the one whose jurisdiction *first attaches* will retain it and proceed to final judgment regardless of the action of the other court." *Grey*, 196 S.W. at 783 (emphasis added); *see also, e.g.*, *Hale*, 781 S.W.2d at 820 (affirming dismissal of claim that was already under judicial review in Oklahoma); *Gen. Dynamics Corp. v. Luten*, 566 S.W.2d 452, 460 (Mo. 1978) (reversing injunction against first filed California suit, holding: "The jurisdiction of the California court and the right of the parties to prosecute proceedings therein, having once attached, cannot be arrested by the Missouri court. The considerations of comity between states heavily favors California."). *See also McWane Cast Iron Pipe Corp.*, 263 A.2d at 283 ("[A]s a general rule, litigation should be confined to the forum in which it is first commenced, and a defendant should not be permitted to defeat the plaintiff's choice of forum in a pending suit by commencing litigation involving the same cause of action in another jurisdiction of its own choosing." (emphasis added)).

It is beyond dispute that NDPL was the first to file its Original Petition, on October 13, 2017, in the District Court of Harris County, Texas. This Missouri action was not filed until November 30, 2017, and even then, Spire appears to have idled its claimed right to prosecute for five weeks, until January 8, 2018, before serving summonses. Prior to initiating this action Spire was certainly on notice of the allegations and arguments set forth in the Texas Case. Spire's decision to later file suit in Missouri, and the circumstances around it, reeks of forum shopping and should not be condoned by this Court. *Id.* .

Spire's profoundly improper attempt to remove to the U.S. District Court in Texas did not deprive the Texas Case of its first-filed status. In removing a case with a wholly inadequate pleading, Spire's plan seems to have been a misguided attempt to defeat the first-filed status of the Texas case, since it filed the present action one day before it authorized NDPL to file the

parties' joint motion to remand to Texas state court. Indeed, Spire delayed filing of that motion while it ostensibly considered the form of motion. If so, it is futile, for NDPL's remanded action relates back to its Original Petition. *See Lexington Ins. Co. v. Daybreak Exp., Inc.*, 393 S.W.3d 242 (Tex. 2013) (holding that plaintiff's amendment to an original petition after failure of removal to federal court related back to the original petition).

Indeed, even where there is no relation-back, courts have held that the plaintiff's "first-filed" choice of forum is to be honored. For instance, in *United Phosphorus, Ltd. v. Micro-Flo*, the defendant responded to plaintiff's first-filed Delaware federal action by filing a second competing action in Georgia, attempting to move the litigation to its preferred venue. 808 A.2d 761, 764-65 (Del. 2002). After the U.S. District Court dismissed plaintiff's federal claim, the court was forced to dismiss all pendent state law claims. *Id.* Plaintiff then refiled the state law claims in Delaware state court. *Id.* The Delaware Supreme Court determined that the plaintiff's Delaware state court action should be accorded first-filed status because (1) "[plaintiff] did not voluntarily abandon its first choice of forum, and (2) when forced to refile in State court, [plaintiff] repeated the exact same state law claims as it raised in its original complaint." *Id.* The court further concluded that the plaintiff was always "pursuing its original plan to litigate in Delaware," while simultaneously admonishing defendant for "forum shopping" by initiating the Georgia Action. *Id.* *A fortiori*, where a suit is improperly removed to federal court then promptly remanded and there is relation back to the original date of the state lawsuit's filing, first-filed status is not defeated.

### C.   A Stay Promotes Sound Policy Bases for Exercising Rule of Comity

A stay of this action likewise promotes sound policy underpinning Missouri courts' application of the rule of comity in duplicative actions. A stay would serve a primary purpose of

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

relieving the parties from incurring the expense and burden of litigating the same cause of action twice. *See State ex rel. City of Springfield v. Conley*, 760 S.W.2d 948, 950 (Mo. Ct. App. 1988); *see also Bass ex rel. Will of Bass v. DeVink*, 765 A.2d 247, 251 (N.J. App. Div. 2001) ("The stay advances our strong policy of avoiding vexatious and oppressive multiple litigation in different jurisdictions."). This interest is particularly strong here where, in Spire's own assessment, there is no substantive difference between Texas and Missouri in the relevant areas of law.[56] A stay would also comport with Missouri's "strong policy bent against . . . forum-shifting" by refusing to award Spire's transparent effort to defeat NDPL's legitimate choice of Texas as the forum to litigate this case. *Brooks*, 613 S.W.2d at 863. Finally, a stay of this action may "forestall the possibility of inconsistent judgments on the same claim."[57] *See City of Springfield*, 760 S.W.2d at 950.

The petitions in both the Texas Case and this Missouri Case establish that the facts, issues, and parties in both actions are substantially similar, if not identical. The evidence further establishes that the Texas Case was first-filed. For these reasons, if the Court determines that it has jurisdiction over either Energy Partners or Enbridge Pipelines, the Court should stay this action pending a resolution of the Texas Case.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully urge this Court to dismiss this

---

[56] *See* Spire's Mot. to Dismiss at 10 n.2 (asserting that "Missouri law and Texas law are substantively identical" with regard to Spire's contract formation claims).

[57] Under Missouri law, the Texas district court would not be expected to recognize an inconsistent final judgment resulting from the present action: "We do not understand that the recognized rule of comity binds a court that has first acquired jurisdiction of a cause to recognize as binding a judgment of a foreign court rendered in a suit subsequently begun in the foreign jurisdiction when it appears that there must have been some ulterior motive that prompted that suit." *Grey*, 196 S.W. at 784.

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

action for lack of personal jurisdiction.  Alternatively, the Court should exercise its sound

discretion and apply the rule of comity to stay any further proceedings pending the resolution of

the Texas litigation.


Dated:  February 7, 2018                    Respectfully submitted,

                                            /s/ William A. Brasher

                                            William A. Brasher, #30155
                                            One Metropolitan Square
                                            211 N. Broadway, Suite 2300
                                            St. Louis, MO 63102-2793
                                            (314)621-7700  Fax:  (314)621-1088
                                            wbrasher@boylebrasher.com


                                            Filiberto Agusti
                                            DC Bar No. 270058
                                            **STEPTOE & JOHNSON LLP**
                                            1330 Connecticut Avenue, NW
                                            Washington, D.C. 20036
                                            (202) 429-3000  Fax:  (202) 429-3902
                                            FAgusti@steptoe.com

                                            **ATTORNEYS FOR DEFENDANTS**
                                            ENBRIDGE ENERGY PARTNERS, L.P.
                                            AND ENBRIDGE PIPELINES, INC.


## CERTIFICATE OF SERVICE

I hereby certify that on **February 7, 2018,** I electronically filed the foregoing with the
City of St. Louis Clerk of the Court by using the Missouri Electronic Document Management
System, which will send a notice of electronic filing to counsel for all parties. This constitutes
service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.

                                            /s/ William A. Brasher

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI

SPIRE STL PIPELINE, LLC.                )
                                        )
     Plaintiff,                        )
                                        )
vs.                                     )
                                        )   Cause No. 1722-CC11867
ENBRIDGE ENERGY PARTNERS, L.P.          )
                                        )
and ENBRIDGE PIPELINES, INC.            )
                                        )
     Defendants.                       )

### AFFIDAVIT OF CHRISTOPHER MCGLINCEY

    I, Christopher McGlincey, being first duly sworn, do state, to the best of my knowledge and belief:

    1.    My name is Christopher McGlincey.  I am over the age of 21, of sound mind, and I have personal knowledge of all matters and facts asserted herein, and they are true.

    2.    I am Senior Legal Counsel, U.S. Law, serving the Enbridge, Inc. group of companies, and I am an employee of Enbridge Employee Services, Inc ("Employee Services").

    3.    North Dakota Pipeline LLC ("NDPL") is a joint venture of Enbridge Energy Partners, L.P. ("Energy Partners") and Williston Basin Pipe Line LLC, a subsidiary of an unrelated third party.  NDPL is a Delaware entity with its principal place of business in Houston, Texas.

    4.    Energy Partners is a Delaware master limited partnership whose units are traded publically on the New York Stock Exchange, often in "street name."  Energy Partners is primarily a liquids pipeline investor, investing in various crude oil and liquids pipeline projects

EXHIBIT
1

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

and midstream businesses throughout the United States.  Houston, Texas is Energy Partners' principal place of business.

5.     Energy Partners does not own any equity interest in a company that does business in Missouri.  Energy Partners likewise has no operations of its own in the state, nor does it own any property or have any employees in Missouri.

6.     Enbridge Pipelines Inc. ("Enbridge Pipelines") is a Canadian company, headquartered in Calgary, Alberta.

7.     Enbridge Pipelines has no interest, directly or indirectly, in any Enbridge company doing business in Missouri.  Enbridge Pipelines likewise has no operations of its own in the state, nor does it own any property or have any employees in Missouri.

8.     When NDPL retains vendors for special projects, it often takes advantage of bulk purchasing arrangements with other companies in which Energy Partners has an interest.  Energy Partners enters into agreements with vendors, the vendors provide services to group companies as needed, and the vendors' costs are allocated among the companies.

9.     As relevant here, NDPL called upon S.A.G. Pipe, LLC ("SAG"), under a master services agreement with Energy Partners first entered into in September 2010, to find potential buyers for NDPL surplus pipe.  Energy Partners was in no other way involved in the NDPL joint venture's selling of pipe.

10.     Enbridge group companies also share employee expenses.  Employee Services hires employees that it makes available to group companies for defined periods.  A single central employer is commonly used by affiliated company groups because they save expenses for participating companies by eliminating redundant human resources personnel and equipment.

MCGLINCEY AFFIDAVIT ISO DEFENDANTS' MOTION TO DISMISS                    2

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

As in the case of vendor contracts, Employee Services allocates the employee costs among the participant companies.

11.    NDPL's representatives, including Jerry Walker, are employees of Employee Services.

12.    As counsel for Enbridge group companies, I represented NDPL in responding to Spire's threat of litigation in March and April of 2017.  On behalf of NDPL, I engaged in a series of settlement negotiations with counsel for Spire to resolve its claim and avoid the expense of Spire's threatened litigation.  NDPL engaged in these negotiations for the express purpose of resolving Spire's claim.

13.    At Spire's request, I agreed that our communications would be "considered settlement discussions pursuant to the applicable state or federal evidence rules."[1]

14.    To accommodate Spire, NDPL modified its arrangements with other customers to make a quantity of pipe available and, on April 27 and 28, 2017, NDPL and Spire signed a Bill of Sale ("Bill of Sale") that contained a compromise between the parties that made a substantial quantity of NDPL pipe available for sale to Spire.[2]

15.    The compromise Bill of Sale agreement includes a choice of law provision, providing that its terms "will be construed in accordance with the laws of the State of Texas."[3]

16.    After Spire failed to timely perform all of its obligations under the Bill of Sale, I wrote to Spire's Counsel on September 11, 2017.[4]  Notwithstanding our compromise agreement,

---

[1] *See* E-mail of Castor Armesto, Associate General Counsel, Spire Energy, to Chris McGlincey, Senior Legal Counsel, Enbridge Energy (Apr. 11, 2017, 12:42 PM CST), true and correct copy attached as Ex. A.

[2] *See* April 28, 2017 Bill of Sale ("Bill of Sale"), true and correct copy attached as Ex. B.

[3] *See id.*

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Spire's counsel responded that Spire refused to complete performance.[5]  Spire characterized the Bill of Sale as a "mitigation of Spire's damages" necessitated by NDPL's non-reservation of pipe for Spire in February 2017.  Spire again threatened litigation.

17.     On October 13, 2017, after more than two months had passed during which Spire failed to fully perform its obligations under the Bill of Sale, NDPL filed a breach of contract and declaratory petition against Spire in the 61st Judicial District Court, Harris County, Texas.

18.     Spire eventually paid its final installment under the Bill of Sale, and NDPL amended its petition accordingly to remove the breach of contract claim.

19.     NDPL's petition currently pending before the 61st Judicial District Court in Harris County, Texas asserts two claims for relief:  (1) a declaration that the parties did not form a contract in or about February 2017 for the sale of the NDPL pipe to Spire, and (2) a declaration that even if such a contract were formed, the Bill of Sale compromise agreement fully settled any cause of action Spire may have had under the purported February 2017 agreement.[6]

20.     On November 10, 2017, Spire filed a Notice of Removal to the U.S. District Court for the Southern District of Texas.[7]

21.     Spire also filed a Motion to Dismiss NDPL's Petition for lack of jurisdiction.

---

[4] *See* E-mail of Chris McGlincey to Castor Armesto (Sept. 11, 2017, 3:34 PM CST), true and correct copy attached as Ex. C.

[5] *See* E-mail of Castor Armesto to Chris McGlincey (Sept. 12, 2017, 5:29 PM CST), true and correct copy attached as Ex. D.

[6] *See* NDPL First Amended Original Petition (Oct. 19, 2017), true and correct copy attached as Ex. E.

[7] *See* Spire's Notice of Removal (Nov. 10, 2017), true and correct copy attached as Ex. F.

**MCGLINCEY AFFIDAVIT ISO DEFENDANTS' MOTION TO DISMISS**                4

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

22.     NDPL promptly filed a Motion to Remand the action back to Texas state court, noting Spire's failure to include in its notice the minimum jurisdictional allegations.[8]  NDPL's motion included a request for fees and costs incurred as a result of the wrongful removal.[9]

23.     After receiving NDPL's motion, Spire contacted NDPL and offered to consent to remand to Texas state court in exchange for NDPL's agreement to withdraw its motion for costs and fees.[10]  Spire represented to NDPL that it "would prefer to litigate the merits of the case *rather than engage in motion practice over where the case should be heard*."[11]

24.     On November 9, 2017, NDPL accepted Spire's offer to withdraw its motion for costs and fees:  "NDPL will agree to not seek costs and fees, *provided the case will be remanded now*."[12]

25.     On December 1, 2017, Spire provided its consent to NDPL to submit an agreed order to remand from the U.S. District Court of Texas.[13]

26.     In providing its consent to the agreed order to remand, Spire did not disclose that it had filed a parallel action in Missouri court.

---

[8] *See* NDPL's Motion to Remand (Nov. 21, 2017), true and correct copy attached as Ex. H.

[9] *Id.*

[10] *See* E-mail of Gabriel Gore, Outside Counsel to Spire, to Vic Henry, Outside Counsel to NDPL (Nov. 27, 2017, 4:04 PM CST), true and correct copy attached as Ex. I.

[11] *Id.* (emphasis added).

[12] *See* E-mail of Vic Henry to Gabriel Gore (Nov. 29, 2017, 1:15 PM CST) (emphasis added), true and correct copy attached as Ex. J.

[13] *See* E-mail of Gabriel Gore to Vic Henry (Dec. 1, 2017, 9:20 AM CST), true and correct copy attached as Ex. K.

FURTHER, AFFIANT SAYETH NOT.



Christopher McGlincey

Subscribed and sworn to before me this 7th day of February, 2018.

_Cindi L. Albiston_

Notary Public

My Commission Expires: January 31, 2020

```
CINDI L. ALBISTON
NOTARY PUBLIC - MINNESOTA
My Commssion Expires Jan. 31, 2020
```

MCGLINCEY AFFIDAVIT ISO DEFENDANTS' MOTION TO DISMISS                6

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

## Chris McGlincey

**From:**       Chris McGlincey
**Sent:**       Tuesday, April 11, 2017 12:54 PM
**To:**         Armesto, Castor J.
**Cc:**         Gabriel Gore
**Subject:**    Re: Call Follow-Up

Sure

Sent from my iPhone

On Apr 11, 2017, at 12:42 PM, Armesto, Castor J. <Castor.Armesto@spireenergy.com> wrote:

> Chris,
>
> Thanks for the chat earlier this morning.  So that our commercial folks can speak freely, can we agree
> that these discussions will be considered settlement discussions pursuant to the applicable state or
> federal evidence rules?
>
> Thanks again.
>
> Best,
> Castor
>
> Castor Armesto
> Managing Director, Associate General Counsel
>
> 700 Market Street
> St. Louis, Missouri 63101
> 314.342.3326  Office
> 314.600.0647  Mobile
> <image001.png>



EXHIBIT
**1-A**

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

## BILL OF SALE AND ACCEPTANCE

In exchange for payment of funds as specified in Schedule A hereto and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, **North Dakota Pipeline Company LLC dba NDPL LLC,** a Delaware limited liability company, with an office at 1100 Louisiana Street, Suite 3300, Houston, TX  77002 ("Company"), hereby grants, bargains, sells and conveys to **Spire STL Pipeline LLC,** with an office at 700 Market Street, St. Louis, MO  63101 ("Purchaser"), ("Company" and "Purchaser" may be collectively referred to as the "Parties"), the material identified in Schedule A ("New Surplus Pipe"), which is currently located at the Company's storage yards identified in Schedule A (the "Locations") and will remain at the Locations pending Purchaser's Actual Possession (as defined below) of the New Surplus Pipe.

Purchaser accepts and agrees to receive, and Company hereby irrevocably transfers, sells, assigns and conveys to Purchaser, all of Company's right, title, and interest in and to the New Surplus Pipe. Purchaser further acknowledges that, except for the warranties set forth below, the Company has made no warranties, expressly or implied, with respect to the New Surplus Pipe and expressly disclaims any such warranties, including those of merchantability and fitness for intended purpose, and all warranties implied at law, and Purchaser accepts (subject to the rejection rights on Schedule A) the New Surplus Pipe on an "AS IS," "WHERE IS" and "WITH ALL FAULTS" basis.

Upon taking actual physical possession of the New Surplus Pipe ("Actual Possession"), Purchaser will be solely responsible for all claims, suit, actions, and liabilities of any nature, related to the ownership, transporting, handling, use, storage, cleaning, disposal, resale, or subsequent disposition of any kind of the New Surplus Pipe.  Purchaser agrees to timely remit to the appropriate authority(ies) all applicable sales tax (including any penalties or interest) due and owing on account of this sale and to defend, indemnify, and hold harmless Company from any liability for any taxes, penalty or interest levied on account of this sale.

Purchaser agrees to defend, indemnify, and hold harmless Company from any claim, loss or liability for damages to the property of Company or any third parties or any injury to or death of any person arising from the removal, handling, transportation, disposal, resale, reuse, and subsequent disposition of the New Surplus Pipe from the Locations or in any manner related to Purchaser's ownership or use of the New Surplus Pipe regardless of cause. Without limiting the scope of the foregoing sentence, Purchaser, its agents, or contractors will comply with any and all laws, statutes, applicable rules, and local ordinances associated with Purchaser's ownership, removal, handling, or transportation of the New Surplus Pipe including without limitation required permits, licenses and compliance with any applicable road use limits (e.g., load size, axle weight, or gross vehicle weight restrictions) relating thereto and the and Purchaser agrees to defend, indemnify, and hold harmless Company from any claim, loss, or liability arising from or in any manner related to any failure to so comply.

Company owns and has good title to the New Surplus Pipe free and clear of all encumbrances at the time of execution of this Bill of Sale and Acceptance.  Company has the right to sell the New Surplus Pipe to Purchaser and will warrant and defend that right against the lawful claims and demands of all persons.

Company agrees that, at any time and from time to time on Purchaser's written request, Company will execute, acknowledge, and deliver all such further acts, deeds, assignments, transfers, and assurances as may be reasonably required by Purchaser, at Purchaser's cost and expense, in order to assign, transfer, convey, and confirm unto and vest in Purchaser, title to the New Surplus Pipe.

EXHIBIT
**1-B**

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

This Bill of Sale and Acceptance may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Bill of Sale and Acceptance delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Bill of Sale and Acceptance.

This Bill of Sale and Acceptance, effective as of April 28, 2017, will be construed in accordance with the laws of the State of Texas.

**North Dakota Pipeline Company LLC**

Sign: _____

Print: _____PERRY SCHULDHAUS_____
                        VICE PRESIDENT

Title: _____

Date: __4 | 28 | 2017__

**Spire STL Pipeline LLC**

Sign: _____

Print: _Michael C. Geiselhart_

Title: _President_

Date: _4/27/17_

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

**Schedule A – Commercial Terms to Bill of Sale and Acceptance**

1. Quantity, Price and Specifications by Item of New Surplus Pipe

   a. 231,000 feet, 24" od, .375wt (94.62# / ft.), X70 API 5L-PSL 2, 14-16mils FBE, QRL's (10,928 tons, rounded down to nearest whole ton)

2. Additional Commercial Terms

   a. F.O.B. after Purchaser's load out from pipe racks at Company's yards located at Trail, MN and Crookston, MN (Locations) and acceptance.
   b. Purchaser to retain its own contractor(s) to perform inspection, loading and haul out (Purchaser arranged pickup).
   c. New Surplus Pipe sold "as is, where is, with all faults" with opportunity for final inspection and rejection by Purchaser prior to loading to identify any off-spec pieces / rejects, with any such pieces set off by Purchaser at Location in manner to be determined by Company.
   d. Purchaser will remove the pipe from the pipe racks and place it on the ground for inspection. Purchaser will have the right to reject individual pieces of pipe for failing to meet any of the following criteria:
      (1) No damaged bevels – no visible damage, gouges or scratches, as determined by visible inspection;
      (2) No visible dents, dings or anomalies, as determined by reasonable visible inspection;
      (3) No ovality in excess of 0.240 inches, as measured by ovality gauge;
      (4) No more than 10 coating holidays, as determined by visible inspection or holiday detector;
      (5) No failures to meet minimum coating thickness per the item-specific specification above, as determined by an average of at least three readings with a coating thickness gauge;
      (6) Presence of any readable heat number (for traceability to mill test report or certificate), as determined by visual inspection; and
      (7) No excessive magnetism, meaning that the average of four readings will not exceed 30 gauss (3.0 mT) and no one reading will exceed 35 gauss (3.5 mT).
   e. Purchaser will purchase any pipe damaged by Purchaser during the inspection process.
   f. Total purchase price: $600 per ton for estimated 10,928 tons, or estimated $6,556,800.
   g. 90% of estimated total purchase price ($5,901,120) paid via immediate down-payment (wire) due on execution of this Bill of Sale and Acceptance.
   h. Title transfer at time of execution of this Bill of Sale and Acceptance, with risk of loss remaining on Company pending Purchaser arranged pickup. Purchaser responsible for any material damaged in pickup and further handling and Purchaser bears all risk of loss following pickup.
   i. 10% of total purchase price remaining (estimated $655,680) due 90 days after execution of this Bill of Sale and Acceptance, to allow time to tally outbound loads and true up.
   j. Purchaser responsible for completing Purchaser arranged pickup of New Surplus Pipe within 90 days execution of this Bill of Sale and Acceptance.
   k. Company will furnish to Purchaser the mill test reports and mill test records in Company's possession for the New Surplus Pipe.
   l. Company will offer at least 231,000 feet of New Surplus Pipe from its existing stock at the Locations. Company shall not be required to satisfy any shortfall in the specified quantity resulting from pipe rejections by Purchaser. Company will refund Purchaser the applicable portion of the down-payment to the extent the rejected pipe exceeds 10% of estimated total purchase price.

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

m. Company will acknowledge the sale of the New Surplus Pipe to Purchaser or otherwise support Purchaser's reasonable requests to the manufacturer of the New Surplus Pipe to release to Purchaser the fabrication documentation, including test records and mill test records, provided that Company shall not be required to release or request the manufacturer to release specifications provided to the manufacturer by Company.

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

## Chris McGlincey

| | |
|---|---|
| **From:** | Chris McGlincey |
| **Sent:** | Monday, September 11, 2017 3:34 PM |
| **To:** | 'Armesto, Castor J.' |
| **Subject:** | FW: Reconciliation of Pipe and 10% Payment |
| **Attachments:** | Copy of Daily Report_Sandpiper Pipe Spire Sale.xlsx |

Dear Castor,

Jerry Walker has informed me that he has not received any response to the last two emails he has sent to Russ English – one sent in mid-August, the other sent last week (please see below).  Can you advise if there is someone else to whom the final reconciliation communications should be directed, so we can receive final payment?  Thank you in advance for any insight you can provide.

If you have any questions or concerns, please do not hesitate to contact me.

Best regards,
Chris

Christopher M. McGlincey
Senior Legal Counsel, U.S. Law

*ENBRIDGE*
TEL: 952-607-3437  | FAX: 713-457-6099 | CELL: 218-343-2514
7701 France Ave. S., Suite 600, Edina, MN 55435

enbridge.com
Integrity. Safety. Respect.

* * * * * * IMPORTANT NOTICE* * * * * *
Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this e-mail message is ATTORNEY PRIVILEGED and CONFIDENTIAL information intended for the use of the individual or entity named herein.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return email and delete this message and any copies from your computer system.  Thank you.

**From:** Jerry Walker
**Sent:** Tuesday, September 05, 2017 8:33 AM
**To:** English, Russ A. (Russ.English@spireenergy.com)
**Cc:** Chris McGlincey; <mstavinoha@sagpipe.com> (mstavinoha@sagpipe.com)
**Subject:** RE: Reconciliation of Pipe and 10% Payment

"Following up on my email request of 8/15/17"  Please advise when we will receive payment.

Attached for you comparison is the final report.

I offer the following summary for your review and reconciliation.

EXHIBIT
**1-C**

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

| | |
|---|---|
| Total Footage Shipped | 231,508ft |
| Total Tonnage Shipped | 10,952tons |
| Total Sale at $600/ton | $6,571,200 |
| 90%  Paid | $5,901,120 |
| 10%  Balance Due | $  670,080 |

Please advise if you need anything else to facilitate payment.

Best Regards

**From:** English, Russ A. [mailto:Russ.English@spireenergy.com]
**Sent:** Monday, July 31, 2017 6:04 PM
**To:** Jerry Walker
**Subject:** RE: Reconciliation of Pipe and 10% Payment

We will initiate the process for final payment.

Thank you,

Russell English
Director, Strategy & Corporate Development

700 Market Street
St. Louis, Missouri 63101
314.342-3303  Office
314.956-5221  Mobile

Russell.English@SpireEnergy.com



**From:** Jerry Walker [mailto:Jerry.Walker@enbridge.com]
**Sent:** Monday, July 31, 2017 1:03 PM
**To:** English, Russ A. <Russ.English@spireenergy.com>
**Subject:** Reconciliation of Pipe and 10% Payment

Is Spire ready to conclude our transaction and send the 10% balance?

Jerry Walker
Technical Director SCM Materials

*ENBRIDGE ENERGY PARTNERS*
TEL: 713-627-6597
5400 Westheimer, Houston, TX  77056

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

enbridge.com
**Integrity. Safety. Respect.**

---

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* IMPORTANT NOTICE\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this email message is CONFIDENTIAL information intended for the use of the individual or entity named herein. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender using the above contact information or by return email and delete this message and any copies from your computer system. Thank you.

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

## Chris McGlincey

| | |
|---|---|
| **From:** | Armesto, Castor J. <Castor.Armesto@spireenergy.com> |
| **Sent:** | Tuesday, September 12, 2017 5:29 PM |
| **To:** | Chris McGlincey |
| **Cc:** | Gabriel Gore |
| **Subject:** | [External] RE: Reconciliation of Pipe and 10% Payment |
| **Attachments:** | Letter to Enbridge 9.12.2017.pdf |

Chris,

Please see my attached letter.  I'm out of the office tomorrow, but back Thursday and Friday.

Best,
Castor


Castor Armesto
Managing Director, Associate General Counsel

700 Market Street
St. Louis, Missouri 63101
314.342.3326  Office
314.600.0647  Mobile



**From:** Chris McGlincey [mailto:chris.mcglincey@enbridge.com]
**Sent:** Monday, September 11, 2017 3:34 PM
**To:** Armesto, Castor J. <Castor.Armesto@spireenergy.com>
**Subject:** FW: Reconciliation of Pipe and 10% Payment

Dear Castor,

Jerry Walker has informed me that he has not received any response to the last two emails he has sent to Russ English – one sent in mid-August, the other sent last week (please see below).  Can you advise if there is someone else to whom the final reconciliation communications should be directed, so we can receive final payment?  Thank you in advance for any insight you can provide.

If you have any questions or concerns, please do not hesitate to contact me.

Best regards,
Chris

Christopher M. McGlincey
Senior Legal Counsel, U.S. Law
—

*ENBRIDGE*
TEL: 952-607-3437  | FAX: 713-457-6099 | CELL: 218-343-2514
7701 France Ave. S., Suite 600, Edina, MN 55435



Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

enbridge.com
Integrity. Safety. Respect.

* * * * * * IMPORTANT NOTICE* * * * * *

Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this e-mail message is ATTORNEY PRIVILEGED and CONFIDENTIAL information intended for the use of the individual or entity named herein.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return email and delete this message and any copies from your computer system.  Thank you.

**From:** Jerry Walker
**Sent:** Tuesday, September 05, 2017 8:33 AM
**To:** English, Russ A. (Russ.English@spireenergy.com)
**Cc:** Chris McGlincey; <mstavinoha@sagpipe.com> (mstavinoha@sagpipe.com)
**Subject:** RE: Reconciliation of Pipe and 10% Payment

"Following up on my email request of 8/15/17"  Please advise when we will receive payment.

Attached for you comparison is the final report.

I offer the following summary for your review and reconciliation.

| | |
|---|---|
| Total Footage Shipped | 231,508ft |
| Total Tonnage Shipped | 10,952tons |
| Total Sale at $600/ton | $6,571,200 |
| 90%  Paid | $5,901,120 |
| 10%  Balance Due | $  670,080 |

Please advise if you need anything else to facilitate payment.

Best Regards

**From:** English, Russ A. [mailto:Russ.English@spireenergy.com]
**Sent:** Monday, July 31, 2017 6:04 PM
**To:** Jerry Walker
**Subject:** RE: Reconciliation of Pipe and 10% Payment

We will initiate the process for final payment.

Thank you,

Russell English
Director, Strategy & Corporate Development

700 Market Street

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

St. Louis, Missouri 63101
314.342-3303  Office
314.956-5221  Mobile

Russell.English@SpireEnergy.com



**From:** Jerry Walker [mailto:Jerry.Walker@enbridge.com]
**Sent:** Monday, July 31, 2017 1:03 PM
**To:** English, Russ A. <Russ.English@spireenergy.com>
**Subject:** Reconciliation of Pipe and 10% Payment

Is Spire ready to conclude our transaction and send the 10% balance?

Jerry Walker
Technical Director SCM Materials

*ENBRIDGE ENERGY PARTNERS*
TEL: 713-627-6597
5400 Westheimer, Houston, TX  77056

enbridge.com
Integrity. Safety. Respect.

* * * * * * * * * * * * * * * * * * * * * * IMPORTANT NOTICE* * * * * * * * * * * * * * * * * * * * * *
Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this email message
is CONFIDENTIAL information intended for the use of the individual or entity named herein. If the reader of this message
is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby
notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this
communication in error, please immediately notify the sender using the above contact information or by return email and
delete this message and any copies from your computer system. Thank you.

* * * * * * * * * * * * * * * * * * * * * * IMPORTANT NOTICE* * * * * * * * * * * * * * * * * * * * * * *
Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this email message
is CONFIDENTIAL information intended for the use of the individual or entity named herein. If the reader of this message
is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby
notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this
communication in error, please immediately notify the sender using the above contact information or by return email and
delete this message and any copies from your computer system. Thank you.

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM



Spire STL Pipeline LLC
700 Market Street
St. Louis, MO 63101

September 12, 2017

**Via Electronic Mail**

Christopher McGlincey
Senior Legal Counsel, U.S. Law
Enbridge Energy Partners
7701 France Ave. S., Suite 600
Edina, MN 55435
chris.mcglincey@enbridge.com

Re:     **Dispute in Sale of Steel Pipe**

Dear Chris,

I am writing you regarding the continuing, unresolved dispute between Spire STL Pipeline LLC ("Spire") and Enbridge Energy Partners ("Enbridge").  We desire to finally and amicably resolve this dispute.

As you know, by letter dated March 21, 2017, Spire issued a demand to Enbridge relating to the agreement between Spire and Enbridge for Enbridge to sell certain specified quantities at a specific price of steel pipe, namely: 275,000 feet of 24" diameter, 0.375 weight pipe and 43,000 feet of 24" diameter, 0.500 weight pipe for an estimated total price of $9,845,840 (the "Purchase Agreement").

On April 11, 2017 and over the next couple days, Enbridge approached Spire offering to sell Spire a smaller quantity of steel pipe at a different price.  Enbridge declined to honor the Purchase Agreement, and told Spire that only a lesser quantity of pipe at a higher price (total price, including loadout) was available.  Ultimately, Spire and Enbridge agreed to a sale for at least 231,000 feet of 24" diameter, 0.375 weight pipe for an estimated $6,556,800, as memorialized and more particularly described in that certain Bill of Sale and Acceptance last dated April 28, 2017 (the "Bill of Sale") between Spire and North Dakota Pipeline LLC dba NDPL LLC (presumptively, an Enbridge affiliate).

Spire paid 90% ($5,901,120) of the estimated purchase price upfront for the pipe subject to the Bill of Sale and has since taken delivery of all that pipe (231,508 feet of 24" diameter, 0.375 weight). During the course of pickup and delivery, Enbridge reserved for itself (for its own or other purposes) a portion of the pipe available at the Crookston, MN storage yard, the storage yard closer to rail lines. Under the Bill of Sale, Enbridge had no right to reserve any quantities for itself in this fashion and caused

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Spire to incur approximately $37,000 in additional trucking costs to obtain this equivalent portion from the Trail, MN storage yard, which was farther away.  Spire has not paid the remaining purchase price due under the Bill of Sale ($670,080).

By failing to honor the Purchase Agreement, Enbridge caused Spire to incur substantial damages, damages that Spire mitigated when Spire accepted Enbridge's offer of less pipe at a higher total price.  Nevertheless, Spire's damages remain significant.  Spire was required to cover the quantities of pipe that Enbridge refused to sell Spire and pay more to Enbridge than agreed to in the Purchase Agreement.  As set forth more particularly in **Exhibit A**, Spire's total damages now stand at approximately $1,959,672, not including incremental rail freight, incremental sales or use tax, attorney's fees, and other costs incurred by Spire as a result of Enbridge's breach.

Accordingly, Spire demands that Enbridge honor the terms of the Purchase Agreement, and compensate Spire for its remaining cover damages and added transport costs.  Spire is holding final payment due under the Bill of Sale as partial satisfaction for its damages, and hereby demands that Enbridge pay Spire the remaining balance of **$1,289,592** in satisfaction of the damages caused by Enbridge's breach of the Purchase Agreement and actions during load-out.

While we are not limiting our right to obtain relief through the courts, Spire would like to resolve this dispute without the time and expense of litigation.  I look forward to working with you to resolve this matter amicably.  Please feel free to contact me at your convenience.

Sincerely,

Castor J. Armesto

Castor J. Armesto
General Counsel
Spire STL Pipeline LLC
Office: 314-342-3326
Email: castor.armesto@spireenergy.com

cc:     Gabriel Gore, Dowd Bennett LLP

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

EXHIBIT A

SPIRE DAMAGES

| Purchase Agreement | | |
|---|---|---|
| Item | Quantity | Total |
| 0.375 Weight Pipe | 275,000 | 8,098,750 |
| 0.500 Weight Pipe | 43,000 | 1,747,090 |
| Total Purchase Agreement | | 9,845,840 |
| * Total, including loadout | | |

| Cover Purchases | | |
|---|---|---|
| Item | Quantity | Total |
| *Bill of Sale and Acceptance with Enbridge* | | |
| 0.375 Weight Pipe | 231,508 | 6,571,200 |
| Loadout Railcars - Trail-Crookston | | 581,692 |
| Loadout Railcars - Crookston | | 124,157 |
| | Subtotal | 7,277,048 |
| *Cover Purchases from other Suppliers* | | |
| 0.375 Weight Pipe | 43,492 | 1,988,454 |
| 0.500 Weight Pipe | 43,000 | 2,540,010 |
| | Subtotal | 4,528,464 |
| Total Cover Purchases | | 11,805,512 |
| Cover Damages | | 1,959,672 |

| Estimated Damages** | |
|---|---|
| Cover Damages | 1,959,672 |
| Withheld Payment | (670,080) |
| Damages owed to Spire by Enbridge | 1,289,592 |

** These estimated damages do not include the following
additional amounts incurred by Spire: incremental rail
freight costs, incremental sales/use taxes due to higher
cover pricing, attorney's fees and other costs

10/19/2017 3:04 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20184044
By: TERESA KIRBY
Filed: 10/19/2017 3:04 PM

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

NO. 201768374

| | | |
|---|---|---|
| NORTH DAKOTA PIPELINE COMPANY LLC D/B/A NDPL LLC, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § § | HARRIS COUNTY, TEXAS |
| SPIRE STL PIPELINE LLC, | § § | |
| Defendant. | § § | 61ST JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff North Dakota Pipeline Company LLC d/b/a NDPL LLC ("Plaintiff" OR "NDPL"), files this First Amended Original Petition complaining of Defendant Spire STL Pipeline LLC ("Spire" or "Defendant") (together, "the Parties"), and for cause would now show as follows:

## DISCOVERY CONTROL PLAN

1.     Plaintiff intends that discovery be conducted under Discovery Level 2 of Texas Rule of Civil Procedure 190.3.  Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.  Plaintiff also seeks non-monetary relief.

## NATURE OF THIS ACTION

2.     This action for declaratory relief arises, in the first instance, out of negotiations between the Parties in January and February 2017 regarding the potential purchase by Spire of pipe for construction of a petroleum pipeline owned by NDPL ("NDPL pipe" or "pipe").  Defendant claims that it had a right to reserve – and did in fact reserve – NDPL pipe,

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**                                    PAGE 1



EXHIBIT

**1-E**

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

notwithstanding the fact Spire indisputably failed to pay a 20% deposit that Spire acknowledged NDPL required in order to reserve the pipe and keep it unavailable to other potential purchasers.

3.      This action further arises out of Defendant's efforts to disregard a compromise agreement NDPL reached with Spire in order to avoid the expense of litigating Defendant's foregoing claimed right of reservation.  This compromise agreement was the product of a month-long settlement negotiation and set forth the full amount of pipe that Spire would receive and the full terms of the Parties' agreement as to the supply of pipe to Spire.

4.      NDPL therefore seeks a declaration that (a) the Parties did not form a contract in or about February 2017 for the sale of the NDPL pipe by NDPL to Spire; and (b) even if such a contract were formed, the Parties' April 28, 2017 compromise agreement for the sale of steel pipe to Spire ("Bill of Sale") fully settled any cause of action Spire may have had under the purported February 2017 agreement.

## PARTIES AND SERVICE

5.      Plaintiff NDPL is a Delaware limited liability company that operates an office at 1100 Louisiana Street, Suite 3300, Houston, Texas 77002.

6.      Defendant Spire is a Missouri limited liability company, with its principal place of business located at 700 Market Street, St. Louis, Missouri 63101.

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

## JURISDICTION AND VENUE

7.     The subject matter in controversy is within the jurisdictional limits of this Court

pursuant to the Texas Declaratory Judgments Act, 37.001, et seq., Tex. Civ. Prac. & Rem. Code,

and Section 24.007, Tex. Govt. Code, as the amount in controversy exceeds $500.

8.     This Court has jurisdiction over the Parties because Defendant does business in

the state of Texas, including negotiations and the purchase of goods relating to the subject matter

of this action.

9.     This Court has the power to grant declaratory relief pursuant to Tex. Civ. Prac. &

Rem. Code Section 37.003.

10.    Venue is proper pursuant to Tex. Civ. Prac. & Rem. Code Section 15.002(a)(1),

because a substantial part of the events giving rise to this action occurred in Harris County.

## FACTS

11.    Plaintiff NDPL is a joint venture of Enbridge Energy Partners, L.P. ("Enbridge")

and Williston Basin Pipe Line LLC to develop pipeline opportunities in North Dakota.  In the

fourth quarter of 2016, NDPL possessed a surplus of oil line pipe that it no longer needed and

wished to sell.

12.    In November 2016, Enbridge signed a Work Release Contract with S.A.G. Pipe,

LLC ("SAG") to assist Plaintiff in marketing the NDPL pipe.  SAG is a Cypress, Texas-based

contractor that assists companies in the sales of line pipe, surplus pipe, used pipe, and asset

recovery.

13.    Spire is an oil pipeline project wholly owned by subsidiaries of parent company

Spire Inc., and established to interconnect petroleum pipelines between Illinois and Missouri.

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**                              PAGE 3

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

On or about January 17, 2017, Spire emailed SAG in Cypress, Texas, requesting pricing and quantity information for the NDPL pipe.

14.     Texas-based SAG contractor Mark Stavinoha responded to Spire's inquiry on or about January 20, 2017.  Stavinoha emailed a description of NDPL's available pipe materials and pricing for the pipe specified by Spire.

15.     From late January to early February 2017, Stavinoha served as an intermediary between representatives from NDPL and Spire, helping to communicate the needs and general terms on which the Parties might eventually agree for the sale and purchase of specified pipe, including price, payment, pipe inspection and rejection, warranty, and load-out terms.

16.     On February 6, 2017, Stavinoha sent a joint email addressed to Houston-based NDPL representative Jerry Walker, and St. Louis-based Spire employee Steven Samson, outlining the general terms indirectly discussed by the Parties through SAG up until that date.

17.     On February 8, 2017, representatives from NDPL and Spire, including Samson and Walker, continued negotiations over a possible sale of the NDPL pipe.  During this meeting, NDPL clearly stated that it would require a deposit of twenty percent (20%) of the overall sales price to reserve the pipe for Spire, and Spire indicated that it intended to make the deposit.

18.     On February 9, 2017, Samson emailed Walker to express his appreciation for their discussion the day before, and to confirm that Spire was "working up a draft sales agreement for [NDPL's] review."  In this email, Samson acknowledged NDPL's deposit requirement, writing, "[o]nce I have the sales agreement, *we can work out the details of the deposit invoice* and paperwork we will require to make sure you can get paid."  (emphasis added)  Samson also requested that NDPL provide initial specifications and inspection reports from NDPL's original purchase of the pipe.

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**                    PAGE 4

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

19.     Walker responded to Spire's request for additional information from the original purchase of the NDPL pipe on February 13, 2017, emailing a large volume of data on a sample of the pipe and coating.

20.     On February 13, 2017, Samson emailed Walker and acknowledged receipt of the original purchase information, writing, "Thanks for the info. This should be a good start for us." Samson also informed Walker that Spire's draft sales agreement was not yet available for NDPL's review. Samson further informed NDPL that Spire required an invoice, as well as a completed supplier request form, in order to make any future payment.

21.     On February 16, 2017, Walker emailed Samson. Walker reiterated NDPL's requirement of a "20% down to keep the 24" .500wt off the market." Walker also observed that Spire's actions to have the pipe inspected the following week was "leading [him] to believe a decision to proceed with purchase is not finalized internally at Spire."

22.     Samson responded to Walker the following day, stating that Spire was "committed to purchasing the pipe, as well as the 20% downpayment." But Samson conceded that Spire was still in the process of "verifying that [NDPL's] specifications will match [Spire's]." Samson also informed Walker that Spire would refuse the 20% deposit requirement to reserve until a purchase agreement had been signed by both sides: "Our legal department is not going to allow us to release a down payment without a purchase agreement in place."

23.     It was not until a week later, on February 24, 2017, that Spire sent NDPL's Houston office a written offer to purchase the NDPL pipe. That offer was made when Samson emailed a copy of Spire's draft purchase agreement to Walker ("Draft Purchase Agreement"), seeking "any comments or suggested revisions." The draft does not specify an effective date, instead leaving a blank space between the month and year, and confirming that the Parties had

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**                              PAGE 5

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

yet to enter into an agreement: "This PURCHASE AGREEMENT (this "*Agreement*") is made as of February ___ , 2017 (the "*Effective Date*") . . . ." Nor does Samson's cover email suggest that the Draft Purchase Agreement was written to memorialize any prior oral agreement.

24.     Meanwhile, NDPL representatives continued to market the unreserved, unsold NDPL pipe. NDPL subsequently reached an agreement to sell the pipe to a third party willing to meet NDPL's requirements immediately.

25.     On February 28, 2017, Walker responded to Samson's email, informing him that, prior to its receipt of the Draft Purchase Agreement, NDPL received a firm offer from another prospective buyer for a large quantity of the same pipe material sought by Spire. Since Spire had failed to reserve, Walker informed Samson that NDPL would first need to work through the logistics of the other order before determining remaining availability of pipe to satisfy Spire's February 24, 2017 written offer.

26.     Samson replied that same afternoon, asking Walker to clarify how the third-party order impacted the materials specified in Spire's written offer in the Draft Purchase Agreement. Samson's reply did not suggest that Spire had reserved the pipe or that NDPL had acted in any way inconsistent with the parties' agreement.

27.     Walker replied within minutes, confirming that the third-party order impacted all quantities and wall thicknesses of the NDPL pipe sought by Spire.

28.     On March 9, 2017, Walker followed up with Samson to confirm that all of the 24-inch pipe that Spire sought to purchase would be used to satisfy the third-party offer that NDPL had already accepted.

29.     Nearly two weeks later, on March 21, 2017, Spire President Michael C. Geiselhart sent a demand letter to NDPL parent company, Enbridge ("Demand Letter"), suggesting, for the

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**                    PAGE 6

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

first time, that Plaintiff had breached an agreement to sell the NDPL pipe to Spire.  In its

Demand Letter, Spire claimed that the Draft Purchase Agreement – despite the clear statements

in the emails conveying that agreement to the contrary – was not merely a written offer, but in

fact "reflected the agreement that Spire reached with Enbridge . . . during the course of

negotiations that were concluded on or about February 8, 2017."  Spire further claimed that it

would suffer approximately $6.8 million dollars in damages as a result of the additional cost that

it would incur in purchasing substitute pipe.  Spire concluded its letter by threatening litigation

against Enbridge unless the pipe owner either paid these purported damages or supplied

substitutes to satisfy the quantities specified in Spire's Draft Purchase Order.

30.    Although NDPL felt secure in its legal position, to avoid the expense of Spire's

threatened litigation, NDPL engaged in a series of settlement negotiations with Spire to reach an

accommodation of its claim.  These negotiations took place from late March to late April, 2017.

31.    The negotiations during late March and early April were to resolve Spire's claim.

Indeed, at Spire's request, both Parties agreed that these communications would be "considered

settlement discussions pursuant to the applicable state or federal evidence rules."

32.    At the conclusion of these settlement negotiations, NDPL signed a Bill of Sale

agreement on April 27, 2017 – which Spire countersigned on April 28 – that contained a

compromise between the Parties both as to quantity and price of pipe to be sold by NDPL to

Spire.  The Bill of Sale sets forth the full amount of pipe that Spire is to receive and the full

terms of the Parties' agreement as to the sale of pipe to Spire.  The agreement specifies that its

terms "will be construed in accordance with the laws of the State of Texas."

33.    Under the terms of the Bill of Sale, Spire agreed to pay NDPL a total estimated

purchase price of $6,556,800.  Ninety percent of the total purchase price, or $5,901,120, was to

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**                          PAGE 7

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

be paid immediately upon execution as a down payment.  The remaining 10% of the purchase price, or approximately $655,680, was due 90 days after execution of the Bill of Sale to allow Spire time to tally outbound loads and true up.

34.     Although Spire paid the 90% down payment upon execution of the Bill of Sale, Defendant failed to timely conclude the transaction by making the final 10% payment 90 days after the execution of the Bill of Sale.  As a result, on July 31, 2017, Walker emailed English to inquire whether "Spire [was] ready to conclude our transaction and send the 10% balance?"

35.     English responded later that day, confirming, "[w]e will initiate the process for final payment."  However, Spire did not promptly initiate final payment.

36.     After two weeks had passed and NDPL still had not received final payment, Walker wrote again to English on August 15, 2017, inquiring about the status of the final payment.  Neither English nor any other Spire representative responded.

37.     On September 5, 2017, after more than a month had passed without any further communication from Spire regarding the delinquent final 10% payment, Walker again wrote to English seeking the status of Spire's final payment to NDPL under the terms of the April 28, 2017 Bill of Sale.  Again, Spire did not respond.

38.     On September 11, 2017, NDPL's legal counsel followed up directly with Spire's legal counsel regarding the status of Spire's final payment under the Bill of Sale.

39.     Spire's general counsel responded by letter dated September 12, 2017.  In Spire's letter, Defendant cynically characterizes the Parties' compromise memorialized in the Bill of Sale as a "mitigation of Spire's damages" necessitated by NDPL's non-reservation of pipe in February 2017.  Thus, four and one half months after the Parties agreed to settle Defendant's unfounded claims, and more than one and one half month after Spire's final performance under

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

the Bill of Sale was due, Defendant seeks to re-assert the claim that it had an enforceable contract to reserve NDPL's pipe despite having failed to pay for it.

40.     Defendant has stated its intent to bring legal action against NDPL based on Defendant's claim that the Bill of Sale was a mere mitigation of damages caused by NDPL's breach of its ostensible February 20176 contract to reserve and sell pipe to Defendant prior to entry into the Bill of Sale.

41.     On October X, 2017, two and one half months after Spire's outstanding payment was due, Defendant transferred its final payment under the Bill of Sale to NDPL.

## COUNT ONE – DECLARATORY JUDGMENT

42.     Plaintiff hereby incorporates the allegations of paragraphs 1 through 41 as if fully set forth herein.

43.     This Court has the power to grant declaratory relief pursuant to Tex. Civ. Prac. & Rem. Code Section 37.003.

44.     An actual controversy exists between the Parties regarding Spire's claim that NDPL had an obligation to reserve NDPL pipe for Spire as a result of communications between the Parties in January and February 2017, notwithstanding Spire's failure to pay NDPL's required 20% deposit to reserve.

45.     NDPL has a real and tangible interest in the Court's determination of the non-existence of a contractual agreement between the Parties stemming from their communications regarding the potential sale of NDPL pipe in January and February 2017.

46.     The January and February 2017 communications between the Parties demonstrate that NDPL required Spire to make a down payment to reserve the NDPL pipe and that Spire never made such a down payment.

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

47.     NDPL's February 16, 2017 email unambiguously reflects that the Parties discussed NDPL's requirement that it receive 20% of the total contemplated purchase price to reserve the pipe.

48.     Spire's February 17, 2017 response acknowledges the 20% down payment requirement, and explains why Spire declined to make the required down payment.

49.     There is no evidence that NDPL ever agreed to waive the down payment condition for reserving the NDPL pipe and to take pipe off the market without a 20% down payment.

50.     Since Spire failed to pay NDPL the required consideration to reserve the NDPL pipe, NDPL was free to sell the pipe to another buyer.

## COUNT TWO – DECLARATORY JUDGMENT

51.     Plaintiff hereby incorporates the allegations of paragraphs 1 through 50 as if fully set forth herein.

52.     An actual controversy exists between the Parties regarding Spire's claim that the Parties' compromise, as memorialized in the April 28, 2017 Bill of Sale, constituted a mere "mitigation of Spire's damages" resulting from NDPL's non-reservation of NDPL pipe.

53.     NDPL has a real and tangible interest in the Court's determination that the Bill of Sale constituted full accord and satisfaction of Spire's unfounded claims.

54.     Even if Spire had a claim arising from the Parties' January to February 2017 communications – which it certainly does not – any such claim was extinguished by the Bill of Sale.

55.     The Bill of Sale sets forth the full amount of pipe that Spire is to receive and the full terms of the Parties' agreement as to NDPL's sale of pipe to Spire.

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**                    PAGE 10

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

## ATTORNEY'S FEES

56.     Plaintiff incorporates the allegations of paragraphs 1 through 55 as if fully set forth herein.

57.     The Texas Declaratory Judgments Act provides that in any proceeding under the Act "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code § 37.009.  Plaintiff accordingly pleads to recover from Defendant Spire reasonable and necessary attorney's fees incurred in prosecuting this declaratory judgment action.

## PRAYER FOR RELIEF

58.     WHEREFORE, NDPL prays that the Court issue a citation for Defendant to appear and answer, and that a judgment against Spire be ordered as follows:

a.     Declare that NDPL did not form a legally binding contract for the sale of steel pipe to Spire in or about February 2017;

b.     Declare that even if NDPL and Spire entered into a contract in or about February 2017, the Parties' April 28, 2017 agreement memorialized in the Bill of Sale constituted full accord and satisfaction of Spire's claim;

c.     Reasonable attorneys' fees through trial and in all appellate proceedings;

d.     All court costs; and

e.     Such other relief as this Court may deem just and proper, both at law and in equity.

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**                    PAGE 11

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Dated:  October 19, 2017

Respectfully submitted,

**HENRY ODDO AUSTIN & FLETCHER,
a Professional Corporation**

*/s/Vic H. Henry*
Vic H. Henry
Texas Bar No. 09484250
1700 Pacific Avenue, Suite 2700
Dallas, Texas  75201
Telephone:      (214) 658-1900
Facsimile:       (214) 658-1919
Email:            vhhenry@hoaf.com

Filiberto Agusti
DC Bar No. 270058
**STEPTOE & JOHNSON LLP**
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone:      (202) 429-3000
Facsimile:       (202) 429-3902
Email:            FAgusti@steptoe.com

**ATTORNEYS FOR PLAINTIFF NORTH
DAKOTA PIPELINE COMPANY LLC**

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NORTH DAKOTA PIPELINE COMPANY ) | | |
| LLC D/B/A NDPL LLC, ) | | |
| ) | | |
| Plaintiff, ) | Case No. _____ | |
| v. ) | | |
| ) | **(JURY DEMANDED)** | |
| SPIRE STL PIPELINE LLC, ) | | |
| ) | | |
| Defendant. ) | | |

<u>**DEFENDANT SPIRE STL PIPELINE LLC'S NOTICE OF REMOVAL**</u>

Defendant Spire STL Pipeline LLC ("Spire") hereby removes the State Court Action

filed by Plaintiff North Dakota Pipeline Company LLC D/B/A/ NDPL LLC ("NDPL") against

Spire in the 61st District Court of Harris County, Texas, styled <u>North Dakota Pipeline Co. LLC</u>

<u>D/B/A NDPL LLC v. Spire STL Pipeline LLC</u>, Civil Action No. 201768374 (the "State Court

Action"). Removal is warranted under 28 U.S.C. § 1441(b) because there is complete diversity

and because the amount at issues exceeds $75,000, exclusive of interests and costs. 28 U.S.C.§

1332.

I.    <u>**Background**</u>

1.    NDPL filed its original petition against Spire on October 13, 2017. NDPL then

filed its First Amended Original Petition (the "Petition") against Spire on October 19, 2017. A

copy of both petitions are included with the Appendix attached hereto.

2.    Spire was served with NDPL's Petition on October 19, 2017.

3.    In the Petition NDPL seeks a declaratory judgment (1) that Spire and NDPL did

not form a contract in or about February 2017 for the sale of pipe and (2) that even if such

contract were formed, the parties' April 28, 2017 Bill of Sale constitutes a settlement that

resolved any dispute as to the contract formed by Spire and NDPL in or about February of 2017.

**EXHIBIT
1-F**

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

See Pet. ¶ 3.

    4.     The Petition brings two counts seeking a declaration as described above.

**II.**    <u>**Removal is proper and should be granted because there is complete diversity and the amount at issue exceeds $75,000.**</u>

    5.     This Court has jurisdiction over this matter and removal should be granted under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between NDPL and Spire. Further, the amount at issue exceeds $75,000 exclusive of interests and costs.

    **A. There is complete diversity between NDPL and Spire.**

    6.     Per NDPL's Petition, "Plaintiff NDPL is a Delaware limited liability company that operates an office at 1100 Louisiana Street, Suite 3300, Houston, Texas 77002." Pet. ¶ 5.

    7.     Also per NDPL's Petition, "Defendant Spire is a Missouri limited liability company, with its principal place of business located at 700 Market Street, St. Louis, Missouri, 63101." Id. ¶ 6.

    8.     NDPL's own Petition shows that there is complete diversity of citizenship between NDPL—a Delaware company with a place of business in Texas—and Spire—a Missouri company with its principal place of business in Missouri.

    **B. The amount at issue exceeds $75,000, exclusive of interest and costs.**

    9.     NDPL's Petition also states that it "seeks monetary relief over $200,000," as well as "non-monetary relief." Id. ¶ 1.

    10.    It is also undisputed that the amount in controversy between the parties regarding the February 2017 contract exceeds at least $1 million

    11.    NDPL's Petition and the undisputed facts show that well over $75,000 is in controversy and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

    12.    NDPL's Petition shows that there is complete diversity between Spire and NDPL,

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

and that the amount at issue exceeds $75,000 exclusive of interests and costs.

**III.**   **The procedural requirements for removal are also met.**

    **A. This Notice of Removal is Timely.**

    13.     Spire was served with NDPL's Petition on October 19, 2017.  This notice of removal is thus timely filed pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it is being filed within thirty (30) days after Spire was served.

    **B. Venue is Proper in this Court.**

    14.     The Circuit Court of Harris Count, Texas, is located within the Southern District of Texas, Houston Division.  See 28 U.S.C. § 93(c).  This notice of removal is therefore properly filed in this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a) and 1453(b).

    **C. Notice of Filing.**

    15.     Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being filed with the Clerk of Harris County, Texas and served upon counsel for NDPL.

    16.     No previous application has been made for the relief requested herein.

    17.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, copies of all process, pleadings, docket sheets, and orders served upon Spire in the State Court Action—including the Petition—are attached collectively within the Appendix.

**IV.**   **Conclusion**

    For the foregoing reasons federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(b).

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Dated: November 10, 2017

Respectfully submitted,

TEKELL, BOOK, ALLEN & MORRIS, L.L.P.

By: /s/ David Burns
    David W. Burns
    SBN: 00785736
    1221 McKinney, Suite 4300
    Houston, Texas  77010
    (713) 222-9542 (phone)
    (713) 655-7727 (fax)
    dburns@tekellbook.com

    Gabriel Gore
     - Admission Pro Hac Vice pending
    Lisa Hoppenjans
     - Admission Pro Hac Vice pending
    Carlos Marin
     - Admission Pro Hac Vice pending
    DOWD BENNETT, LLP
    7733 Forsyth Blvd., Suite 1900
    St. Louis, Missouri 63105
    314/889-7300 (phone)
    ggore@dowdbennett.com
    lhoppenjans@dowdbennett.com
    cmarin@dowdbennett.com

Attorneys for Defendant Spire STL Pipeline
LLC.

4

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2017, the foregoing was filed electronically with

the Clerk of the Court to be served by operation of the Court's electronic filing system.

BY EMAIL:  vhhenry@hoaf.com
Vic H. Henry
Henry Oddo Austin & Fletcher
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201

BY EMAIL:  Fagusti@steptoe.com
Filiberto Agusti
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036

                              /s/ David Burns

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| NORTH DAKOTA PIPELINE COMPANY LLC D/B/A/ NDPL LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| vs. ) | |
| ) | **(JURY DEMANDED)** |
| SPIRE STL PIPELINE LLC ) | |
| ) | |
| Defendant. ) | |

### APPENDIX TO NOTICE OF REMOVAL

Defendant, SPIRE STL PIPELINE, LLC respectfully files the following Appendix to

Notice of Removal.

| | |
|---|---|
| Exhibit 1: | Docket Sheet from Cause No. 2017-68374; North Dakota Pipeline Company LLC d/b/a NDPL, LLC; in the 61st District Court, Harris County, Texas. |
| Exhibit 2: | Civil Case Information Sheet from Cause No. 2017-68374; North Dakota Pipeline Company LLC d/b/a NDPL, LLC; in the 61st District Court, Harris County, Texas filed October 13, 2017. |
| Exhibit 3: | Letter to Court Authorizing Pickup of Citation filed October 18, 2017. |
| Exhibit 4: | Civil Process Pick-up Form for Service upon North Dakota Pipeline Company LLC d/b/a NDPL, LLC in Cause No. 2017-68374, issued October 19, 2017. |
| Exhibit 5: | Original Petition in Cause No. 2017-68374, filed October 13, 2017. |
| Exhibit 6: | First Amended Original Petition in Cause No. 2017-68374, filed October 19, 2017. |
| Exhibit 7: | Return of Citation filed October 20, 2017. |
| Exhibit 8: | List of all counsel of record. |

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Dated: November 10, 2017

Respectfully submitted,

TEKELL, BOOK, ALLEN & MORRIS, L.L.P.

By: /s/ David Burns
    David W. Burns
    SBN: 00785736
    1221 McKinney, Suite 4300
    Houston, Texas  77010
    (713) 222-9542 (phone)
    (713) 655-7727 (fax)
    dburns@tekellbook.com

    Gabriel Gore
     - Admission Pro Hac Vice pending
    Lisa Hoppenjans
     - Admission Pro Hac Vice pending
    Carlos Marin
     - Admission Pro Hac Vice pending
    DOWD BENNETT, LLP
    7733 Forsyth Blvd., Suite 1900
    St. Louis, Missouri 63105
    314/889-7300 (phone)
    ggore@dowdbennett.com
    lhoppenjans@dowdbennett.com
    cmarin@dowdbennett.com

    *Attorneys for Defendant Spire STL Pipeline
    LLC.*

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system.

BY EMAIL:  vhhenry@hoaf.com
Vic H. Henry
Henry Oddo Austin & Fletcher
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201

BY EMAIL:  Fagusti@steptoe.com
Filiberto Agusti
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036

*/s/ David Burns*

# EXHIBIT 1

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

Case 4:17-cv-03449   Document 1-2   Filed in TXSD on 11/10/17   Page 2 of 3

**Harris County Docket Sheet**

## 2017-68374

**COURT:** 061st
**FILED DATE:** 10/13/2017
**CASE TYPE:** OTHER CIVIL



### NORTH DAKOTA PIPELINE COMPANY LLC (D/B/A NDPL LLC)

Attorney: HENRY, VIC HOUSTON

vs.

### SPIRE STL PIPELINE LLC

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy

Electronically Filed - City of St. Louis - February 07, 2018 - 04:37 PM

# EXHIBIT 2